Nick Casper (State Bar No. 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs ERIKA GREGORY and LOREN MOLLNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD CHIEF JOSEPH KREINS, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br>**(Violation of Civil Rights)**<br><br>JURY TRIAL DEMANDED |

## JURISDICTION AND VENUE

1.  This Complaint seeks damages for the violation of Plaintiffs ERIKA GREGORY'S and LOREN MOLLNER'S (collectively, "Plaintiffs'") rights protected by the Fourth Amendment to the United States Constitution. Plaintiffs bring this action under 42 United States Code § 1983. Plaintiffs also seek damages under California State law against those defendants whose conduct gave rise to claims cognizable by California law. The actions and failures to act which this Complaint alleges were committed by Vallejo Police Department personnel acting under color of law within the course and scope of their employment with CITY OF VALLEJO.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Gregory and Mollner v. City of Vallejo, et al.*

Page 1

2. The Complaint seeks remedies pursuant to Title 42, United States Code §§ 1983 and 1988. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 United States Code § 1367(a).

3. The actions giving rise to defendants' liability as alleged in this Complaint occurred in the City of Vallejo in the County of Solano, State of California. Venue is therefore proper in the Sacramento Court of this District Court pursuant to Title 28 United States Code § 1391(b), and Local Rule 120(d).

## JURY TRIAL DEMAND

4. Plaintiffs hereby demand a jury trial in this action.

## IDENTIFICATION OF PARTIES

5. At all times relevant to this Complaint, Plaintiffs ERIKA GREGORY ("GREGORY") and LOREN MOLLNER ("MOLLNER") are a married couple who reside in Vallejo, California, in the County of Solano, and were of full age.

6. Defendant CITY OF VALLEJO is a public entity, duly organized and existing under the laws of the State of California, and is a "person" under 42 United States Code § 1983. Defendant CITY OF VALLEJO includes the Vallejo Police Department ("VPD"). At all times relevant to this Complaint, VPD was supervised, controlled and staffed by defendant CITY OF VALLEJO, its officers, agents and employees. At all times relevant to this Complaint, defendants acted within the course and scope of their employment with CITY OF VALLEJO, which caused the harm of which Plaintiff complains.

7. CITY OF VALLEJO is also liable under California State law for the actions and failures to act committed by individuals acting in the course and scope of their employment with CITY OF VALLEJO.

8. At the time of the alleged constitutional and state tort violations suffered by Plaintiffs on May 16, 2012, defendant ROBERT NICHELINI ("CHIEF NICHELINI") was the Chief of Police of VPD. As Chief of Police, CHIEF NICHELINI was an official with final policy-

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 2

making authority regarding the supervision, training and discipline of police officers for CITY OF VALLEJO. CHIEF NICHELINI is being sued in his individual and official capacities.

9. In approximately July 2012, defendant JOSEPH KREINS ("CHIEF KREINS") became the Interim Chief of Police of VPD after CHIEF NICHELINI retired, and CHIEF KREINS was named the Chief of Police of VPD in December 2012. As Chief of Police, CHIEF KREINS is an official with final policy-making authority regarding the supervision, training and discipline of police officers for CITY OF VALLEJO. CHIEF KREINS is being sued in his individual and official capacities.

10. At all times relevant to this Complaint, defendant OFFICER CHASE CALHOUN ("OFFICER CALHOUN") was a police officer employed by VPD who was acting under color of law. OFFICER CALHOUN is being sued in his individual capacity.

11. Plaintiffs are ignorant of the true names and capacities of defendants DOES 1 through 50, and therefore sue these defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each DOE defendant is responsible in some manner for the injuries and damages suffered by Plaintiffs as described in this Complaint. Plaintiffs will amend their Complaint to state the true names and capacities of defendants DOES 1 through 50 when they have been ascertained. Any reference in this Complaint to "defendant," "defendants," or to an individually-named defendant, also refers to defendants DOES 1 through 50. These defendants are sued in their official and individual capacities.

12. Each defendant sued in this Complaint acted as the agent or employee of every other defendant.

**FACTS GIVING RISE TO THE COMPLAINT**

13. At all times relevant to the allegations contained in this Complaint, Plaintiffs lived at 47 Kentucky Street in Vallejo, California, with their 7-year-old son and 5-year-old daughter. Plaintiffs owned the home.

14. On or about May 10, 2012, Plaintiffs discovered that a series of checks had been forged against their joint checking account in an amount totaling approximately $5,000. Plaintiffs subsequently discovered that 5 checks had been stolen from a check book located in

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 3

1  Plaintiffs' home at 47 Kentucky Street. Plaintiffs notified their bank, Umpqua Bank, of the
2  stolen and forged checks, and duly reported the theft to VPD.

3      15.    An investigator from Plaintiffs' bank discovered that the forger had signed her
4  name on the checks and provided her driver's license while cashing the checks at a Wells
5  Fargo Bank in Vallejo. The bank investigator called VPD to report this evidence, including that
6  the forging party was likely captured on surveillance video at Wells Fargo, but VPD was
7  unresponsive in following up on the leads.

8      16.    On May 16, 2012, at approximately 11:00 a.m., GREGORY called the
9  Investigations Unit of VPD to inquire about the status of the investigation into the theft. A
10 female VPD employee informed GREGORY that that she was transferring GREGORY to
11 dispatch because the Investigations Unit could not handle the theft report. Subsequently, the
12 dispatch operator notified GREGORY that she needed to speak with someone from the
13 Investigations Unit, as GREGORY had previously attempted, since this was not a new report,
14 but an open case, and transferred GREGORY back to Investigations. The same female VPD
15 employee from the Investigations Unit informed GREGORY that she would try to relay a
16 message to dispatch to have an officer follow up with GREGORY, but stated something to the
17 effect of, "I can't guarantee you anything."

18     17.    At approximately 12:10 p.m., VPD dispatched a uniformed patrol officer,
19 OFFICER CALHOUN, to 47 Kentucky Street. OFFICER CALHOUN had no prior involvement
20 in the investigation into the theft, but was aware that he was being dispatched to follow up with
21 the victims of a theft crime, and that he was not responding to a crime in progress.

22     18.    At no time did VPD inform Plaintiffs that VPD would be sending a police officer,
23 or any other VPD employee, to Plaintiff's residence at 47 Kentucky Street.

24     19.    At the time of the incident, 47 Kentucky Street was a well-maintained home
25 with a low white-picket fence surrounding the property. The property is situated on the corner
26 of Kentucky and Trinity Streets, with the front of Plaintiffs' home facing Kentucky Street. A
27 wooden gate on Kentucky Street provided access to the property from the public sidewalk. A
28 well-landscaped front yard, with fruit trees, flowers, and bushes, separated the front porch of

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 4

the home from the front fence and gate, and obscured a clear view onto the property from the sidewalk, providing the home with additional privacy.

20. Plaintiffs owned three dogs: Flicka, a 14-year-old blind and deaf Border Collie-mix that weighs approximately 40 pounds; Belle, an 11-year-old Labrador-Catahoula-mix that weighed approximately 70 pounds; and Holly, a 9-month-old Labrador puppy. While the dogs acted as 'watchdogs' to alert the family when people entered the property, none of the dogs had ever bitten or otherwise attacked anyone. The family regularly had friends visit and enter the yard without incident; delivery and utility employees also would periodically enter the property without any incidents with the dogs, including an individual who made weekly deliveries of fresh vegetables onto the front porch. At the time of the incident, the two older dogs slept in the yard, while the puppy was inside the home in the living room.

21. OFFICER CALHOUN approached Plaintiffs' front gate on Kentucky Street. The view onto the property from the gate was very limited due to several fruit trees in the yard along the fence line, as well as bushes and other plants. The view from the gate would have revealed a walkway leading to a children's wading pool in the front yard approximately 15 feet from the gate, as well as children's and dog toys on the property. The front picket fence along Kentucky Street also had metal mesh installed in spots to ensure that the dogs could not hop the short fence.

22. OFFICER CALHOUN opened the gate and let himself onto the property. GREGORY was working from home with her back to the window along the front of the house, and was positioned to hear noises from the front yard, including the impending arrival of her daughter from nursery school. GREGORY did not hear anything to alert her that OFFICER CALHOUN had entered the property.

23. Soon after OFFICER CALHOUN entered the yard, Flicka and Belle approached him. OFFICER CALHOUN stated in his report that the dogs came toward him in a "very aggressive" manner and "I knew they were going to attack me." Neither dog made any contact with OFFICER CALHOUN, nor did they bite him.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 5

24. OFFICER CALHOUN fired at least two rounds at Belle (the closer of the two dogs) from his police-issued handgun, striking her twice in the head and killing her. OFFICER CALHOUN then exited the yard and closed the gate. It is unknown at what point OFFICER CALHOUN drew his firearm prior to the shooting.

25. The shots were fired in the general direction of the home; at the time the shots were fired, GREGORY was sitting in a front window less than 20 feet from the shooting. Unaware that VPD was coming to her home, GREGORY dropped to the floor, terrified, believing someone was shooting at her. When she finally mustered the courage to crack the front door after a period of silence, OFFICER CALHOUN repeatedly yelled at her to stay in the house.

26. Eventually OFFICER CALHOUN allowed GREGORY to exit her house and go into the yard. OFFICER CALHOUN apologized and stated he "wished he didn't have to do that." GREGORY then discovered Belle lying dead approximately 10 feet from the front gate, 4-5 feet from a short wooden fence that enclosed the front yard, and less than 2 feet from the children's wading pool. Minutes later, the babysitter arrived at the home to drop off Plaintiffs' 5-year-old daughter from nursery school; GREGORY instructed the babysitter to drive away before her daughter witnessed the grisly scene.

27. Plaintiff is informed and believes, and on that basis alleges, that defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 failed to adequately train, supervise, and discipline the police officers of the CITY OF VALLEJO with respect to the Fourth Amendment to the United States Constitution, including under what circumstances, and on what grounds, it is proper to enter private property unannounced, without a warrant, and without exigent circumstances; the proper precautionary measures to take when entering private property where there may be dogs and/or children present; and under what circumstances it is proper to use deadly force.

28. Plaintiff is informed and believes, and on that basis alleges, that defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 had actual and/or constructive knowledge that the failure to adequately train, supervise, and discipline

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 6

police officers would cause violations of citizens' personal and constitutional rights such as those that occurred in this case.

## DAMAGES

29. As a direct and proximate result of the conduct of defendants, and each of them, Plaintiffs suffered violations of their rights protected by, among other enactments, the Fourth Amendment to the United States Constitution; by Article 1, § 13 of the California Constitution; and by California Civil Code §§ 52 and 52.1.

30. Plaintiffs also sustained damages from the trespasses to real property and chattels, conversions, and the intentional infliction of emotional distress inflicted on Plaintiffs by defendants acting within the course and scope of their employment with CITY OF VALLEJO.

31. As a direct and proximate result of defendants' conduct, Plaintiffs suffered emotional distress, loss of property, and the loss of the sense of security, dignity, and pride as a resident of the United States of America.

32. Those individually named defendants, including, but not limited to, OFFICER CALHOUN and DOES 1 through 50, who participated in, or were otherwise responsible for, the incident at 47 Kentucky Street that resulted in the wrongful shooting death of Plaintiffs' dog acted with malice and oppression. These defendants' conduct was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

33. Plaintiffs have retained attorneys and investigators to pursue their rights as asserted in this Complaint. Plaintiffs are entitled to an award of reasonable attorneys' fees incurred in the prosecution of this action against defendants CITY OF VALLEJO, the individual VPD officers named as defendants, and DOES 1 through 50, pursuant to 42 United States Code § 1988.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983
(Against OFFICER CALHOUN, and DOES 1 through 50)

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 7

34. Plaintiffs reallege and incorporate by reference paragraphs 1 through 33 as though fully set forth in this cause of action.

35. The actions of the individual defendants, including OFFICER CALHOUN and DOES 1 through 50, acted under color of law in violating Plaintiffs' rights protected by the Fourth Amendment to the United States Constitution, including, but not limited to, the right to be free from the use of excessive force and the unnecessary destruction of property by law enforcement officers. These actions included: the warrantless entry onto Plaintiffs' property without exigent circumstances; the failure to take reasonable precautionary measures when entering private property unannounced where dogs and/or children are present; and the unreasonable and excessive use of force in the shooting death of Plaintiffs' dog.

36. Those individually named defendants, including OFFICER CALHOUN and DOES 1 through 50, who participated in, or were otherwise responsible for, the incident at 47 Kentucky Street that resulted in the wrongful shooting death of Plaintiffs' dog acted with malice and oppression. These defendants' conduct was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

37. As a direct and proximate result of defendants' actions and omissions, Plaintiffs were deprived of their rights and privileges under the Fourth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs prays for relief as set forth below.

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**(Against Defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50)**

Plaintiffs reallege and incorporate by reference paragraphs 1 through 37 as though fully set forth in this cause of action.

38. At all times relevant to this Complaint, it was the policy, practice and custom of CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, acting through their policymakers and agents, to violate the Fourth Amendment to the Constitution as described in this Complaint. Those violations which constituted the policy of CITY OF

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.
Page 8

VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, included, but not limited to: the warrantless entry onto Plaintiffs' property without exigent circumstances; the failure to take reasonable precautionary measures when entering private property unannounced where dogs and/or children are present; and the unreasonable and excessive use of force in the shooting death of Plaintiffs' dog. The failure of policymakers CHIEF NICHELINI and CHIEF KREINS, and to those they delegated to make and enforce CITY OF VALLEJO policy, to discipline OFFICER CALHOUN, and any other responsible VPD employees, who violated Plaintiffs' Fourth Amendment rights ratified that unconstitutional conduct and further confirmed that the violation of Plaintiffs' rights represented CITY OF VALLEJO policy. The policies, practices and customs of CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 were the moving forces behind the violation of Plaintiffs' rights protected by the Fourth Amendment to the United States Constitution.

39. At all times relevant to this Complaint, it was obvious that CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50 must properly train Vallejo police officers to refrain from violating the Fourth Amendment rights of residents, and that such training must include, in part, the requirements: not to enter private property unannounced without a warrant and without exigent circumstances; to take reasonable precautionary measures when entering a private property unannounced where dogs and/or children are present; and not to use unreasonable, unjustified, and/or excessive force.

40. At all times relevant, it was obvious that the failure to provide such training, as set forth above, would result in violations of the Fourth Amendment to the United States Constitution.

41. At all times relevant to this Complaint, it was obvious that the failure to provide such training reflected a deliberate indifference to the protection of the rights guaranteed by the Fourth Amendment to the United States Constitution.

42. The failure by CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, acting through VPD and their policymakers, to properly train Vallejo

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 9

police officers to refrain from committing violations of the Fourth Amendment to the United States Constitution caused the alleged unconstitutional actions of VPD which Plaintiff alleges in this Complaint.

43. As a direct and proximate result of the policies, practices, acts and omissions of defendants CITY OF VALLEJO, CHIEF NICHELINI, CHIEF KREINS, and DOES 1 through 50, Plaintiffs sustained harm and the special and general damages which Plaintiffs will establish at trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### THIRD CLAIM FOR RELIEF
### TRESPASS
(Against CITY OF VALLEJO, OFFICER CALHOUN, and DOES 1 through 50)

Plaintiffs reallege and incorporate by reference paragraphs 1 through 43 as though fully set forth in this cause of action.

44. On September 28, 2012, CITY OF VALLEJO received the government claims that Plaintiffs had timely filed pursuant to the provisions of the California Tort Claims Act, California Government Code §§ 910, et seq.

45. The individual employees committed their alleged actions in the course and scope of their employment as CITY OF VALLEJO employees. The employees are liable pursuant to California Government Code § 820(a), which renders a public employee liable for injury caused by his or her act or omission to the same extent as a private person. CITY OF VALLEJO is liable pursuant to Government Code § 815.2, which renders a public entity liable for injury proximately caused by an act or omission of an employee of a public entity within the scope of his or her employment if the act or omission would give rise to a cause of action against the public employee.

46. On May 16, 2012, Plaintiffs were the lawful owners and occupants of the private dwelling located at 47 Kentucky Street in Vallejo, California.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Gregory and Mollner v. City of Vallejo, et al.*

Page 10

47. On May 16, 2012, OFFICER CALHOUN intentionally entered Plaintiffs' property and dwelling located at 47 Kentucky Street unannounced, without a warrant, without exigent circumstances, and without Plaintiffs' permission.

48. The actions of these defendants, and each of them, was a substantial factor in causing Plaintiffs to sustain harm and the special and general damages which Plaintiffs will establish at trial, including the death of their pet dog, Belle.

49. The individually named defendants, including OFFICER CALHOUN and DOES 1 through 50, acted with malice and oppression. The conduct of these individually named defendants was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### FOURTH CLAIM FOR RELIEF
### TRESPASS TO CHATTELS
### (Against CITY OF VALLEJO, OFFICER CALHOUN, and DOES 1 through 50)

Plaintiffs reallege and incorporate by reference paragraphs 1 through 49 as though fully set forth in this cause of action.

50. On May 16, 2012, Plaintiffs were the lawful owner of their pet dog, Belle.

51. On May 16, 2012, OFFICER CALHOUN intentionally fired at least two rounds at Belle from his police-issued handgun while on Plaintiffs' private property at 47 Kentucky Street, striking her twice in the head and killing her.

52. Plaintiffs did not consent to the wrongful shooting death of their dog, Belle, by OFFICER CALHOUN.

53. The actions of these defendants, and each of them, was a substantial factor in causing Plaintiffs to sustain harm and the special and general damages which Plaintiffs will establish at trial.

54. The individually named defendants, including OFFICER CALHOUN and DOES 1 through 50, acted with malice and oppression. The conduct of these individually named

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 11

defendants was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### FIFTH CLAIM FOR RELIEF
### CONVERSION
(Against CITY OF VALLEJO, OFFICER CALHOUN, and DOES 1 through 50)

Plaintiffs reallege and incorporate by reference paragraphs 1 through 54 as though fully set forth in this cause of action.

55. On May 16, 2012, Plaintiffs were the lawful owner of their pet dog, Belle.

56. On May 16, 2012, OFFICER CALHOUN intentionally fired at least two rounds at Belle from his police-issued handgun while on Plaintiffs' private property at 47 Kentucky Street, striking her twice in the head and killing her, thereby substantially interfering with Plaintiffs' property by wrongfully killing Plaintiffs' dog.

57. Plaintiffs did not consent to the substantial interference with their personal property by OFFICER CALHOUN.

58. The actions of these defendants, and each of them, was a substantial factor in causing Plaintiffs to sustain harm and the special and general damages which Plaintiffs will establish at trial.

59. The individually named defendants, including OFFICER CALHOUN and DOES 1 through 50, acted with malice and oppression. The conduct of these individually named defendants was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SIXTH CLAIM FOR RELIEF
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against CITY OF VALLEJO, OFFICER CALHOUN, and DOES 1 through 50)

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 12

Plaintiffs reallege and incorporate by reference paragraphs 1 through 59 as though fully set forth in this cause of action.

60. On May 16, 2012, OFFICER CALHOUN and DOES 1 through 50, either engaged in outrageous conduct intended to cause Plaintiffs emotional distress or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when each defendant committed the outrageous conduct alleged in this complaint.

61. Plaintiffs suffered severe emotional distress.

62. Each defendant's conduct was a substantial factor in causing the alleged severe emotional distress.

63. The individually named defendants, including OFFICER CALHOUN and DOES 1 through 50, acted with malice and oppression. The conduct of these individually named defendants was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### SEVENTH CLAIM FOR RELIEF
### CALIFORNIA CIVIL CODE §§ 52, 52.1
(Against CITY OF VALLEJO, OFFICER CALHOUN, and DOES 1 through 50)

Plaintiffs reallege and incorporate by reference paragraphs 1 through 63 as though fully set forth in this cause of action.

64. On May 16, 2012, OFFICER CALHOUN and DOES 1 through 50, using threats, coercion and intimidation, interfered with and threatened to interfere with Plaintiffs' rights guaranteed by the Fourth Amendment to the United States Constitution, and Art. 1, § 13 of the California Constitution

65. The actions of these defendants, and each of them, was a substantial factor in causing Plaintiffs to sustain harm and the special and general damages which Plaintiffs will establish at trial.

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
*Gregory and Mollner v. City of Vallejo, et al.*

66. The individually named defendants, including OFFICER CALHOUN and DOES 1 through 50, acted with malice and oppression. The conduct of these individually named defendants was intended to harm Plaintiffs or was despicable and carried out with a conscious disregard of Plaintiffs' rights or safety. Plaintiffs therefore are entitled to recover exemplary damages from those defendants.

67. Plaintiffs are entitled to such statutory damages and attorney's fees allowed by California Civil Code §§ 52 and 52.1.

WHEREFORE, Plaintiffs pray for relief as follows:

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For pecuniary damages, according to proof;
4. For burial expenses, according to proof;
5. For punitive damages against the individually named defendants;
6. For statutory damages pursuant to California Civil Code §§ 52 and 52.1;
7. For reasonable attorney's fees pursuant to 42 U.S.C. § 1988 on Plaintiffs' First and Second Claims for Relief;
8. For reasonable attorney's fees pursuant to California Civil Code §§ 52 and 52.1 on Plaintiffs' Seventh Claim for Relief;
9. For costs of suit incurred herein; and
10. For such other and further relief as the court may deem just and proper.

Dated: February 19, 2013

Nick Casper
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiffs ERIKA GREGORY and LOREN MOLLNER

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

COMPLAINT
Gregory and Mollner v. City of Vallejo, et al.

Page 14