1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **BY: FURAH Z. FARUQUI**
   Deputy City Attorney, SBN 233083
3  **CITY OF VALLEJO**, City Hall
   555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA 94590
5  Tel:  (707) 648-4545
   Fax:  (707) 648-4687
6
7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>Defendants. | Case No. 2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; JURY TRIAL DEMANDED** |

COME NOW Defendants City of Vallejo (hereinafter "City"), and former Chief Robert Nichelini and Officer Chase Calhoun (hereinafter referred to collectively as "Defendants") answer Plaintiffs' First Amended Complaint for Damages as follows:

/ /
/ /
/ /
/ /

---

Case No. 2:13-CV-00320-KJM-KJN　　　　　　　　　　　　　　　DEFENDANTS' ANSWER TO
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　FIRST AMENDED COMPLAINT

- 1 -

## JURISDICTION AND VENUE

1. Answering the first paragraph of the First Amended Complaint for Damages, the Defendants admit that Plaintiffs are attempting to bring an action under 42 USC 1983, however, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

2. Answering the second paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

3. Answering the third paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and on that basis deny the allegations contained therein.

## JURY TRIAL DEMANDED

4. Answering the fourth paragraph of the First Amended Complaint for Damages, Defendants admit that Plaintiffs demands a jury trial in this action.

## PARTIES

5. Answering the fifth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

6. Answering the sixth paragraph of the First Amended Complaint for Damages, Defendants admit that the City is a municipal corporation located in the County of Solano, duly organized and existing under the laws of State of California. Defendants lack sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

7. Answering the seventh paragraph of the First Amended Complaint for Damages, Defendants admit that Robert Nichelini was the Chief of Police on May 16, 2012. Defendants deny each and every remaining allegation contained therein.

8. Answering the eighth paragraph of the First Amended Complaint for Damages, Defendants admit that Plaintiffs are attempting to sue Officer Chase Calhoun in his individual capacity.  Except as expressly admitted herein, Defendants deny each and every remaining allegation contained in this paragraph.

9. Answering the ninth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

10. Answering the tenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

**FACTS GIVING RISE TO THE FIRST AMENDED COMPLAINT**

11. Answering the eleventh paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

12. Answering the twelfth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

13. Answering the thirteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

14. Answering the fourteenth paragraph of the First Amended Complaint for Damages, Defendants lack sufficient knowledge or information to form a belief as to the truth of the

allegations contained in this paragraph and on that basis deny each and every allegation contained therein.

15. Answering the fifteenth paragraph of the First Amended Complaint for Damages, Defendants admit that Officer Calhoun was dispatched to 47 Kentucky Street. Defendants deny each and every remaining allegation contained in this paragraph and on that basis deny each and every remaining allegation contained therein.

16. Answering the sixteenth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

17. Answering the seventeenth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

18. Answering the eighteenth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

19. Answering the nineteenth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

20. Answering the twentieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

21. Answering the twenty-first paragraph of the First Amended Complaint for Damages, Defendants admit that Officer Calhoun arrived at Plaintiffs' home, but deny each and every remaining allegation contained therein.

22. Answering the twenty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

23. Answering the twenty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

24. Answering the twenty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

25. Answering the twenty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

1  26. Answering the twenty-sixth paragraph of the First Amended Complaint for
2  Damages, Defendants deny each and every allegation contained therein.

3  **DAMAGES**

4  27. Answering the twenty-seventh paragraph of the First Amended Complaint for
5  Damages, Defendants deny each and every allegation contained therein.

6  28. Answering the twenty-eighth paragraph of the First Amended Complaint for
7  Damages, Defendants deny each and every allegation contained therein.

8  29. Answering the twenty-ninth paragraph of the First Amended Complaint for
9  Damages, Defendants deny each and every allegation contained in this paragraph.

10  30. Answering the thirtieth paragraph of the First Amended Complaint for Damages,
11  Defendants deny each allegation contained in this paragraph.

12  31. Answering the thirty-first paragraph of the First Amended Complaint for
13  Damages, Defendants deny each and every allegation contained therein.

14  **FIRST CLAIM FOR RELIEF**
   **42 U.S.C. § 1983**
15  **(Against OFFICER CALHOUN, and DOES 1 THROUGH 50)**

17  32. Answering the thirty-second paragraph of the First Amended Complaint for
18  Damages, Defendants re-allege their answers to the paragraphs 1-31 above with the same force
19  and effect as if they were herein set out in full.

20  33. Answering the thirty-third paragraph of the First Amended Complaint for
21  Damages, Defendants deny each and every allegation contained therein.

22  34. Answering the thirty-fourth paragraph of the First Amended Complaint for
23  Damages, Defendants deny each and every allegation contained therein.

24  35. Answering the thirty-fifth paragraph of the First Amended Complaint for
25  Damages, Defendants deny each and every allegation contained therein.

26  / /
27  / /
28  / /

**SECOND CLAIM FOR RELIEF**
**42 U.S.C. § 1983**
**(Against Defendants CITY OF VALLEJO, CHIEF NICHELINI,**
**and DOES 1 through 50)**

36. Answering the thirty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

37. Answering the thirty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

38. Answering the thirty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

39. Answering the thirty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

40. Answering the fortieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

41. Answering the forty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**THIRD CLAIM FOR RELIEF**
**TRESPASS**
**(Against OFFICER CALHOUN,**
**and DOES 1 through 50)**

42. Answering the forty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

43. Answering the forty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

44. Answering the forty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

45. Answering the forty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

46. Answering the forty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

47. Answering the forty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**FOURTH CLAIM FOR RELIEF**
**TRESPASS TO CHATTELS**
**(Against OFFICER CALHOUN,**
**and DOES 1 through 50)**

48. Answering the forty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

49. Answering the forty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

50. Answering the fiftieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

51. Answering the fifty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

52. Answering the fifty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**FIFTH CLAIM FOR RELIEF**
**CONVERSION**
**(Against OFFICER CALHOUN,**
**and DOES 1 through 50)**

53. Answering the fifty-third paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

54. Answering the fifty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

55. Answering the fifty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

56. Answering the fifty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

57. Answering the fifty-seventh paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

Case No. 2:13-CV-00320-KJM-KJN                                       DEFENDANTS' ANSWER TO
                                                                                         FIRST AMENDED COMPLAINT
- 7 -

**SIXTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRISS**
**(Against OFFICER CALHOUN,**
**and DOES 1 through 50)**

58. Answering the fifty-eighth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

59. Answering the fifty-ninth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

60. Answering the sixtieth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

61. Answering the sixty-first paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**
**CALIFORNIA CIVIL CODE §§ 52, 52.1**
**(Against CITY OF VALLEJO, OFFICER CALHOUN,**
**and DOES 1 through 50)**

62. Answering the sixty-second paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

63. Answering the sixty-third paragraph, Defendants deny each and every allegation contained therein.

64. Answering the sixty-fourth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

65. Answering the sixty-fifth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

66. Answering the sixty-sixth paragraph of the First Amended Complaint for Damages, Defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

1. As a first affirmative defense, Defendants allege that the First Amended Complaint for Damages fails to state any claim upon which relief can be granted.

2.     As a second affirmative defense, Defendants allege that Plaintiffs' claims are barred by the applicable statutes of limitation.

3.     As a third affirmative defense, Defendants allege that Plaintiffs were negligent and careless in and about matters and events set forth in the First Amended Complaint for Damages.  Plaintiffs' negligence proximately contributed to their alleged injuries and damages. Any jury verdict in Plaintiffs' favor that may be rendered in this case, therefore, must be reduced by the percentage that Plaintiffs' negligence contributed to any of their damages or injuries.

4.     As a fourth affirmative defense, Defendants allege that at all times herein mentioned, all actions taken by the Defendant police officers were reasonable under the circumstances and taken under a reasonable belief that the actions were not unlawful.  The Defendant police officers are therefore entitled to qualified immunity from liability for matters set forth in the First Amended Complaint for Damages.

5.     As a fifth affirmative defense, Defendants allege that any harm which came to Plaintiffs was a direct and proximate cause of their own actions.

6.     As a sixth affirmative defense, the Defendants allege that any of Plaintiffs' alleged damages or injuries were aggravated by Plaintiffs' failure to use reasonable diligence to mitigate them.

7.     As a seventh affirmative defense, the Defendants allege that any of Plaintiffs' damages or injuries were proximately caused by the negligence of other persons, firms, corporations or entities, for whom Defendants are not responsible.  Should Plaintiffs be entitled to recover under the First Amended Complaint for Damages, their recovery should be reduced in proportion to the negligence of such other persons, firms, corporations or entities.

8.     As an eighth affirmative defense, Defendants allege that its police officers were acting in their official capacities at all times relevant to this action, and any alleged actions were made in good faith, without malice, or were performed with a reasonable belief that their actions were authorized by and in accord with existing law and authority.

9. As a ninth affirmative defense, Defendants allege that its officials and employees actions, if any, were privileged as a matter of law. Consequently, no liability can be cast upon them in their individual capacities to the extent they become parties to this lawsuit.

10. As a tenth affirmative defense, Defendants allege that Plaintiffs' state claims are barred pursuant to California Government Code §§ 911.2, 911.4, 945.4, 946.6, 950.2, 950.6, 815.2, 815.6, 818.2, 818.8, 820, 820.2, 820,4, 820.8, 821, 821.6, 822.2, 844.6, 845, 845.2, 845.6, 846, 855, 855.8, 856 and 856.4. Said sections are pleaded as though fully set forth herein.

11. As an eleventh affirmative defense, Defendants allege that any search or seizure of Plaintiffs of their property, if any, was reasonable and necessary to effect lawful and proper law enforcement procedures and, as such, there can be no liability against the Defendants.

12. As a twelfth affirmative defense, Defendants allege that Plaintiffs' claims for punitive damages are barred by the provisions of Government Code § 818 and *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

13. As a thirteenth affirmative defense, Defendants allege that Plaintiffs are not entitled to punitive damages, because punitive damages are unconstitutional and violate the Defendants' right to due process and equal protection.

14. As a fourteenth affirmative defense, Defendants allege that they are immune from the claims contained in Plaintiffs' First Amended Complaint for Damages pursuant to the provisions of California Penal Code §§ 835, 835(a), 836 and 836.5.

15. As a fifteenth affirmative defense, Defendants allege that Plaintiffs' claims against the City under 42 U.S.C. §1983 are contrary to law, in that they are founded upon the doctrine of respondeat superior. Neither a municipality nor its officers, supervisors, or policymakers can be held liable under 42 U.S.C. § 1983 under a respondeat superior theory. (*Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978).)

16. As a sixteenth affirmative defense, Defendants allege that Plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

17. As a seventeenth affirmative defense, Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

18. As an eighteenth affirmative defense, Defendants allege that they shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code § 1431.2).

## DEMAND FOR JURY

Defendants hereby demand a trial by jury as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR JUDGMENT

Wherefore the Defendants pray for judgment as follows:

1. That Plaintiffs take nothing by their action;
2. That the Defendants be awarded the costs of defending this lawsuit;
3. That the Defendants be awarded a judgment against the Plaintiffs; and
4. For such other and further relief as this Court deems proper.

DATED:  April 23, 2013                    Respectfully submitted,


*/s/ Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN