Nick Casper (State Bar No. 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs ERIKA GREGORY and
LOREN MOLLNER

**Claudia M. Quintana**
City Attorney (State Bar No. 178613)
**Furah Faruqui**
Deputy City Attorney (State Bar No. 233083)
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Telephone: (707) 648-4545
Facsimile: (707) 648-4687

Attorneys for Defendants CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>    Defendants. | CASE NO.: 2:13-CV-00320-KJM-KJN<br><br>**JOINT STATUS REPORT** |

The parties in the above-captioned case submit the following Joint Status Report pursuant to the order of the court dated February 20, 2013.

**(a) Summary of Claims and Defenses**

---

JOINT STATUS REPORT  Page 1
*Gregory and Mollner v. City of Vallejo, et al.*

**Plaintiffs:**

At the time of the incident, Plaintiffs were residents of Vallejo, California. On or about May 10, 2012, Plaintiffs allege that they discovered that a series of checks had been forged against their joint checking account in an amount totaling approximately $5,000, and soon discovered that a checkbook had been stolen from their home. Plaintiffs notified their bank of the stolen and forged checks, and reported the theft to the Vallejo Police Department (VPD).

On May 16, 2012, at approximately 11:00 a.m., Plaintiff Erika Gregory called the Investigations Unit of VPD to inquire about the status of the investigation into the theft. VPD personnel transferred her between dispatch and Investigations without providing Plaintiff with a clear indication of what steps were to be taken in the investigation.

At approximately 12:10 p.m., VPD dispatched a uniformed patrol officer, Defendant Chase Calhoun, to Plaintiffs' home. Plaintiffs aver that Officer Calhoun had no prior involvement in the investigation into the theft, but was aware that he was being dispatched to follow up with the victims of a theft crime, and that he was not responding to a crime in progress. According to Plaintiffs, VPD did not inform Plaintiffs that VPD would be sending a police officer, or any other VPD employee, to Plaintiff's residence.

Plaintiffs assert that Officer Calhoun arrived at Plaintiffs' property and approached Plaintiffs' front gate. The view onto the property from the gate was limited due to several fruit trees in the yard along the fence line, as well as bushes and other plants. Officer Calhoun opened the gate and let himself onto the property. Plaintiff Gregory was working from home with her back to the window along the front of the house, and was positioned to hear noises from the front yard. Plaintiff Gregory did not hear anything to alert her that Officer Calhoun had entered the property.

Plaintiffs allege that soon after Officer Calhoun entered the yard, Plaintiffs' two dogs, Belle and Flicka, approached him. Officer Calhoun stated in his report that the dogs came toward him in a "very aggressive" manner and "I knew they were going to attack me." Neither dog made any contact with Officer Calhoun, nor did they bite him.

Officer Calhoun fired at least two rounds at Belle (the closer of the two dogs) from his police-issued handgun, striking her twice in the head and killing her. Officer Calhoun then exited the yard and closed the gate.

Plaintiffs allege that the actions of the Officer Calhoun and other unknown VPD personnel violated Plaintiffs' rights protected by the Fourth Amendment to the United States Constitution, including, but not limited to, the right to be free from the use of excessive force and the unnecessary destruction of property by law enforcement officers. These actions included: the warrantless entry onto Plaintiffs' property without exigent circumstances; the failure to take reasonable precautionary measures when entering private property unannounced where dogs and/or children are present; and the unreasonable and excessive use of force in the shooting death of Plaintiffs' dog. Plaintiffs also allege that Defendants City of Vallejo and former Chief of Police Robert Nichelini failed to adequately train, supervise, and discipline its police officers with respect to the Fourth Amendment to the United States Constitution.

As a proximate result of Defendants' conduct, Plaintiffs suffered special and general damages, including mental and emotional distress. Plaintiffs also allege that Defendants acted with malice and oppression, and are entitled to a punitive damages award.

**Defendants:** Defendants deny that Officer Calhoun's conduct was unreasonable under the Fourth Amendment. In the event a claim is stated for violation of the Fourth Amendment, Defendants allege they are entitled to qualified immunity. Defendants deny that the City of Vallejo failed to train its officers under *Monell*.

**(b) Status of Service**

All named defendants have been served and have answered the First Amended Complaint.

**(c) Possible Joinder of Parties**

There is no joinder of additional parties anticipated at this time.

**(d) Possible Amendment to the Pleadings**

There are no amendments to pleadings anticipated at this time.

**(e) Statutory bases for jurisdiction and venue**

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

JOINT STATUS REPORT
*Gregory and Mollner v. City of Vallejo, et al.*
Page 3

The Complaint seeks remedies pursuant to Title 42, United States Code §§ 1983 and 1988. Jurisdiction is conferred upon the United States District Court by Title 28, United States Code §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

The actions giving rise to Defendants' liability, as alleged in this Complaint, occurred in the City of Vallejo, County of Solano, California, thus venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), and Local Rule 120(d).

**(f) Anticipated Discovery**

**(1) Timing of disclosures**

Initial disclosures are due on **July 31, 2013.**

**Subjects and Timing of Discovery**

Plaintiffs will issue written discovery regarding the claims and defenses stated in the pleadings. Plaintiffs anticipate taking the deposition of Officer Calhoun, as well as any other VPD officers with knowledge of material facts. Plaintiffs may seek the internal affairs histories of related claims against Officer Calhoun. Plaintiffs will also seek all written reports of the incident, as well as recordings, including dispatch recordings related to the incident.

Defendants will issue written discovery regarding the claims and defenses stated in the pleadings. Defendants anticipate taking the deposition of Plaintiffs, at a minimum. Plaintiffs' medical records, if any, will be subpoenaed.

The parties have agreed to proceed with Discovery pursuant to the Local Rules and Federal Rules of Civil Procedure.

**(2) Limitations on Discovery**

No changes or limitations on discovery will be required.

**(3) Timing of Expert Disclosure**

The parties propose experts be disclosed by **April 17, 2014**.

**(4) Discovery Cut-Off**

The parties propose a fact discovery cutoff by **May 19, 2014**, and expert discovery cut-off by **June 2, 2014.**

**(g) Dispositive Motions**

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

JOINT STATUS REPORT                                                                                             Page 4
*Gregory and Mollner v. City of Vallejo, et al.*

The parties propose a deadline for filing dispositive motions on **July 21, 2014.**

**(h) Special discovery methods**

The parties anticipate working together to avoid unnecessary discovery and cumulative evidence, including with regards to expert witnesses under Federal Rules of Evidence 702.

**(i) Pretrial Conference**

The parties propose a final pretrial conference on **August 11, 2014.**

**(j) Trial Date**

The parties have demanded a jury trial in this matter, and anticipate that trial should last 5-7 days, including jury selection. The parties propose a trial date of **August 18, 2014.**

**(k) Special Procedures**

No special procedures are required.

**(l) Modification of Pretrial Procedures**

No modifications of standard pretrial procedures are required.

**(m) Related Cases**

The bankruptcy of the City of Vallejo and subsequent discharge may impact this case.

**(n) Settlement**

The parties are amenable to enter private mediation after discovery is substantially completed. A court-sponsored settlement conference may be helpful closer to the trial date, if the case has yet to settle. The parties have no objections to the trial judge acting as settlement judge.

**(o) Other Issues**

There are no other issues at this time.

Dated: July 3, 2013                               /s/ - "Nick Casper
                                                  Nick Casper
                                                  CASPER, MEADOWS, SCHWARTZ & COOK
                                                  Attorneys for Plaintiffs ERIKA GREGORY and
                                                  LOREN MOLLNER

Dated: July 3, 2013                               /s/ - "Furah Z. Faruqui"
                                                  Furah Z. Faruqui
                                                  Deputy City Attorney
                                                  Attorneys for Defendants CITY OF VALLEJO,
                                                  et al.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

JOINT STATUS REPORT                                                                    Page 5
*Gregory and Mollner v. City of Vallejo, et al.*