UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>CITY OF VALLEJO, et al.,<br><br>　　　　　Defendants. | No.  2:13-cv-00320-KJM-KJN<br><br><br><br>ORDER |

This matter is before the court on plaintiffs' August 7, 2014 request to seal.  ECF No. 35.  On August 12, 2014, the court issued a minute order directing defendants to respond to the request no later than August 15, 2014.  ECF No. 40.  Defendants did not file a reply.  The court considers the request unopposed but now DENIES it.

I.      INTRODUCTION

        Plaintiffs seek to seal two exhibits in support of their opposition to defendants' July 25, 2014 motion for summary judgment.  They also seek to redact portions of the following opposition papers to defendants' motion for summary judgment that reference these exhibits: (1) the memorandum of points and authorities, (2) response to defendants' separate statement of undisputed facts; and (3) separate statement of undisputed material facts.  ECF No. 35.  The exhibits concern twenty-eight pages of defendant Calhoun's personnel file that are related to an

1   internal investigation and reasons for his termination.  *See* ECF No. 28 at 2.  Plaintiffs contend

2   sealing is appropriate because the parties have entered into a protective order signed by the

3   magistrate judge assigned to this action.  ECF No. 35 at 1 (citing ECF Nos. 17, 28).  Plaintiffs

4   also argue in support of sealing based on a police officer's reasonable expectation of privacy of

5   information contained in his personnel file and internal affairs materials under California Penal

6   Code section 832.7, California Government Code section 6254 and California Evidence Code

7   section 1043; and because public access to the documents would "remove the protections for

8   officers to be candid in order to improve the department."

9   II.     AMENDED PROTECTIVE ORDER

10          On June 19, 2014, the magistrate judge assigned to this action entered an amended

11  stipulation and protective order designating the following records subject to the protective order:

12          a. Critical Incident Report- CI 2012-02

13          b. Internal Affairs Files Report as to Officer Calhoun in the last five
            years, related to excessive force, if any exists.

14

15          c. A selected portion of Officer Calhoun's personnel file related to
            the investigation and reasons for his termination.

16  ECF No. 28.  These designated confidential materials may only be disclosed to specified

17  individuals.  *Id.* ¶ 2.  Any individual to whom disclosure is made shall, *inter alia*, be provided

18  with a copy of the amended protective order.  *Id.* ¶ 3.  Following the conclusion of the trial the

19  confidential materials shall be delivered back to the City of Vallejo.  *Id.* ¶ 4.  With regard to

20  sealing, the amended protective order provides:

21          In the event that either party wishes to file Confidential Material
            with the court, as an exhibit to a pleading or otherwise, the filing
22          party shall first seek an order to file under seal pursuant to Local
            Rule 141.   The Request to Seal Documents shall refer to this
23          stipulation and protective order.

24  *Id.* ¶ 5.

25  III.    LEGAL STANDARDS

26          As a threshold matter, the parties are reminded of this court's standing order

27  regarding sealing motions, which provides:

28

1
2
3
4
5
6
7

> Sealing and Protective Orders:  No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. . . . All requests to seal or redact shall be governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the discovery phase of litigation shall not govern the filing of sealed or redacted documents on the public docket.  The court will only consider requests to seal or redact filed by the proponent of sealing or redaction.  If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

8

9  Civil Standing Orders of Judge Kimberly J. Mueller (available on the court's web page); *see also*

10  ECF 15 at 3-4.  Here, the documents plaintiffs seek to seal are related to defendant Calhoun's

11  personnel records.  Thus, defendants, and more specifically defendant Calhoun, are the proper

12  proponents of sealing or redaction.  *Id.*  Plaintiffs had a duty to provide defendants with sufficient

13  notice in advance of filing their opposition papers so defendants could elect to seek an order of

14  sealing or redaction.  *Id.*  Instead, plaintiffs, who did not identify the documents at issue as

15  confidential during discovery, filed the instant request to seal.  Nevertheless, considering the

16  posture of plaintiffs' request at the impending hearing date of August 29, the court declines to

17  strike plaintiffs' request to seal and addresses the merits of the request.

18         The Local Rules of the Eastern District of California provide that "[d]ocuments

19  may be sealed only by written order of the Court."  L.R. 141(a).  A request to seal "shall set forth

20  the statutory or other authority for sealing, the requested duration, the identity, by name or

21  category, of persons to be permitted access to the documents, and all other relevant information."

22  *Id.* 141(b).

23         There is a strong presumption in favor of public access to court records.  *See*

24  *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial

25  records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.

26  2006).  The Ninth Circuit has distinguished between the public's interest in accessing court

27  records filed in connection with nondispositive and dispositive motions.  *See Phillips*, 307 F.3d

28  /////

3

1206; *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003); *Kamakana*, 447

F.3d at 1172; *In re Midland Nat'l Life Ins. Co.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

           To seal documents filed in connection with a dispositive motion, parties must

show there are "compelling reasons" for doing so. *Kamakana*, 447 F.3d at 1180, 1182 ("[T]he

proponent of sealing bears the burden with respect to sealing.").  To demonstrate compelling

reasons, a party is "required to present articulable facts identifying the interests favoring

continued secrecy and to show that these specific interests [overcome] the presumption of access

by outweighing the public interest in understanding the judicial process." *Id.* at 1181 (internal

citations, quotation marks, and emphasis omitted).  "When sealing documents attached to a

dispositive pleading, a district court must base its decision on a compelling reason and articulate

the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1182 (internal

citation, quotation marks, and emphasis omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605

F.3d 665, 679 (9th Cir. 2007, amended 2010), cert. denied, *Experian Info. Solutions, Inc. v.

Pintos*, 131 S.Ct. 900 (2011) (vacating and remanding district court's denial of sealing where

court applied good cause standard to documents filed in connection with summary judgment

motions).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in

disclosure and justify sealing court records exist when such 'court files might become a vehicle

for improper purposes,' such as the use of records to gratify private spite, promote public scandal,

circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting

*Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).  "The 'compelling reasons' standard

is invoked even if the dispositive motion, or its attachments, were previously filed under seal or

protective order." *Id.*

IV.     ANALYSIS

           To the extent plaintiffs argue that sealing is proper in light of the parties' existing

protective order, this argument is without merit.  Here, the issuance of the protective order under

which plaintiffs seek to seal the discovery documents at issue did not involve the court identifying

and discussing the "compelling reasons" standard.  Accordingly, the presumption of access to

court records is not rebutted simply because the court has entered the stipulated protective order.

1   *Kamakana*, 447 F.3d at 1183 (concluding that "[a]lthough the magistrate judge expressly

2   approved and entered the protective order, the order contained no good cause findings as to

3   specific documents that would justify reliance by the United States" and, therefore, "the claimed

4   reliance on the order is not a compelling reason that rebuts the presumption of access" (citations

5   and internal quotation marks omitted)); *see also Foltz*, 331 F.3d at 1136, 1138.

6          Plaintiffs also argue in favor of sealing based on a police officer's reasonable

7   expectation of privacy of information contained in his personnel files.  While courts have

8   recognized police officers' privacy interest in their personnel files, a generalized assertion of a

9   privacy interest is not sufficient to bar disclosure of a judicial record.  *Kamakana*, 447 F.3d at

10   1184 ("Simply mentioning a general category of privilege [such as privacy], without any further

11   elaboration or any specific linkage with the documents, does not satisfy the burden" to show

12   compelling reasons to seal information from public access.).  This argument too fails to establish

13   a sufficient basis for sealing.

14          To the extent plaintiffs rely on California Penal Code section 832.7,[1] California

15   Government Code section 6254[2] and California Evidence Code section 1043[3] for the proposition

16   these statutes protect defendant Calhoun's right to privacy, this argument also fails.  This action

17   seeks damages for the violation of plaintiffs' "rights protected by the Fourth Amendment" and is

18   brought under 42 U.S.C. section 1983.  First Am. Compl. ¶ 1, ECF No. 10.  "Plaintiffs also seek

19   damages under California State law against those defendants whose conduct gave rise to claims

20   cognizable by California law."  *Id.*  In a federal question case, however, federal common law

---

[1] Section 832.7 of the California Penal Code provides: "Peace officer or custodial officer personnel records and records maintained by any state or local agency . . ., or information obtained from these records, are confidential and shall not be disclosed in any criminal or civil proceeding, [with some exceptions]."  CAL. PENAL CODE § 832.7.

[2] Section 6254(c) of the California Government Code provides that "this chapter does not require the disclosure of . . . [p]ersonnel, medical, or similar files , the disclosure of which would constitute an unwarranted invasion of personal privacy.  CAL. GOV'T CODE § 6254(c).

[3] Section 1043 of the California Evidence Code requires a party seeking discovery of peace or custodial officer personnel records to file a motion with the appropriate court identifying the discovery sought, the party seeking discovery, the officer whose records are sought, and the agency which has custody and control of the records, along with an affidavit showing good cause for the discovery.  CAL. EVID. CODE § 1043.

5

1   applies and a state statute, without more, does not shield disclosure in federal court or rebut the

2   strong presumption in favor of public access to judicial records. *Garrett v. City & Cnty. of S.F.*,

3   818 F.2d 1515, 1519 n.6 (9th Cir. 1987); *see also Kamakana*, 447 F.3d at 1178 (rejecting claim

4   that documents relating to "law enforcement" and "official information privileges" are

5   categorically exempt from the compelling interest test).

6           Other than their reliance on the stipulated protective order and state statutes,

7   plaintiffs fail to articulate any support for, or point to any authority in support of, their remaining

8   conclusory argument that "[p]ublic filing of these records would chill that [privacy] interest and

9   remove the protections for officers to be candid in order to improve the department." *See*

10  *Kamakana*, 447 F.3d at 1182 (when ruling on a request to seal a court must not base its decision

11  on "hypothesis or conjecture").  Without more, plaintiffs have failed to meet the requirement that

12  a party make a particularized showing that demonstrates compelling reasons to seal documents

13  submitted in connection with a dispositive motion. *Cf. Pryor v. City of Clearlake*, No. C 11–0954

14  CW, 2012 WL 2711032, at *1–2 (N.D. Cal. July 6, 2012) (noting "a generalized assertion of a

15  privacy interest is not sufficient to warrant barring disclosure of a judicial record" but finding

16  sealing proper where it concerned information that was irrelevant to the dispositive motion,

17  sensitive, private and where there was a likelihood that "it was filed . . . because of private spite

18  or a desire to scandalize the public").  Unlike the moving party in *Pryor*, plaintiffs failed to

19  articulate any specific reasons for sealing the exhibits.  Nor did defendants file a reply despite

20  being provided the opportunity to do so.

21          Because plaintiffs have not borne the burden of establishing a compelling reason

22  for the court to grant their request to seal the two exhibits and redact references to these exhibits

23  in their opposition papers, the court DENIES the request.

24          At the same time, the court is cognizant of the potential that limited information in

25  the documents covered by plaintiffs' request may serve to circulate libelous statements regarding

26  third parties. *Kamakana*, 447 F.3d at 1179.  Therefore, the court will permit redaction of the two

27  exhibits and plaintiffs' opposition papers only to the extent the documents set forth the names of

28  third parties.

V.     CONCLUSION

          For the reasons set forth above, IT IS HEREBY ORDERED that:

          1.  Plaintiffs' request to seal and to redact portions of the opposition papers is DENIED.

          2.  The Clerk of the Court "will return to the submitting party the documents for which sealing has been denied," L.R. 141(e)(1), and any electronically transmitted documents are deemed returned, *United States v. Chanthaboury*, No. 2:12–cr–00188–GEB, 2013 WL 6404989, at *2 (E.D. Cal. Dec. 6, 2013).

          3.  Within one day from the date of this order, plaintiffs shall file their opposition papers in accordance with this order, redacting only the names of third parties.

          IT IS SO ORDERED.

DATED:  August 20, 2014.

_____
UNITED STATES DISTRICT JUDGE