*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 15

to Declaration of Nick Casper

in Support of Opposition to Defendants'

Motion for Summary Judgment



# CITY OF VALLEJO
OFFICE OF THE CHIEF OF POLICE

111 AMADOR STREET  •  VALLEJO  •  CALIFORNIA  •  94590-6301  •  (707) 648-4540  •  FAX (707) 648-4390

TO: Officer Chase Calhoun, #624

DATE: December 2, 2013

FROM: Joseph M. Kreins, Chief of Police

SUBJECT: Notice of Discipline (Termination)

You are hereby notified that, pursuant to City of Vallejo Administrative Rule Number 2.35 and Section 30J of the Memorandum of Understanding between the City of Vallejo and the Vallejo Police Officers Association, you are terminated from your position as Police Officer with the City of Vallejo effective 1700 hours this date. This discipline is a result of your misconduct sustained in Internal Affairs Investigation No. 2013-03.

I have carefully reviewed the report and attachments in Internal Affairs Investigation No. 2013-03 prepared by Investigator Lieutenant S. DeJesus. I concur with the findings and sustained charges of serious misconduct contained within his report. I also have carefully considered the oral and written material presented by you and your attorney at the Skelly hearing held in this matter on November 25, 2013.

The subject investigation establishes that, commencing in March, 2012 through February, 2013, you engaged in numerous acts of sexual intercourse and other sex acts with ▮▮▮▮▮▮▮▮▮▮ while you were on duty, in uniform and in your marked patrol vehicle. You also on multiple occasions engaged in sexual relations with this individual at her two residences while on duty and in uniform.

Your actions in this case constitute a pervasive pattern of egregious misconduct lasting a period of many months in flagrant violation of numerous Departmental policies. Your commission of these acts of misconduct is factually uncontroverted (as you deny only the frequency of their occurrence).

It is uncontroverted that, while on duty and in full police uniform, you transported the involved female in your marked patrol vehicle to remote locations for the sole purpose of having sexual relations. She was an unauthorized passenger in the City's patrol vehicle, as you by design never obtained the required authorization to transport her in your police vehicle because you clearly knew to do so was grossly improper and you sought to conceal your improper activities.

-1-

In engaging in this misconduct, you disregarded this female passenger's physical safety and endangered her by parking in remote locations late at night where you engaged in sex acts. Further, you were not in position to respond expeditiously to calls for service directed to you by dispatchers, to calls from other patrol officers requiring assistance or backup or to calls for help from citizens of the City of Vallejo. By having an unauthorized female passenger in your police vehicle in remote locations for the purpose of engaging in sexual relations, you clearly were unable to perform your duties in a safe or prompt manner. Further, by repeatedly and purposefully failing to obtain a Ride-Along waiver, you subjected the City to extensive liability exposure should an accident, officer-involved shooting or other tragic event have occurred resulting in serious injury or death to this unauthorized passenger while she was in your police vehicle.

The nature and extent of you misconduct is shocking, which misconduct clearly was unbecoming and brought into disrepute the Department and its other personnel. Your actions demonstrate serious, repeated and perplexing failures in judgment that make you unfit to be a police officer.

Your on-duty misconduct violated the following specific Departmental policies:

- VPD General Order B-1, I-B: Standards of Conduct (Conduct Unbecoming):

    Members and employees shall conduct their private and professional lives in such a manner as to avoid bringing disrepute upon themselves, the Department, the City of Vallejo and the police service. The absence of a specific rule commanding or forbidding a particular act does not preclude administrative action where an individual's behavior violates this provision.

- VPD General Order B-1, III, B1.4: Standards of Conduct (Availability for Duty):

    Personnel shall not conceal themselves from the public, nor fail to answer any call directed to them, except to accomplish a police purpose. Uniformed personnel in field assignments shall inform the Communications Section of location and duty status changes.

- VPD General Order B-1, III, B1.14: Standards of Conduct (Duty Responsibilities):

    Although periodically relieved of duty, members are at all times subject to recall. They shall respond expeditiously to calls for service directed to them, lawful orders of competent authorities and requests for assistance from citizens, and shall perform their duties promptly.

-2-

- VPD General Order B-1, III, B1.21: Standards of Conduct (Idling on Duty): Personnel shall not sleep on-duty, nor shall they, except at meals and during breaks, engage in personal activity not directly related to the performance of duty. Any exception requires the specific authorization of the pertinent Bureau Commander.

- VPD General Order B-1, III, B1.35: Standards of Conduct (Obedience to Laws, Regulations, and Orders): Members and employees shall obey all laws and ordinances, and all General Orders and special orders of the Department. They shall perform their duties as required or directed by law, Department policy, Department training guidelines or order of a superior officer or other proper authority. While assigned by the Department to another jurisdiction, members and employees are additionally subject to the rules and orders of that jurisdiction.

- VPD General Order H-2, F.4: Department Property and Equipment:
  (Policy): The use of Department property and equipment is strictly reserved for law enforcement purposes. Personnel are required to utilize Department property and equipment in the manner for which it is intended. (Using Vehicle for other than Police Purpose) Personnel shall transport citizens in Department vehicles only when necessary to accomplish a police purpose.

- VPD General Order H-8, 1.8: Uniforms, Equipment and Appearance: (Uniform Attire in Public View) Members and employees shall, while on-duty and absent orders to the contrary, be attired and equipped in the manner set forth in this Order, and shall present a conservative, professional appearance. Absent a supervisor's authorization, uniformed members shall wear all required uniform items while in public view.

- VPD General Order J-6, III, B: Ride-Along Program

  III. Procedures

    A. The ride-along program is intended to be instructive and public relations-oriented. A Watch Commander or other competent authority shall approve host personnel and screen participants.

    B. Individuals expressing an interest in the ride-along program shall be referred to the Watch Commander of the shift on which they wish to participate.

       1. The Watch Commander shall schedule an appropriate member or employee to host the approved ride-along applicant.

       2. Ride-along applicants must sign a Waiver of Liability form before participating in the program. The host member or

-3-

    employee shall complete the form and have it signed before the ride-along tour begins.

  3. The host member or employee shall submit the signed waiver form, together with other authorization documents, if applicable, to the Professional Standards Division, via the Duty Status mailbox.

If you choose to appeal this discipline, you are required to notify the Human Resources Director within five (5) calendar days of your intent to exercise your post-disciplinary appeal rights (see MOU Section 30J). Failure to appeal within the time specified shall constitute a waiver of your right to appeal.

All materials upon which this disciplinary action is based already have been provided to you and/or your attorney, including complete copies of all reports, notes, transcripts, and video/audio recordings.

Receipt Acknowledged:

December 3, 2013          *C. Calhoun*

                CHASE CALHOUN, Police Officer

cc: Daniel E. Keen, City Manager
   Claudia Quintana, City Attorney
   Maria C. Olvera, Human Resources Director

-4-