**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:     FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>             Plaintiffs,<br><br>     v.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>             Defendants. | Case No.  2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**JUDGE:**    Hon. Kimberly J. Mueller<br>**DATE:**     August 29, 2014<br>**TIME:**     10:00 a.m.<br>**CRTRM:**    3, 15th Floor<br><br>**TRIAL DATE:** November 17, 2014 |

### I.  INTRODUCTION

Plaintiffs' Opposition is a compilation of speculation and conjecture, poorly disguised as fact or evidence. In fact, many aspects of Defendants' Motion have been conceded tacitly; for convenience, all proposed dispositions have been enumerated below, see 2:11-23. As they have not been discussed by Plaintiffs, so they will not be again by the Defendants.

//

Case No.  2:13-CV-00320-KJM-KJN                DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

1

Instead, this Reply is confined to the Opposition's choice of topics – and chiefly to Officer Calhoun's shooting of Belle.  There seems to be little doubt that the federal counts cannot survive and accordingly the state causes of action succumb as well.

## II. PERTINENT FACTS

The Defendants will not debate the Plaintiffs' lengthy (and largely repetitive) display of facts, characterizations and interpretations. At the same time, the Defendants want to prevent a misapprehension that any "material issues of fact" exist – mainly because the few pivotal facts are undisputed, anyway.  Consequently, the Defendants' factual references are blended into the forthcoming discussion, rather than segregated.

## III. THE PLAINTIFFS' IMPLICIT CONCESSIONS OF SUMMARY JUDGMENT

Perhaps predictably, Plaintiffs have offered no opposition to summary disposition of several counts:

- §1983 Fourth Amendment Claim for warrantless entry:   Plaintiffs "do not oppose granting summary judgment on *Monell* claims against Defendant City of Vallejo, or their claim against Officer Calhoun for trespass." (Opposition, 1: Fn 1.)
- §1983 *Monell* claim: Likewise, Plaintiffs "do not oppose granting summary judgment on their *Monell* claim against Defendant City of Vallejo."  Additionally, Plaintiffs do not address their *Monell* claim against Police Chief Nichelini. (Opposition, 1: Fn 1.)
- Trespass: This claim is withdrawn. (Opposition, 1: Fn 1.)

Because these aspects of the First Amended Complaint were not opposed, the City has nothing to which it can reply.  Despite the miscellany of other causes of action, the nucleus of this lawsuit is the Fourth Amendment Claim.

- 4th Amendment Unreasonable Seizure Claim: Plaintiffs have essentially one grievance: Officer Calhoun's shooting of Belle.

The factual circumstances have been arrayed at length in both the Motion (2:6-4:13) and the Opposition (1:21-9:12).  Melodramatic narratives aside, the core undisputed facts are

that Officer Calhoun shot Plaintiffs' dog Belle, whose rationale was fear that Belle would harm him.

## IV.   LEGAL ARGUMENT

### A.   OFFICER CALHOUN'S SHOOTING OF BELLE DID NOT VIOLATE THE FOURTH AMENDMENT AS IT WAS IN SELF DEFENSE

As stated in the moving papers, to succeed on a Fourth Amendment claim for unlawful seizure, Plaintiffs must not only show that a seizure occurred, but also that the seizure was unreasonable. (*Brower v. County of Inyo* (1989) 489 U.S. 593, 599.) A court must consider the totality of the circumstances and balance "the nature of the quality and quantity of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake" to determine whether the force used to effect a particular seizure was reasonably necessary. (*Graham v. Connor* (1989) 490 U.S. 386, 396, internal quotations and citations omitted.) "The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the amount of force that is necessary in a particular situation." (*Id*. at 396-97.)

Fourth Amendment claims are reviewed for objective reasonableness because the subjective intent of the Defendant is irrelevant. (*Brower*, *supra*, at 599.)

The "primary governmental interest to be considered in a Fourth Amendment claim based on the shooting of a dog is the safety of the officer." (*San Jose Charter of the Hells Angels Motorcycle Club v. City of San Jose* (9th Cir. 2005) 402 F.3d 962, 977 (governmental interest of safety may provide "sound justification" for officer's conduct in shooting dog). Where danger is unexpected and imminent, or dogs are allowed to run free, unleashed, uncontrolled, and unsupervised, the balance tips in favor of the governmental interest. (*Id.)* "The balance of these interests depend on whether an objectively reasonable officer… in the position of [the officer] could conclude that the [Plaintiffs'] dog posed an imminent threat." (*Id*. at 207.)

//
//

On the other hand, "the private Fourth Amendment possessory interests are obviously stronger when, although the dog is unleashed, the owner is nearby and attempting to assert control over the dog." (*Id.*)

In the instant case, Plaintiffs admit that Officer Calhoun was the only eyewitness to the event and to the events preceding it. (Opposition, 13:26-27.) Accordingly, Officer Calhoun was faced with two large dogs moving toward him in a rapid manner which the dogs' guardians could not restrain. Thus, not only was the danger to Officer Calhoun unexpected and imminent, but Plaintiffs' dogs were "running free, unleashed, uncontrolled, and unsupervised," thus tipping the balance in favor of the governmental interest. Moreover, the undisputed evidence also establishes Belle was agitated, that she "charged at" Officer Calhoun, and that even after Officer Calhoun's retreat, Belle continued to charge at him. Based on this scenario, Officer Calhoun reasonably believed he was in imminent danger of physical injury from Belle at the time he fired his weapon at the dog. Lastly, it is undisputed that Officer Calhoun immediately apologized to Plaintiff Erika Gregory after killing Belle, which is consistent with someone who did not shoot Belle in vain. Accordingly, Officer Calhoun's actions did not violate Plaintiffs' Fourth Amendment rights. Thus, Calhoun's seizure of Belle was not unreasonable.

Since there are no eyewitnesses to refute Officer Calhoun's events, Plaintiffs offer several purported "disputed facts" to support their opposition. They are addressed below.

### 1. <u>Plaintiffs' "Evidence" Pertaining To Calhoun's Credibility Is Inadmissible Because It Is Irrelevant And Prejudicial</u>

Plaintiffs spend 6 pages discussing Officer Calhoun's termination from the Vallejo Police Department, which reads more like a sensationalized tabloid than evidence. Regardless of their hyperbole, they assert the following:

- Calhoun's sexual misconduct resulted in seven sustained findings of department policy. (Opposition, 14:22-28.) First, sustained findings of sexual misconduct are irrelevant to Officer Calhoun's shooting of Belle. Second, this evidence is inadmissible under Federal Rule of Evidence 403. Under Fed. R. Evid. 403, the court may exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence."

- Calhoun was dishonest during the IA, and had "selective memory loss" related to locations of his sexual misconduct. (Opposition, 15:6-14.) Plaintiffs suggest that because Officer Calhoun had "selective memory loss" on one occasion, that he had "selective memory loss" on the day of the incident. First, Officer Calhoun has no "selective memory loss" in the present case, in fact, his memory is vivid. In any event, this evidence is precluded under Federal Rule of Evidence 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait").

In an instructive case, *Morris v. Long* (E.D.Cal.2012) 2012 U.S. Dist. Lexis 112368, Plaintiff was taken by an Officer to a Fresno Police Department facility located near Shaw Avenue and 6th Street for purposes of a forced blood draw. Plaintiff alleged that the Officer used excessive force during the blood draw. (*Morris*, *supra,* at 2.) During Pre-Trial proceedings, Defendant moved in limine to preclude Plaintiff from introducing evidence of Defendant's prior use of force incidents that were the were subject of internal affairs complaints. The court excluded this evidence holding that "[s]uch evidence or testimony would be inadmissible character evidence, unless offered to prove something other than propensity to engage in similar conduct." (*Morris, supra* at 29-32.)

Additionally, Defendant moved to preclude Plaintiff from offering argument or evidence of Defendant's interactions with animals, contending such evidence is irrelevant. In opposition, Plaintiff contended that the testimony would establish that "[D]efendant responds to even minimal verbal opposition with physical force." Plaintiff further asserted that each of the prior incidents shows that [D]efendant acted aggressively and without provocation in response to non-threatening verbal conduct challenging or criticizing him," and is thus "germane to intent, motive, absence of accident." (*Morris, supra* at 39-42.)

*Morris* held, "that even if testimony regarding the incidents at issue was somehow admissible as other acts evidence, the Court has discretion to exclude the evidence as being more prejudicial than probative under Federal Rule of Evidence 403." (*Morris, supra* at 39-42, citing,

*U.S. v. Walls*, (9th Cir. 1978) 577 F.2d 690, 696.)  *Morris* explained that "given the lack of similarity between the circumstances surrounding Defendant's alleged misconduct and his conduct in the incidents adduced by Plaintiff, evidence of the incidents has minimal probative value. The risk of undue prejudice, on the other hand, is significant. Even assuming Plaintiff intended to use the testimony for a proper purpose, the jury could use the testimony for an improper one (e.g., viewing the testimony as evidence of character or habit)." (*Id.*)  As a result, the court found "that the risks of undue prejudice, consumption of time and misleading the jury support exclusion of the testimony at issue." (*Id.*)

Similarly, the fact that Officer Calhoun was terminated for sexual misconduct is not relevant to his shooting of Belle.  The lack of similarity between the circumstances surrounding Calhoun's alleged sexual misconduct and his conduct in the instant case has minimal probative value. Like *Morris*, the risk of undue prejudice, is significant. Even assuming Plaintiffs intend to use the evidence for a proper purpose, the jury could be unduly misled, confused, and distracted. Thus, Plaintiffs evidence would be more prejudicial than probative and thus inadmissible. Accordingly, Plaintiffs have provided no admissible material facts to contradict Officer Calhoun's version of events.

### 2. The fact that Calhoun was not bitten or touched by the dogs is irrelevant to the Unreasonable Seizure Claim

Plaintiffs aver that since "Calhoun was not bitten or otherwise touched by the dogs" that Belle must not have charged at Calhoun. (Opposition, 14:15-21.) As *Warboys* emphasized, however, the law does "not require [an officer] to wait until the approaching animal [is] within biting distance or [is] leaping at him before taking protective action."  The law "simply does not require a reasonable officer to have used less force to protect himself, his police dog, and the officers standing nearby."  (*Warboys*, *supra*, at 117-119.) It is no more complicated than that.

### 3. Belle's Placid Nature Is Irrelevant To Officer Calhoun's Use Of Force Because No Evidence Has Been Presented Of Belle's Temperament On The Day Of The Incident

Plaintiffs announce triumphantly that evidence as to Belle's temperament for peacefulness is relevant to the inquiry of reasonableness of the use of force, however, the opposition offers no

analogous precedent or itemizations of fact.  Instead, Plaintiffs offer the following:

- *Thurston v. City of North Las Vegas Police Dept.* (9th Cir. 2014), 552 Fed. Appx. 640:  In this lawsuit, Defendant officers killed two dogs that were moving towards them while they attempted to serve a search warrant. Plaintiff presented evidence that just prior to the attack, she observed her dogs sitting by the back patio door looking happy and "wiggling their tails". Although Plaintiff did not witness the attack herself, *Thurston* held, that when "viewing the evidence in Thurston's favor, a jury could infer that if her dogs were "wiggling their tails" non-aggressively right before the alleged attack, then perhaps they did not attack at all." (*Thurston, supra* at 640-642.)

Here, not only have Plaintiffs failed to present any evidence of Belle's behavior prior to the attack, but they have not presented any evidence of Belle's behavior even earlier that day. Thus, the facts are so dissimilar that this case is inapplicable.

- *Kay v. County of Cook, Illinois* (N.D. Ill., 2006) 2006 WL 2509721: In this lawsuit, an officer shot a dog while attempting to serve a summons. Evidence existed in the record that the Officer was aware that there were dogs on Plaintiffs' property before shooting the dog. (*Kay, supra* at 2-3, 13-14) As a result, the court allowed Plaintiff to present evidence of his dog's temperament.

Here, Plaintiffs have presented no evidence to even suggest that Officer Calhoun knew there were dogs on the property prior to entering Plaintiffs' home. Thus, this is case is irrelevant.

- *Taylor v. City of Chicago,* (N.D. Ill. 2010) 2010 WL 487797:  This lawsuit involved an Officer who responded to a 911 call pertaining to loose dogs. Once he arrived to the scene, he encountered an agent from Chicago Animal Care and Control. He found Plaintiff's dog standing on the sidewalk near Plaintiffs' home. The officer immediately drew his gun even though the dog was not biting, attacking, or threatening anyone and instead just standing still and wagging his tail. Plaintiffs' neighbor asked the officer not to shoot, as the dog was friendly and his owners were on their way to retrieve him. A seven-year-old girl and her family had even approached the dog to retrieve him for plaintiffs. The officer ignored these entreaties and the presence of the Chicago Animal Care and Control worker, shooting the dog instead. Plaintiffs, along with friends and neighbors, observed the shooting from across the street. (*Taylor, supra* at 2-3.)

Is it possible to imagine a situation more different from that here?

### 4. Calhoun's Pre-Entry Actions Are Irrelevant To The 4th Amendment Analysis

Plaintiffs' aver that "Calhoun's purported actions in entering the property are also disputed, which may have contributed to the ultimate constitutional shooting." (Opposition, 17:4-5.)

However, as they offer no authority to support this assertion, it will not be addressed by Defendants.

### 5. Calhoun's State Of Mind Is Irrelevant In An Excessive Force Case

Plaintiffs allege that Calhoun's state of mind is a disputed fact. (Opposition, 17:26-18:21.) However, it is well-settled that "issues of motive and intent are essentially irrelevant in [an excessive force] case. The test 'in an excessive force case is an objective one.' Thus, '[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.' " (*Morris v. Long* (E.D. Cal. 2012) 2012 U.S. Dist. Lexis 112368 at 39-40, citing *Graham v. Connor* (1989) 490 U.S. 386, 397, with approval.) Thus, one does not need to linger on this topic.

### B. PLAINTIFFS CANNOT MEET THEIR BURDEN TO ESTABLISH THAT THE LAW WAS CLEARLY ESTABLISHED AT THE TIME OF THE INCIDENT TO REFUTE OFFICER CALHOUN'S QUALIFIED IMMUNITY

As discussed in the moving papers, it is Plaintiffs' burden to prove that the law governing the officer's conduct was "clearly established." (*Maraziti v. First Interstate Bank of Cal.* (9th Cir. 1992) 953 F.2d 520, 523.) It is not enough to "determine the broad question of whether the seizure…violated the Fourth Amendment's proscription against unreasonable seizures…To do so would merely state [the] right in the abstract, rather than … under the particular circumstances of [the] case as the Supreme Court has mandated." (*Maag v. Wessler* (9th Cir. 1992) 960 F.2d 773, 775.)  On the contrary, the Ninth Circuit has repeatedly instructed "courts not to define clearly established law at a high level of generality.…[T]hat an unreasonable search or seizure violates the Fourth Amendment is of little help in determining whether the violative nature of particular conduct is clearly established." (*Mattos v. Agarano* (9th Cir. 2011) 661 F.3d 433, 442; citing *Ashcroft v. al-Kidd* (2011) 131 S.Ct. 2074.)  The question is whether it is "'sufficiently clear' that every reasonable official would have understood that what he is doing violates that right." (*Id*. at 442)

Plaintiffs have presented no evidence to establish that their civil rights were violated. However for purposes of the qualified immunity analysis, Defendants will assume that Plaintiffs can satisfy the criteria for a constitutional violation. In order to penetrate Officer Calhoun's qualified immunity, Plaintiffs need to establish that the law governing the officer's conduct was clearly established. Despite the fact that earlier in their Opposition, Plaintiffs stated that "while the facts here are distinct from those in *San Jose Charter of Hells Angels Motorcycle Club*, Plaintiffs now assert that *San Jose* provides that the law was clearly established at the time of the incident. Specifically, Plaintiffs offer *San Jose* for the proposition that an officer could not kill a citizen's dog on his or her property, if it is not reasonable under the circumstances. Defendants do not disagree.

However, Plaintiffs have provided no material facts to contradict Officer Calhoun's version of events. Assuming Belle was in fact a peaceful dog, Plaintiffs have not provided any testimony of Belle's behavior on the day of the incident. Above all, Belle was an animal and consequently, her behavior was not predictable. Moreover, Plaintiffs have provided no evidence that Officer Calhoun knowingly violated the Constitution. They have at best provided tabloid fodder of sexual misconduct which is not reasonably calculated to a dog shooting. Thus, under the undisputed facts and controlling authority, Officer Calhoun is entitled to qualified immunity from Plaintiffs' § 1983 claims.

**C.   PLAINTIFFS CONVERSION AND TRESPASS TO CHATTELS CLAIMS ARE MERITLESS**

As Plaintiffs have presented no material issues of fact as to whether Calhoun was acting in self-defense, Defendants should be granted summary judgment on these claims.

**D.   PLAINTIFFS INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM IS UNSUPPORTED BY THE EVIDENCE**

Plaintiffs assert that in order to prove this claim, they need to show that Officer Calhoun "knew that there was a high probability that emotional distress would result and acted with a deliberate disregard of that probability." Although this is a complete misstatement of the law, see Motion (17-1-18:13), Plaintiffs cannot prevail on either standard. (Opposition, 20:1-6.)

While the death of Plaintiffs' beloved dog was a tragedy, the undisputed evidence is that Officer Calhoun killed Belle in self-defense. The facts do not support a constitutional claim under the Fourth Amendment, and they likewise do not establish outrageous conduct by Defendants.

Moreover, as Officer Calhoun killed Belle outside the presence of either Plaintiff, it is unreasonable to suggest that his behavior was intended to cause severe or emotional distress to Plaintiffs. There is no evidence in this case, and no suggestion, that any behavior "was intended to cause severe or extreme or emotional distress" (*Christianson*, *supra*, at 903) to Plaintiffs.

Consequently, Plaintiffs cannot succeed on this claim.

### E. PLAINTIFFS CANNOT PREVAIL ON A CALIFORNIA CIVIL CODE §52.1 BECAUSE THEY HAVE NOT PROVIDED ANY EVIDENCE OF THREATS, INTIMIDATION, OR COERCION

Defendants don't disagree that a §1983 claim for excessive force is coextensive with a cause of action under §52.1. (Opposition, 20:13-19.) While that may be true, this is not a traditional excessive force case, but rather a 4th Amendment claim for unlawful seizure. Because Plaintiffs have not alleged any facts that amount to "threats, violence or intimidation", they cannot prevail on this claim for relief.

### V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion for summary judgment be granted.

DATED: August 22, 2014                    Respectfully submitted,

*/s/- Furah Z. Faruqui*
FURAH Z. FARUQUI
Attorney for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN