Nick Casper (SBN 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:     (925) 947-1147
Facsimile:     (925) 947-1131


Attorneys for Plaintiffs
ERIKA GREGORY and LOREN MOLLNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>             Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD Chief ROBERT NICHELINI, individually and in His official capacity; VPD Officer CHASE CALHOUN, individually; and DOES 1 Through 50,<br><br>             Defendants. | Case No.  2:13-CV-00320-KJM-KJN<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY**<br><br>**JUDGE:    Hon. Kimberly J. Mueller**<br>**DATE:       December 5, 2014**<br>**TIME:       10:00 a.m.**<br>**CRTRM:   3, 15th Floor**<br><br>**TRIAL DATE:  January 26, 2015** |

## <u>INTRODUCTION</u>

Plaintiffs Erika Gregory and Loren Mollner (hereinafter, "Plaintiffs") have brought a 42 U.S.C. § 1983 action and related state causes of action for the fatal shooting of their eleven-year-old family dog, Belle, by Chase Calhoun ("Calhoun"), a former Vallejo Police Department ("VPD") officer.

In light of documents ordered to be disclosed by Hon. Kendall Newman and the Court's recent ruling on Defendant's Motion for Summary Judgment, Plaintiffs now seek an order

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          1

under Fed. R. Civ. P. 16(b)(4) to reopen discovery on several discrete areas.   Specifically, Plaintiffs seek to:

1)  Continue Chase Calhoun's deposition

2)  Depose an individual designated by City of Vallejo under Fed. R. Civ. P. 30 with knowledge of Vallejo Police Department CAD Logs

3)  Obtain expanded dispatch recording that include the initial call for service

Good cause for allowing Plaintiffs to conduct this limited discovery exists because facts came to light that were not available to Plaintiffs before the close of fact discovery, namely questions regarding Calhoun's whereabouts on the date of the incident prior to his arrival at Plaintiff's residence.

## RELEVANT FACTUAL BACKGROUND

On January 7, 2014, Plaintiffs' counsel deposed Calhoun.   During the deposition proceeding, it was revealed that Calhoun was no longer employed by the Vallejo Police Department ("VPD").   When counsel inquired as to the reasons and circumstances surrounding Calhoun's departure from VPD, defense counsel Furah Faruqui instructed her client not to answer the questions.   The following is an excerpt of the relevant exchange:

Q: And who is your current employer?

A: I'm currently not employed.

Q: Who was your last employer?

A: The Vallejo Police Department.

Q: When did your employment with -- I'm just going to refer to them as "V.P.D." Is that okay?

A: Yeah.

Q: When did your employment with V.P.D. end?

A: December of 2013.

Q: Last month?

A: Yes.

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          2

1    Q: Was that in the beginning or the end of the month?

2    A: Beginning.

3    Q: And what were the circumstances of your departure from V.P.D.?

4

5    MS. FARUQUI: I'm going to object to that. He's not going to be answering any questions as to his departure or the circumstances. That's a violation of privacy, as well as it's a personnel matter and it's privileged information.

6

7    MR. CASPER: Okay.

8    Q: Did it involve your conduct while in the course and scope of your work?

9    MS. FARUQUI: Same objections.  And he's not answering any questions today.

10   MR. CASPER: Well, we have a protective order in this case, and we have asked for any
11   and all incidents of, you know -- I believe we asked for any complaints against Officer
     Calhoun, for which the City responded that there were none.
12

13   MS. FARUQUI: Right.

14   MR. CASPER: Hold on.

15   MS. FARUQUI: I mean, if you want to meet and confer on this issue, we can, but the
     discovery that we gave you is accurate. I can represent to you that. And we gave you
16   any   document related to force in the last five years and complied with your other requests.

17   MR. CASPER: Okay.

18   MS. FARUQUI: I'm just not going to have him answer questions as to his departure.

19
     MR. CASPER: Well, did it involve a complaint of excessive force?
20
     MS. FARUQUI: You can answer that, if you want.
21

22   THE WITNESS: No.

23   MR. CASPER: Okay. For purposes of this, you know, we may meet and confer, and,
     you know, I just reserve the right to reopen Officer Calhoun's deposition, depending on
24   the outcome of our meet-and-confer process or if the Court's involved in any way.

25
     MS. FARUQUI: Right. Of course.
26

27   Deposition of Chase Calhoun ("Calhoun Depo") at 9:1-10:25, Ex 1 to Declaration of Nick
     Casper in Support of Plaintiffs' Motion ("Casper Decl").

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          3

On March 3, 2014, Plaintiffs' counsel sent a meet-and-confer letter to Ms. Faruqui regarding several outstanding production requests, as well as the need for the continued deposition of Calhoun.  Letter from Mr. Casper to Ms. Faruqui dated March 3, 2014, Ex 2 to Casper Decl.  Plaintiffs' counsel never received a written response to the letter from defense counsel.  Casper Decl ¶ 4.  Plaintiffs' counsel had numerous conversations with Ms. Faruqui regarding the need for information relating to Calhoun's departure from VPD, but Ms. Faruqui insisted that Defendant City of Vallejo was not going to produce this information based on the objections stated during Calhoun's deposition, as well as the fact that they were not relevant to any issues in the case.  Casper Decl ¶ 5.

In late-April 2014, through an independent investigation, Plaintiffs' counsel learned the general reasons why Calhoun departed VPD – that he had been terminated for having sexual relations with a woman while on duty at VPD.   Plaintiffs' counsel informed Ms. Faruqui that if this information was correct, it would bear on Calhoun's credibility, important in any case, but particularly in a single-officer fatal shooting with no eyewitnesses. Ms. Faruqui disagreed that the circumstances surrounding Calhoun's termination were relevant, and declined to produce him for deposition or produce related documents.  Casper Decl ¶ 6.

After exhausting the meet-and-confer process, on May 6, 2014, Plaintiffs' counsel initiated a request to Hon. Kendall Newman, the assigned Magistrate to handle discovery disputes, to resolve this outstanding issue.  Email from Mr. Casper to Matt Caspar dated May 6, 2014, Ex 3 to Casper Decl.

On May 14, 2014, a telephone conference was conducted with Judge Newman in which counsel presented their respective positions on the discovery issues.  After holding an 'in camera' review of the circumstances of Calhoun's departure with Ms. Faruqui, Judge Newman informed counsel that he would be ordering the production of the relevant documents pertaining to the departure.  Casper Decl ¶ 8.  On the same date, Judge Newman issued an order stating that City of Vallejo was to produce documents relevant to Calhoun's termination from VPD within 30 days.  Judge Newman's Order dated May 14, 2014, Ex 4 to Casper Decl.

On June 16, 2014, City of Vallejo served the following documents pursuant to Judge

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          4

1   Newman's order: Notice of Discipline from Chief Kreins to Chase Calhoun dated December 2,

2   2013, and Internal Affairs Investigation # 2013-03.[1]  Email from Rachelle Pasco to Mr. Casper

3   dated June 16, 2014, Ex 5 to Casper Decl.

4           On July 1, 2014, Plaintiffs served a Notice of Taking Continued Deposition of Chase

5   Calhoun, noticing July 29, 2014 for the proceeding.   Notice of Continued Deposition of

6   Calhoun, Ex 6 to Casper Decl.

7           On July 7, 2014, Ms. Faruqui sent a letter to Plaintiff's counsel indicating City of

8   Vallejo would not be producing Calhoun for deposition based on the May 19, 2014 fact

9   discovery completion date.  Letter from Ms. Faruqui to Mr. Casper dated July 7, 2014, Ex 7 to

10  Casper Decl.

11          On July 8, 2014, Plaintiffs' counsel sent Ms. Faruqui a meet-and-confer email regarding

12  City of Vallejo's stance on the deposition in light of the withheld termination documents and

13  the improper instructions to Calhoun not to answer questions.  Email from Mr. Casper to Ms.

14  Faruqui dated July 8, 2014, Ex 8 to Casper Decl.  In the same email, Plaintiffs' counsel also

15  requested dates for another telephone conference with Judge Newman, if City of Vallejo did

16  not change its position on the issue.  *Id.*   Plaintiffs' counsel never received a response from

17  defense counsel.  Casper Decl ¶ 14.

18          On July 22, 2014, Plaintiffs' counsel sent another email to Ms. Faruqui renewing his

19  request for available dates for a telephone conference, and Ms. Faruqui responded on July 23,

20  2014.  Casper Decl ¶ 15.

21          On July 23, 2014, Plaintiffs' counsel sent an email request for a telephone conference

22  with Judge Newman regarding the continued deposition of Calhoun.  Email from Mr. Casper to

23  Matt Casper dated July 23, 3014, Ex 9 to Casper Decl.  On July 24, 2014, Matt Caspar sent

24  Plaintiffs' counsel an email that Judge Newman would not grant the request due to the close of

25  discovery.   Email from Matt Casper to Mr. Casper dated July 24, 2014, Ex 10 to Casper Decl.

---

[1] These documents were filed in conjunction with Plaintiffs' Opposition to Motion for Summary Judgment.  They were also the subject of a sealing request by Plaintiffs in accordance with the Stipulated Protective Order, which was ultimately denied.  Plaintiffs direct the Court to Exhibits 15 and 16 to the Declaration of Nick Casper in Support of Opposition to Summary Judgment, Doc-46 and Doc-47.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*        Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          5

1   The following day, on July 25, 2014, Defendants filed their Motion for Summary

2   Judgment.  On October 28, 2014, this Court issued its Order granting summary judgment in

3   part and denying summary judgment in part.

4   ## ARGUMENT

5   A scheduling order may be modified with the judge's consent upon a showing of "good

6   cause."  Fed. R. Civ. P. 16(b)(4).  "The district court is given broad discretion in supervising

7   the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial

8   order[.]" Johnson v. Mammoth Recreations, Inc. (9th Cir. 1992) 975 F.2d 604, 60.

9   Here, there exists good cause to allow Plaintiffs to reopen discovery for the limited

10   purpose of investigating Calhoun's whereabouts prior to his arrival at Plaintiffs' residence on

11   May 16, 2012 and the subsequent shooting of Plaintiffs' dog, Belle.

12   The documents produced by City of Vallejo pursuant to an order from Judge Newman

13   revealed that Calhoun had been terminated from VPD on December 2, 2013 for violating eight

14   departmental policies.  Notice of Discipline from Chief Kreins to Chase Calhoun dated

15   December 2, 2013 and Internal Affairs Investigation # 2013-03, Doc-46 and Doc-47.  The

16   violations uncovered by the Internal Affairs investigation, conducted by Lt. Sid DeJesus,

17   involved Calhoun having multiple sexual contacts with a female Vallejo resident during his

18   shifts in his patrol vehicle at remote locations in Solano County.  Internal Affairs Investigation

19   # 2013-03, Doc-47.  The investigation also found that by placing himself in remote locations

20   during his shifts, Calhoun was not available to respond to calls for service in a timely manner.

21   Id.  Supporting this finding was an interview with Sgt.  Clark, who stated that Calhoun had a

22   "routine" of being later to respond for calls for service, and in some instances multiple calls to

23   Calhoun's patrol unit occurred before he would respond. Id. at p.14 of 24.  These facts

24   supported the sustained findings of violations of Availability for Duty (VPD general Order B-1,

25   III, B1.4), Duty Responsibilities (VPD General Order B-1, III, B1.14), and Idling on Duty

26   (VPD General Order B-1, III, B1.21).  Id. at p. 4 of 24.

27   The relevance of much of this disclosed information related to Calhoun's credibility,

28   specifically his dishonesty exhibited by his habit and custom of concealing and misrepresenting

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*       Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY       6

his improper activities during his shifts to VPD.  Yet it also revealed another critical line of inquiry that had not been evident prior to the production of these personnel documents: Calhoun's whereabouts prior to responding to the call for service for Plaintiffs' report of stolen checks on May 16, 2012.

In his deposition, Calhoun confirmed that calls from VPD were assigned according to beat, that Plaintiffs' call for service occurred in his beat "6", and that his unit's call number was "PD2P6."  Calhoun Depo at 37:12-15, 20-22; CAD Log, Ex 11 to Casper Decl.  Calhoun testified that he was first dispatched to Plaintiffs' residence at 12:08 p.m., which at the time of deposition seemed logical since he stated that he responded to Plaintiffs' residence around 12:10 p.m. in his May 16, 2012 Incident Report.  May 16, 2012 Incident Report, Ex 12 to Casper Decl.  When asked about other information pertaining to the CAD Log, Calhoun testified he did not know exactly how CAD Logs are generated by VPD.  Calhoun Depo at 38:9-15.

In light of the new information relating to Calhoun's termination from VPD, and upon further analysis, it was noted on the CAD Log that the initial call for service may have occurred at 10:59 a.m. and was directed to Calhoun's patrol unit, "PD2P6," as evident from the top line of the CAD Log.  CAD Log, Ex 11.

Plaintiffs realized that if, in fact, there was a one hour and nine minute delay between the time Calhoun was first dispatched and when he finally responded, there were three critical pieces of information that were not available until after the close of discovery.

First, Plaintiffs need Calhoun's testimony regarding his apparent delay in response, and to determine if he had lied in his first deposition session regarding his pre-incident conduct and when he was contacted by dispatch.  Second, Plaintiffs need the testimony of an individual designated by VPD to decipher the CAD Log to show when the initial call for service was directed to Calhoun.  Third, Plaintiffs need dispatch tapes relating to the call for service prior to Calhoun's response, as the audio files previously produced by City of Vallejo commence at the point that Calhoun reports that he had shot Plaintiffs' dog.  Casper Decl ¶ 20.  Prior to the discovery of a potential delay in response, and its significance in light of Calhoun's consistent

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          7

1    course of wrongdoing with VPD, the significance of any dispatch recordings prior to Calhoun's

2    arrival at Plaintiffs' residence was not apparent.  *Id.*

3          The need for the aforementioned discovery was not evident prior to the production of

4    the termination documents after the close of fact discovery.  The information sought by the

5    limited requests is also highly probative of the ultimate issues in this case, specifically whether

6    Calhoun's actions in shooting Plaintiffs' dog were objectively reasonable under the totality of

7    circumstances.  If Calhoun was, in fact, racing to respond to the call for service over one hour

8    after he was initially dispatched, it would bear on his state of mind during the incident and

9    whether he was exercising reasonable judgment, or rather was preoccupied with issues relating

10   to his potential misconduct in being initially unavailable for the call.

11         Plaintiffs' counsel exercised diligence in seeking this information through numerous

12   contacts with defense counsel to obtain this information.  Plaintiff relied on defense counsel's

13   representations that the information was not relevant to the issues in the case. Unfortunately, by

14   the time Plaintiffs' counsel learned from an independent source that there was, in fact, relevant

15   information concerning Calhoun's termination and Judge Newman ordered the records to be

16   produced, fact discovery had closed.  Plaintiffs' counsel concedes he was perhaps remiss in not

17   seeking a stipulation for an extension of fact discovery to accommodate City of Vallejo's delay

18   through withholding relevant information.

19         Finally, there will be scant prejudice, if any, to the parties in allowing Plaintiffs to

20   conduct this limited discovery: the discovery requested is straightforward and not burdensome,

21   there is ample time to conduct the discovery with a January 26, 2015 trial date; and no other

22   dates – including the Settlement Conference, the Pretrial Conference, or the trial – will be

23   affected by the order.

24                                   **CONCLUSION**

25         Calhoun's pre-incident conduct may bear directly on the crux of the issues in the case –

26   the reasonableness of his shooting of Plaintiffs' pet dog – and Defendants should not be

27   rewarded for withholding relevant information pertaining to Calhoun's termination.

28         For the foregoing reasons, Plaintiffs respectfully request that the Court order the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY          8

reopening of discovery on the following issues:

1)   Continue Chase Calhoun's deposition

2)   Depose an individual designated by City of Vallejo under Fed. R. Civ. P. 30 with knowledge of Vallejo Police Department CAD Logs

3)   Obtain expanded dispatch recording that include the initial call for service

Dated: November 6, 2014                              _____ /s/ - "Nick Casper"_____

Nick Casper
**CASPER, MEADOWS, SCHWARTZ & COOK**
Attorneys for ERIKA GREGORY and
LOREN MOLLNER

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY      9