*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 1

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

---oOo---

ERIKA GREGORY and LOREN MOLLNER,

        Plaintiffs,

   -vs-                   NO.2:13-CV-00320-KJM-KJN

CITY OF VALLEJO; former
VPD CHIEF ROBERT NICHELINI,
individually and in his official
capacity; VPD OFFICER CHASE
CALHOUN, individually; and
DOES 1 through 50,

        Defendants.
_____/

DEPOSITION OF CHASE CALHOUN

Taken before GAYLE I. COWAN, CSR
State of California
CSR No. 7004
January 7, 2014

DIABLO VALLEY REPORTING SERVICES
Certified Shorthand Reporters
2121 North California Blvd.  Suite 210
Walnut Creek, California 94596
(925) 930-7388

1          Q.  And who is your current employer?

2          A.  I'm currently not employed.

3          Q.  Who was your last employer?

4          A.  The Vallejo Police Department.

5          Q.  When did your employment with -- I'm just going

6     to refer to them as "V.P.D."

7          Is that okay?

8          A.  Yeah.

9          Q.  When did your employment with V.P.D. end?

10         A.  December of 2013.

11         Q.  Last month?

12         A.  Yes.

13         Q.  Was that in the beginning or the end of the month?

14         A.  Beginning.

15         Q.  And what were the circumstances of your departure

16    from V.P.D.?

17         MS. FARUQUI:  I'm going to object to that.  He's not

18    going to be answering any questions as to his departure or

19    the circumstances.  That's a violation of privacy, as well

20    as it's a personnel matter and it's privileged information.

21         MR. CASPER:  Okay.

22         Q.  Did it involve your conduct while in the course and

23    scope of your work?

24         MS. FARUQUI:  Same objections.

25         And he's not answering any questions today.

1        MR. CASPER:  Well, we have a protective order in this

2   case, and we have asked for any and all incidents of, you

3   know -- I believe we asked for any complaints against Officer

4   Calhoun, for which the City responded that there were none.

5        MS. FARUQUI:  Right.

6        MR. CASPER:  Hold on.

7        MS. FARUQUI:  I mean, if you want to meet and confer

8   on this issue, we can, but the discovery that we gave you is

9   accurate.  I can represent to you that.

10       And we gave you any document related to force in the

11   last five years and complied with your other requests.

12       MR. CASPER:  Okay.

13       MS. FARUQUI:  I'm just not going to have him answer

14   questions as to his departure.

15       MR. CASPER:  Well, did it involve a complaint of

16   excessive force?

17       MS. FARUQUI:  You can answer that, if you want.

18       THE WITNESS:  No.

19       MR. CASPER:  Okay.

20       For purposes of this, you know, we may meet and

21   confer, and, you know, I just reserve the right to reopen

22   Officer Calhoun's deposition, depending on the outcome of

23   our meet-and-confer process or if the Court's involved in

24   any way.

25       MS. FARUQUI:  Right.  Of course.

1          A.   In -- in investigations.

2          Q.   Okay.

3          Was she a uniformed police officer?

4          A.   No.

5          Q.   Was she a sworn officer?

6          A.   No.

7          Q.   Would that entry be before or after your first

8     interaction involving this case?

9          A.   Before.

10          Q.   Okay.

11          When were you first contacted regarding this case?

12          Or let me rephrase that.

13          A.   According to this, twelve-O-- 12:08, but I -- yeah,

14     looks like 12:08 is when I was dispatched to the call.

15          Q.   Okay.

16          And that is the line that says "units recommended";

17     is that right?

18          A.   No.  I don't know what that is, because that shows

19     a bunch of -- a bunch of people.  So I think that ha-- and

20     I don't know, but -- would be the answer, I don't know, but

21     I think that has more to do with dispatch.

22          Q.   Okay.

23          A.   Maybe who they could dispa-- I don't know.  Maybe

24     who they could dispatch the call.

25          None of them responded to the call initially or -- it

1   would be down a couple lines, where it says stat

2   P.D./2-Paul-6 -- which is who I was working that day --

3   dispatched.

4        Q.  Okay.

5        A.  Or "D.I."

6        Then when it goes to -- looks like 2:11, 2-Paul-6

7   U.A., that's probably when I arrived there.

8        Q.  Okay.

9        A.  Or when I clicked the "I got the call" or something

10  else.

11       Q.  Okay.

12       Stat PD/2-Paul-6, 2P6 --

13       A.  Yeah.

14       Q.  -- was that an identification specific to you?

15       A.  Yes.

16       Q.  Was that always your identification when you worked

17  at V.P.D.?

18       A.  No.

19       Q.  Was it --

20       A.  Two represents the shift, so it was the squad two,

21  "P" is for patrol, and then six would be the -- the beat

22  assignment, the area that I was assigned to work.

23       Q.  Okay.

24       A.  And so if you were assigned to work beat five on

25  that same shift, it's 2-Paul-5.  So you see somewhere else on

1   there it's 2-Paul-5, that's somebody on the same shift,

2   patrol, but they're a different beat area.

3          Q.  Okay.

4          So when you covered that overtime day shift you were

5   aware that you were going to be 2P6?

6          A.  That's what I was assigned to work that morning,

7   yeah.

8          Q.  Okay.

9          Do you know why below that on the CAD log it states

10  "primary unit, changed to PD/2P6"?  Do you know what that

11  means?

12         A.  I don't.  That -- this stuff is all

13  dispatch-related.  I'm not sure how they -- we don't use

14  this software in the program they're using to do all this.

15  I'm not sure how that works.

16         Q.  Okay.

17         And you're not sure on the line below that, where it

18  says "stat PD/2P6 U.A.," what the U.A. represents?

19         A.  I believe that's for "unavailable," for showing

20  that's when I arrived or that's when I clicked on the

21  computer or told the dispatch over the air that I arrived on

22  the scene.

23         Q.  Okay.

24         A.  Again, I'm not 100 percent, but I'm pretty sure

25  that that's what that means.

```
1   STATE OF CALIFORNIA      )
                             ) ss.
2   COUNTY OF ALAMEDA        )

3

4         I, GAYLE I. COWAN, a Certified Shorthand Reporter

5   in the State of California, do hereby certify:

6         That CHASE CALHOUN, in the foregoing deposition

7   named, was present and by me sworn as a witness in the

8   above-entitled action at the time and place therein

9   specified;

10        That said deposition was taken before me at said

11  time and place, and was taken down in shorthand by me, a

12  Certified Shorthand Reporter of the State of California, and

13  was thereafter transcribed into typewriting, and that the

14  foregoing transcript constitutes a full, true, and correct

15  report of said deposition and of the proceedings which took

16  place;

17        That I am a disinterested person to the said action.

18        IN WITNESS WHEREOF, I have hereunder subscribed my

19  hand this 16th day of January, 2014.

20

21

22

23

24        _____
          GAYLE I. COWAN, CSR NO. 7004
25        State of California
```

100

DEPOSITION OF CHASE CALHOUN - January 7, 2014

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 2

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

LAW OFFICES OF

ANDREW C. SCHWARTZ
Certified Civil Trial Specialist/
National Board of Trial Advocacy

STAN CASPER
Certified Civil Trial Specialist/
National Board of Trial Advocacy

MICHAEL D. MEADOWS

LARRY E. COOK

NICK CASPER
BARBARA ROSE SMITH
ADAM CARLSON

# CASPER, MEADOWS, SCHWARTZ & COOK
A PROFESSIONAL CORPORATION
CALIFORNIA PLAZA
2121 NORTH CALIFORNIA BOULEVARD
SUITE 1020
WALNUT CREEK, CALIFORNIA 94596-7333

TEL: (925) 947-1147

FAX: (925) 947-1131

EMAIL:
NCASPER@CMSLAW.COM

March 3, 2014

**By U.S. Mail and facsimile**

Furah Z. Faruqui, Esq.
CITY OF VALLEJO, City Hall
555 Santa Clara Street
Vallejo, CA 94590

> **RE:** **_Erika Gregory, Loren Mollner, vs. City of Vallejo, et al._**
> **United States District Court, Eastern District of California**
> **Case No. 2:13-CV-00320-KJM-KJN**

Dear Ms. Faruqui:

I am writing to meet and confer on several outstanding discovery issues in the above-referenced matter. Specifically, Plaintiffs are seeking responses to Plaintiffs' Request for Production of Documents, Set One, Request Nos. 13, 14, 15, and 16. These requests are as follows:

- **REQUEST NO. 13**: The entire personnel file of Officer Chase Calhoun.

- **REQUEST NO. 14**: Any and all job applications for Officer Chase Calhoun.

- **REQUEST NO. 15**: Any and all writings or other documentation relating to citizen complaints against Officer Chase Calhoun.

- **REQUEST NO. 16**: Any and all training records for Officer Chase Calhoun.

Nothing has heretofore been produced responsive to these requests, despite a Protective Order in place, other than a bare assertion that there were no prior complaints of excessive force against Chase Calhoun.

Erika Gregory and Loren Mollner
RE: *Gregory, Mollner vs. City of Vallejo, et al.*
March 3, 2014
Page 2

While Defendants asserted a litany of objections to the requests, the records are clearly discoverable (a lower threshold than admissible, as you are aware) under the governing authority of *Soto v. City of Concord* (N.D. Cal. 1995) 162 F.R.D. 603. *Soto* extended the reasoning of *Kelly v. City of San Jose*, cited by Defendants for justifying their non-disclosure of documents, to a § 1983 excessive force claim against the City of Concord. The *Soto* decision is dispositive of the issues relating to these requests, and I encourage you to read the case carefully.

In *Soto,* the § 1983 plaintiff requested the defendant officers' personnel files, which encompassed the various categories of documents sought by the instant Plaintiffs' Request Nos. 13-16. With regard to the defendants' objections based upon the Official Information Privilege, the *Soto* court stated:

> [A] general claim that the police department's internal investigatory system would be harmed by disclosure of personnel files is not sufficient to meet the *Kelly* threshold test for invoking the official information privilege. *Miller v. Pancucci* (C.D.Cal.1992) 141 F.R.D. 292, 301. The court in *Miller* allowed discovery of personnel files, including personnel complaints, training records, and internal affairs investigation files, despite defendants' general claim of harm to their internal investigatory system. *Id.* at 301–02.
>
> In the case at bar, and in civil rights cases against police departments in general, it is not likely that plaintiffs can obtain information of comparable quality from any other source. *Kelly*, 114 F.R.D. at 667. Thus, discovery of the police personnel files is the only way through which Plaintiffs will have access to the information contained within. In addition, as stated above, Defendants' general assertion of harm to their internal investigatory system does not meet the Kelly threshold test for invoking the official information privilege.

*Soto v. City of Concord* (N.D. Cal. 1995) 162 F.R.D. 603, 615-16

With regard to the City's assertion of Chase Calhoun's privacy rights, the controlling case of *Soto* once again addressed such objections:

> Plaintiff's need for the requested personnel files is great. This Court recognizes that the information contained in police personnel files is unlikely to be available from any other source than Defendants' files. As established earlier, in civil rights cases against police departments, plaintiffs cannot usually obtain information of comparable quality from

Erika Gregory and Loren Mollner
RE:  *Gregory, Mollner vs. City of Vallejo, et al.*
March 3, 2014
Page 3

any other source. *Kelly*, 114 F.R.D. at 667. The court in Kelly has stressed the strong public interest in uncovering civil rights violations of the type at issue in this case. *Id.* at 660. These interests would be substantially harmed if access to the relevant portions of the requested personnel files is denied.

In cases with similar factual situations as the case at bar, district courts in the Ninth Circuit have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents. The court in *Martinez v. City of Stockton*, 132 F.R.D. 677, 683 (E.D.Cal.1990), balancing the privacy interests of the individual police officers versus the need for discovery under state law, allowed the discovery of personnel records subject to a protective order. The court in *Hampton v. City of San Diego* declined to apply state-codified privacy laws, but did conduct a general balancing test to determine the privacy interests of the officers in that case. 147 F.R.D. 227, 230 (S.D.Cal.1993). The court also balanced the need for the requested personnel files against the privacy rights of individual police officers, expressing concern only for the privacy of those non-party officers involved at the scene of the incident. Id. Finally, the court in Miller ordered discovery of personnel files despite the defendants' assertion of the right of privacy. 141 F.R.D. at 301 (C.D.Cal.1992). Thus, the existing case law suggests that the privacy interests of police officers have not outweighed the civil rights plaintiff's need to discover the officer-defendants' personnel files.

In applying the balancing analysis to the personnel files sought by Plaintiff in the case at bar, it is clear that Plaintiff's need for the documents will outweigh any invasion of Defendants' privacy rights, particularly under the limitations of a carefully crafted protective order. Defendants' privacy interests may be sufficiently protected with the use of a "tightly drawn" protective order, specifying that only Plaintiff, his counsel, and his experts may have access to the material, and that copies of such material will be returned to Defendants at the conclusion of the case.

Considering the great weight that is afforded to federal civil rights laws, as articulated in Kelly, and the case law which supports discovery of police personnel files, this Court finds that Defendants' privacy interests in the personnel files are outweighed by Plaintiff's need for the documents.

*Soto v. City of Concord* (N.D. Cal. 1995) 162 F.R.D. 603, 617.

Erika Gregory and Loren Mollner
RE: *Gregory, Mollner vs. City of Vallejo, et al.*
March 3, 2014
Page 4

The City's objections based on attorney-client privilege and the work product doctrine for Chase Calhoun's personnel records are clearly unfounded and improper.

Lastly, as you are aware, you instructed Chase Calhoun not to answer any questions regarding his termination from VPD during his deposition, based on privacy objections and an unspecified personnel privilege. We agreed to keep his deposition open pending the outcome of these objections. I intend to reconvene his deposition, through court order if necessary, to cover this discoverable area. However, I will waive reconvening the deposition if Defendants produce Chase Calhoun's entire personnel file, including the time frame in which he was terminated.

These precise types of personnel records are produced regularly in federal civil rights cases. I trust the court would find good cause for their production in light of the material issues in the case, and the questionable circumstances surrounding Chase Calhoun's brief employment with VPD. If we cannot resolve this issue informally, I will be bringing a motion to compel, and will seek available costs and fees.

Please let me know of your position at your earliest convenience. Thank you.

Very truly yours,

NICK CASPER

```
TRANSMISSION VERIFICATION REPORT
```

```
                              TIME  : 03/03/2014 14:41
                              NAME  : CMSC
                              FAX   : 9259471131
                              TEL   : 9259471147
                              SER.# : BROA0J127330
```

```
        DATE,TIME          03/03  14:39
        FAX NO./NAME       17076484687
        DURATION           00:01:29
        PAGE(S)            05
        RESULT             OK
        MODE               STANDARD
                           ECM
```

ANDREW C. SCHWARTZ
Certified Civil Trial Specialist/
National Board of Trial Advocacy

STAN CASPER
Certified Civil Trial Specialist/
National Board of Trial Advocacy

MICHAEL D. MEADOWS

LARRY E. COOK

NICK CASPER
BARBARA ROSE SMITH
ADAM CARLSON

LAW OFFICES OF
**CASPER, MEADOWS, SCHWARTZ & COOK**
A PROFESSIONAL CORPORATION
CALIFORNIA PLAZA
2121 NORTH CALIFORNIA BOULEVARD
SUITE 1020
WALNUT CREEK, CALIFORNIA 94596-7333

TEL: (925) 947-1147

FAX: (925) 947-1131

EMAIL: ncasper@cmslaw.com

# FACSIMILE COVER SHEET

DATE :    March 3, 2014

FROM :    **Nick Casper**

RE      :    *Gregory/Mollner v. City of Vallejo*

TOTAL NUMBER OF PAGES (including this page):     5

Originals/Copies Via:   ☒ First Class Mail   ☐ Overnight Mail   ☐ Courier

---

SENT TO                                                     FAX NUMBER

**Furah Z. Faruqui, Esq.**
City of Vallejo ............................................................(707) 648-4687

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 3

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

**Nick Casper**

| | |
|---|---|
| **From:** | Nick Casper |
| **Sent:** | Tuesday, May 06, 2014 11:01 AM |
| **To:** | 'mcasper@caed.uscourts.gov' |
| **Cc:** | 'Furah Faruqui' |
| **Subject:** | 2:13-CV-00320-KJM-KJN   Gregory v. City of Vallejo, et al. |

Dear Mr. Caspar:

In furtherance of our conversation, opposing counsel (Vallejo Deputy City Attorney Furah Faruqui) and I respectfully request a telephone conference with Judge Newman in the above-reference case.

As I mentioned, May 13-15 are available for the parties to hold the conference, with May 14 being the most preferable.

In brief, the issue upon which we request a telephone conference is the following:

The case is a 42 U.S.C. 1983 case arising from the shooting of Plaintiffs' dog by Defendant Chase Calhoun while he was a Vallejo Police Officer.  Plaintiffs requested Mr. Calhoun's personnel file from Defendant City of Vallejo on behalf of Vallejo Police Department.  The parties agree, in principle, to an in camera review of Mr. Cahoun's VPD personnel file, but seek guidance from Judge Newman as to how this is to be conducted, and how the parties should indicate their respective positions on what is discoverable from Mr. Calhoun's file.

Thank you very much for your attention to this matter.

Sincerely,

Nick Casper
Casper, Meadows, Schwartz & Cook
2121 N. California Blvd. Suite 1020
Walnut Creek, CA 94596
Phone: 925.947.1147
Fax: 925.947.1131
ncasper@cmslaw.com
www.cmslaw.com

1

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 4

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIKA GREGORY, et al., | No.  2:13-cv-0320-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

On May 14, 2014, the court conducted an informal telephonic discovery conference upon the request of the parties, at which attorney Nicholas Casper appeared on behalf of plaintiffs, and attorney Furah Faruqui appeared on behalf of defendants.  Following discussions with the parties at the conference, IT IS HEREBY ORDERED that:

1.  Within 30 days of this order,[1] the City of Vallejo shall produce any portion of officer

   Chase Calhoun's personnel file that relates to the investigation of, and reasons for, his

---

[1] The court notes that the fact discovery completion deadline set by the district judge is May 19, 2014.  (ECF No. 15.)  Although the present dispute was resolved before that deadline, defendants' counsel indicated that she needed some additional time to produce the responsive documents due to logistical reasons.  Accordingly, the court extends the discovery completion deadline *for the limited purpose of producing the documents covered by this order*.  This order does not otherwise modify the general fact discovery completion deadline as defined in the scheduling order.  If the parties require an extension of that deadline, they must seek relief from the district judge by virtue of a stipulated proposed order or a properly-noticed motion.

termination.  In ordering the production of these documents, the court expresses no opinion concerning their ultimate admissibility, but merely finds, for purposes of discovery, that such documents appear reasonably calculated to lead to the discovery of admissible evidence.

2.  Any responsive documents shall be produced in accordance with the terms and conditions outlined in the stipulated protective order previously entered by the court on November 22, 2013.  (See ECF No. 17.)

IT IS SO ORDERED.

Dated: May 14, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 5

### to Declaration of Nick Casper

### in Support of Plaintiffs' Motion to Reopen Discovery

**Nick Casper**

| | |
|---|---|
| **From:** | Rachelle Pasco <Rachelle.Pasco@cityofvallejo.net> |
| **Sent:** | Monday, June 16, 2014 2:52 PM |
| **To:** | Nick Casper |
| **Cc:** | Furah Faruqui |
| **Subject:** | Gregory, et al. v. City of Vallejo, et al. |
| **Attachments:** | Letter.pdf; Protective Order.doc; IA 2013-03 Calhoun Termination Memo.pdf; IA 2013-03 Main Report-No Attachments.pdf |

Hi Nick,

Attached are the responsive documents and protective order.  Please review the protective order and if you approve, I will file it with the court.

Thank you.

Rachelle C. Pasco
(Formerly Rachelle Concepcion)
Legal Secretary
City of Vallejo
555 Santa Clara Street
Vallejo, CA 94590
Tel:  (707) 648-4455

(Please note my updated email address: rachelle.pasco@cityofvallejo.net)

1

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 6

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

1   Nick Casper (State Bar No. 244637)
    CASPER, MEADOWS, SCHWARTZ & COOK
2   A Professional Corporation
    2121 North California Blvd., Suite 1020
3   Walnut Creek, California  94596
    Telephone:  (925) 947-1147
4   Facsimile:    (925) 947-1131

5   Attorneys for Plaintiffs
    ERIKA GREGORY and
6   LOREN MOLLNER

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11

12   ERIKA GREGORY and LOREN MOLLNER,      CASE NO.: 2:13-CV-00320-KJM-KJN

13              Plaintiffs,
                                           **NOTICE OF TAKING CONTINUED**
14   vs.                                   **DEPOSITION OF CHASE CALHOUN**

15   CITY OF VALLEJO; former VPD CHIEF
     ROBERT NICHELINI, individually and in his   Complaint filed: February 20, 2013
16   official capacity; VPD OFFICER CHASE        Trial date: November 17, 2014
     CALHOUN, individually; and DOES 1 through
17   50,

18              Defendants.

19

20   TO:    ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD

21           YOU, AND EACH OF YOU, will please take notice that pursuant to Federal Rule of

22   Civil Procedure §30(b), plaintiffs will take the following continued deposition, upon oral

23   examination on the date and time as set forth below, before a Notary Public commissioned in

24   the State of California. Said deposition will be commenced at the offices of Casper, Meadows,

25   Schwartz & Cook, 2121 N. California Blvd., Suite 1020, Walnut Creek, CA, and taken on

26   successive days thereafter (Sundays and holidays excluded) until fully taken and completed.

27   The deposition will be recorded stenographically.    Plaintiff reserves the right to record said

28   deposition by videotape.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory and Mollner v. City of Vallejo, et al.*
NOTICE OF TAKING CONTINUED DEPOSITION OF CHASE CALHOUN                              Page 1

| | DEPONENT | DATE | TIME |
|---|---|---|---|
| 1 | | | |
| 2 | Chase Calhoun | July 29, 2014 | 10:00 a.m. |

Dated: July 1, 2014

_____
Nick Casper
CASPER, MEADOWS, SCHWARTZ & COOK
Attorneys for Plaintiffs ERIKA GREGORY and
LOREN MOLLNER

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

_Gregory and Mollner v. City of Vallejo, et al._
NOTICE OF TAKING CONTINUED DEPOSITION OF CHASE CALHOUN

Page 2

1    PROOF OF SERVICE (C.C.P. §§1013, 2015.5)

2    RE:  Gregory v. City of Vallejo, et al.

3    I am a citizen of the United States and am employed in the County of Contra Costa, State of
     California.  I am over eighteen (18) years of age and not a party to the above-entitled action.
4    My business address is 2121 North California Blvd., Suite 1020, Walnut Creek, CA 94596.
     On the date below, I served the following documents in the manner indicated on the below-
5    named parties and/or counsel of record:

6         NOTICE OF TAKING CONTINUED DEPOSITION OF OFFICER CHASE CALHOUN

7    ☒    U.S. MAIL, with First Class postage prepaid and deposited in sealed envelopes at
          Walnut Creek, California.
8    ☐    FACSIMILE TRANSMISSION from (925) 947-1131 during normal business hours,
          complete and without error on the date indicated below, as evidenced by the report
9         issued by the transmitting facsimile machine.
     ☐    Hand-Delivery Via Courier
10   ☐    Electronically: I caused said documents to be transmitted using ECF as specified by
          General Order No. 45.II.G. to the following parties:
11   ☐    Other:  Via Electronic Mail

12

13   FOR DEFENDANTS CITY OF VALLEJO, et al
     Claudia M. Quintana, Esq.
14   Furah Z. Faruqui, Esq.
     Deputy City Attorney
15   City of Vallejo, City Hall
     555 Santa Clara Street
16   Vallejo, CA 94590
     Tel:  707.648.4545
17   Fax:  707.648.4687
     furah.faruqui@cityofvallejo.net
18

19   I declare under penalty of perjury under the laws of the State of California that the foregoing
     is true and correct and that I am readily familiar with this firm's practice for collection and
20   processing of documents for mailing with the U.S. Postal Service.

21

22   Dated: July 1, 2014                        _____
                                                Michelle Estrada
23

24

25

26

27

28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 7

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**



City of
**VALLEJO**
California

City Attorney's Office · 555 Santa Clara Street · Vallejo · CA · 94590 · 707.648.4545

July 7, 2014

<u>VIA EMAIL ONLY</u>
Nick Casper, Esq.
Casper, Meadows, Schwartz & Cook
2121 North California Boulevard, Suite 1020
Walnut Creek, CA 94596

**RE:** *Erika Gregory, et al. v. City of Vallejo, et al.*
        **USDC, ED, Sacramento Div, Case No. 2:13-CV-00320-KJM-KJN**

Dear Mr. Casper:

I am in receipt of your deposition notice for the continued deposition of Chase Calhoun. As you know, the fact discovery completion deadline was May 19, 2014. On May 14, 2014, Judge Newman ordered the City to produce the portions of, "Officer Calhoun's personnel file relating to the investigation of and for the reasons for his termination." Judge Newman emphasized that his order modified Judge Mueller's discovery order only "for the limited purpose of the producing the documents covered by this order."

Thus, the City will not be producing Officer Calhoun for his deposition absent a court order.

Thanks,

Very truly yours,

Furah Faruqui
Deputy City Attorney

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 8

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

# Nick Casper

| | |
|---|---|
| **From:** | Nick Casper |
| **Sent:** | Tuesday, July 08, 2014 9:34 AM |
| **To:** | Furah Faruqui |
| **Cc:** | 'Joanna.Venegas@cityofvallejo.net' |
| **Subject:** | RE: Gregory, et al. vs. City of Vallejo, et al. |

Furah:

I am disappointed that you are taking this position with Chase Calhoun's deposition. As you are aware, you did not allow him to answer any questions at his deposition relating to his termination based on inapplicable state privacy objections, and I reserved my right to re-depose Mr. Calhoun on this topic, pending the Court's decision. You said, "Right. Of course."

Judge Newman correctly determined that the circumstances surrounding Mr. Calhoun's termination were relevant. Based on this decision, and the posture of his deposition, I believe you know that Judge Newman is not going to allow me to re-depose Mr. Calhoun, particularly because the delay in discovery was a result of the City's improper withholding of this evidence.

If you continue to insist on having the Court decide this issue, please let me know of your availability for a phone conference with Judge Newman the week of 7/21.

Nick

Nick Casper
Casper, Meadows, Schwartz & Cook
2121 N. California Blvd. Suite 1020
Walnut Creek, CA 94596
Phone: 925.947.1147
Fax: 925.947.1131
ncasper@cmslaw.com
www.cmslaw.com

---

**From:** Joanna Venegas [mailto:Joanna.Venegas@cityofvallejo.net]
**Sent:** Monday, July 07, 2014 11:39 AM
**To:** Nick Casper
**Cc:** Furah Faruqui; Rachelle Pasco
**Subject:** Gregory, et al. vs. City of Vallejo, et al.

Dear Mr. Casper,

Please see the attached letter regarding the above matter.

Sincerely

**Joanna Venegas**
Legal Secretary
City of Vallejo, City Attorney's Office
555 Santa Clara Street, 3rd Floor

1

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 9

to Declaration of Nick Casper

in Support of Plaintiffs' Motion to Reopen Discovery

## Nick Casper

| | |
|---|---|
| **From:** | Nick Casper |
| **Sent:** | Wednesday, July 23, 2014 2:18 PM |
| **To:** | 'mcaspar@caed.uscourts.gov' |
| **Cc:** | 'Furah.Faruqui@cityofvallejo.net'; 'Rachelle Pasco'; Michelle Estrada |
| **Subject:** | 2:13-CV-00320-KJM-KJN   Gregory v. City of Vallejo, et al. |

Dear Mr. Caspar:

The parties in this matter have met and conferred on a discovery issue in the above-referenced matter and are requesting a telephone conference with Judge Newman on the issue.

In brief, the issue is that Plaintiff noticed the continued deposition of Defendant Chase Calhoun for July 29, 2014, and City of Vallejo refuses to produce him due to the close of discovery.

The following are available dates/times for a telephone conference for Ms. Faruqui and I:

July 29, 2014 3:00 p.m. or after
August 4, 2014 2:00 p.m. or after
August 5, 2014 2:00 p.m. or after
August 6, 2014 before 11:00 a.m.
August 8, 2014 anytime

Thank you for your attention to this matter.

Sincerely,

Nick Casper
Casper, Meadows, Schwartz & Cook
2121 N. California Blvd. Suite 1020
Walnut Creek, CA 94596
Phone: 925.947.1147
Fax: 925.947.1131
ncasper@cmslaw.com
www.cmslaw.com

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 10

### to Declaration of Nick Casper

### in Support of Plaintiffs' Motion to Reopen Discovery

## Nick Casper

| | |
|---|---|
| **From:** | MCaspar@caed.uscourts.gov |
| **Sent:** | Thursday, July 24, 2014 9:35 AM |
| **To:** | Nick Casper |
| **Subject:** | Re: 2:13-CV-00320-KJM-KJN   Gregory v. City of Vallejo, et al. |

Mr. Casper,

Judge Newman will not be able to grant your request because, according to the docket, the discovery deadline was in May.  You will need to notice a motion before the assigned District Judge, Judge Mueller.

Thank you

Matt Caspar
Courtroom Deputy to the
Honorable Kendall J. Newman
United States Magistrate Judge
United States District Court
Eastern District of California
(916) 930-4187

---

From:      Nick Casper <ncasper@cmslaw.com>
To:         "mcaspar@caed.uscourts.gov" <mcaspar@caed.uscourts.gov>
Cc:         "Furah.Faruqui@cityofvallejo.net" <Furah.Faruqui@cityofvallejo.net>, Rachelle Pasco <Rachelle.Pasco@cityofvallejo.net>, Michelle Estrada
<michelle@cmslaw.com>
Date:       07/23/2014 02:17 PM
Subject:    2:13-CV-00320-KJM-KJN   Gregory v. City of Vallejo, et al.

---

Dear Mr. Caspar:

The parties in this matter have met and conferred on a discovery issue in the above-referenced matter and are requesting a telephone conference with Judge Newman on the issue.

In brief, the issue is that Plaintiff noticed the continued deposition of Defendant Chase Calhoun for July 29, 2014, and City of Vallejo refuses to produce him due to the close of discovery.

The following are available dates/times for a telephone conference for Ms. Faruqui and I:

July 29, 2014 3:00 p.m. or after
August 4, 2014 2:00 p.m. or after
August 5, 2014 2:00 p.m. or after
August 6, 2014 before 11:00 a.m.
August 8, 2014 anytime

Thank you for your attention to this matter.

Sincerely,

Nick Casper
Casper, Meadows, Schwartz & Cook

1

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 11

**to Declaration of Nick Casper**

**in Support of Plaintiffs' Motion to Reopen Discovery**

CERTIFIED COPY OF ORIGINAL MASTER
VALLEJO POLICE DEPARTMENT
COMMUNICATIONS DIVISION
*A. BATES 206T  G-10-13*
CUSTODIAN OF RECORDS   DATE

| | | |
|---|---|---|
| VALLEJO POLICE DEPARTMENT | | PAGE: 000001 |
| Date: 09/10/13   Time: 14:47 | | Requested By: BATES,ANDREW |

### I N C I D E N T   R E C A L L

| Incident | Time | Type | Pri | Dispo | Address Location | Beat | Team/Dist | Area | Bldg | Apt | Callers Name Callers Address Callers Phone | P-unit | Close Date/ Time | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PD120516024520 | 10:59 | FUP | 4 | 6 | 47 KENTUCKY ST | | | | | | ERIKA GREGORY | PD/2P6 | 12/05/16 | PD2053 |
| | | | | | | 603 | 06 | VPD | | | 47 KENTUCKY 5105937544 | | 14:35 | |

| Date | Time | | | | | Operator |
|---|---|---|---|---|---|---|
| 12/05/16 | 11:00 | Incident Initiated By: PD/BOURSAW,STEPHANIE | | | 69 | BOURSAW,STEPHANIE |
| 12/05/16 | 11:00 | RP FILED 1206054 AND HAS SUSPECT INFORMATION PROVIDED TO HER BY THE BANK | | | 69 | BOURSAW,STEPHANIE |
| 12/05/16 | 11:00 | RP WOULD LIKE TO SPEAK TO AN OFFICER TO PROVIDE SUSPECT INFORMATION TO | | | 69 | BOURSAW,STEPHANIE |
| 12/05/16 | 11:17 | Units Recommended | PD/2P7 | PD/T37 | | THOMAS,ALESIA |
| 12/05/16 | 11:36 | Units Recommended | PD/2P5   PD/2P7   PD/S2   PD/T37 | | | THOMAS,ALESIA |
| 12/05/16 | 12:05 | LPD120516024520 timed out queue updated | | | | UNKNOWN |
| 12/05/16 | 12:08 | Units Recommended | PD/2P6   PD/2P5   PD/2P7   PD/2P8   PD/S2 | | | THOMAS,ELISIA |
| 12/05/16 | 12:08 | Stat PD/2P6 | DI | Loc: 47 KENTUCKY ST | | THOMAS,ELISIA |
| 12/05/16 | 12:08 | Primary Unit | CHANGED | To: PD/2P6 | 01 | THOMAS,ELISIA |
| 12/05/16 | 12:11 | Stat PD/2P6 | UA | Loc: 47 KENTUCKY ST | | CALHOUN,CHASE |
| 12/05/16 | 12:13 | REQ SGT DISPATCHED A DOG | | | 01 | THOMAS,ELISIA |
| 12/05/16 | 12:13 | Stat PD/S2 | DI | Loc: 47 KENTUCKY ST | | THOMAS,ELISIA |
| 12/05/16 | 12:13 | Stat PD/S2 | EN | Loc: 47 KENTUCKY ST | | COSGROVE,DIANE |
| 12/05/16 | 12:16 | NO RESP ON AIR SEV TIMES | | | 01 | THOMAS,ELISIA |
| 12/05/16 | 12:17 | Stat PD/AC | DI | Loc: 47 KENTUCKY ST | | THOMAS,ELISIA |
| 12/05/16 | 12:17 | Stat PD/AC | EN | Loc: 47 KENTUCKY ST | | THOMAS,ELISIA |
| 12/05/16 | 12:24 | Report Num: Fmt-02  LPD120516006170 - ADDED TO EVENT | | | | THOMAS,ELISIA |
| 12/05/16 | 12:31 | Stat PD/S2 | UA | Loc: 47 KENTUCKY ST | | COSGROVE,DIANE |
| 12/05/16 | 12:39 | Stat PD/2P5 | DI | Loc: 47 KENTUCKY ST | | THOMAS,ELISIA |
| 12/05/16 | 12:42 | Stat PD/2P5 | EN | Loc: 47 KENTUCKY ST | | PEDRETTI,MARY |
| 12/05/16 | 12:46 | Stat PD/2P5 | UA | Loc: 47 KENTUCKY ST | | PEDRETTI,MARY |
| 12/05/16 | 13:05 | Stat PD/S2 | CC | | | THOMAS,ELISIA |
| 12/05/16 | 13:12 | Unit PD/2P6 | Status Location Added | Loc: STA | | THOMAS,ALESIA |
| 12/05/16 | 13:12 | Stat PD/2P6 | SC | Loc: STA | | THOMAS,ALESIA |
| 12/05/16 | 13:20 | Unit PD/2P5 | Status Location Added | Loc: WELLS FARGO TENN | | THOMAS,ELISIA |
| 12/05/16 | 14:03 | Stat PD/2P6 | CC | | | THOMAS,ALESIA |
| 12/05/16 | 14:03 | Disposition | CHANGED | To: 6 | 08 | THOMAS,ALESIA |
| 12/05/16 | 14:12 | Stat PD/2P5 | SC | Loc: WELLS FARGO TENN | | THOMAS,ALESIA |
| 12/05/16 | 14:33 | Stat PD/2P5 | CC | | | THOMAS,ALESIA |
| 12/05/16 | 14:33 | Dispo Non-Primary | ADDED | Dsp: 6 | 08 | THOMAS,ALESIA |
| 12/05/16 | 14:35 | Stat PD/AC | CC | | | THOMAS,ALESIA |
| 12/05/16 | 14:35 | Dispo Non-Primary | ADDED | Dsp: 3 | 08 | THOMAS,ALESIA |

==== Vehicle / Subject Information ====

NO VEHICLE OR SUBJECT RECORDS FOR EVENT LPD120516024520.

*Gregory/Mollner vs. City of Vallejo, et al*

*2:13-cv-00320-KJM-KJN*

# EXHIBIT 12

to Declaration of Nick Casper

in Support of Plaintiffs' Motion to Reopen Discovery



# Vallejo Police Department
111 Amador ST
Vallejo, CA 94590
707 648-4321
Fax: 707 648-4490
www.vallejo.com

**Case # 1206170**
*Information Report*

Report # 1206170.1
Report Date: 5/16/2012
Connecting Case(s)

**1**
Page 1
of 3

| Occurred On **5/16/2012 12:13:00 PM** | (and between) | Date Entered **5/16/2012 1:13:20 PM** | Reporting Officer : **624 - Calhoun, Chase** |
|---|---|---|---|
| Location **47 Kentucky St** | City, State, Zip Code **Vallejo, CA 94590** | Entered By **624** **- Calhoun, Chase** | Assisting Officer: |
| Case Report Status **A - Approved** | Disposition **Not a Crime/Other Service** | Clearance Reason | Date of Clearance |

**Offense Description**
## Info - Information Report

| Location **20 - Residence/Home** | Type Security | Tools Used | No. Prem. Entered |
|---|---|---|---|
| Entry Method | Using | Criminal Activity | |
| Gang Related | Domestic Violence **No** | Hate/Bias **88 - None (No Bias)** | |

| Weapons/Force | |
|---|---|
| Means | Other Means |
| Motive | Other Motives |

| **Property Item #** **1** | Photo (If Available) |
|---|---|

| Quantity **1** | Manufacturer | Model | Value **$.00/ea** |
|---|---|---|---|

Serial No./VIN No./ESN No.

Description
**CC1- Photos of yard and dog**

Alert(s)

Owner

Property Category
**27 - Recordings-Audio/Visual**

IBR Type
**27 - Recordings-Audio/Visual**

UCR Type
**F - TV's, Radios, Stereos, Etc...**

Status
**E - Evidence (Including Other Seized Property And Tools)**

| License No. | State | License Year | Vehicle Year | Color | | Body Style |
|---|---|---|---|---|---|---|

| Approved By: **331 - Robinson, Herman** | |
|---|---|
| Date Approved: **5/16/2012 2:37:15 PM** | Printed For: Printed: June 6, 2012 - 9:25 AM Reporting Agency VLO - Vallejo |

# Vallejo Police Department

**111 Amador ST**
**Vallejo, CA  94590**
**707 648-4321**
**Fax: 707 648-4490**
www.vallejopd.com

Information Report
**Report # 1206170.1**
**Date: 5/16/2012**

Case #1206170

**2**
Page 2
of 3

| Recovered Date | Disposition **veripic** | Evidence Tag |
|---|---|---|

| Drug Type | |
|---|---|
| Drug Quantity | Drug Measure |

| Property Notes |
|---|

| **Property Item # 2** | Photo (If Available) |
|---|---|

| Quantity **1** | Manufacturer | Model | Value **$.00/ea** |
|---|---|---|---|

Serial No./VIN No./ESN No.

Description
**CC2- 1 Shell casing**

Alert(s)

Owner

Property Category
**77 - Other**

IBR Type
**77 - Other**

UCR Type
**K - Miscellaneous**

Status
**E - Evidence (Including Other Seized Property And Tools)**

| License No. | State | License Year | Vehicle Year | Color | Body Style |
|---|---|---|---|---|---|

| Recovered Date | Disposition **booked** | Evidence Tag |
|---|---|---|

| Drug Type | |
|---|---|
| Drug Quantity | Drug Measure |

| Property Notes |
|---|

Report Narrative

On 05-16-2012 at about 1210 hours, I was working patrol for the Vallejo Police Department.  I was Dispatched to 47 Kentucky Street regarding follow up with suspect information.   The case number referenced in the call was 12-06054.  I looked up the case number and it appeared to be from the front desk and not an original crime report.

Upon my arrival, I located the home which had a picket fence around the yard which was about four feet tall.  I approached the gate and looked at the yard to see if there were any dogs.  I did not see any dogs, so I opened the gate and entered the yard.  I was about half way to the front porch or about 15 feet from the gate when two mid-large size dogs came around the N/E corner of the house.  The dogs were snarling as they ran toward me.  I tried to back up out of the yard, but both dogs closed the distance almost immediately.  The dogs seemed very aggressive and I knew that they were going to attack me. In self defense, I fired two rounds from my hand gun (serial #AM13509) striking the dog closest to me.  I was able to retreat from the yard and close the gate.

I immediately notified dispatch of the incident and requested a supervisor and animal control to respond to my location. The original RP/ dog owner Erika Gregory came outside and was upset that I had to dispatch her dog.

# Vallejo Police Department
**111 Amador ST**
Vallejo, CA 94590
707 648-4321
Fax: 707 648-4490
www.vallejopd.com

Case #1206170

Information Report
Report # 1206170.1
Date: 5/16/2012

**3**
Page 3
of 3

Sgt. Robinson #331 responded to my location.   Animal Control  Officer Calderon also responded and verified the dog was deceased.

I photographed the yard, dog and shell casing.   I could only locate one of the shell casings and collected it for evidence. The photos and shell casing were later booked into evidence at the Vallejo Police Department.

Officer Pedretti #412 responded to this location to handle the original call for service.

This report is for information only.

Off C. Calhoun  #624

Approved by Sgt H. Robinson #331
05-16-2012

INCIDENT RECALL

SELECTION CRITERIA:

```
                   VEH PLATE :
                   DATE      : 010112    THROUGH    123112
                   TIME      :           THROUGH    2359
                   AGENCY    : PD        UNIT    :
                   AREA      :           SECTOR  :        RESP ZN  :
                   TYPE      :
                   OFFICER   :
                   ADDRESS   :
                   VICTIM    :
                   FILTER    : A
                   SOURCE CD :  , AGENCY ID :
```