CLAUDIA M. QUINTANA
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:  (707) 648-4545
Fax:  (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50, <br><br> Defendants. | Case No. 2:13-CV-00320-KJM-KJN <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO REOPEN DISCOVERY** <br><br> JUDGE:  Hon. Kimberly J. Mueller <br> DATE:   December 5, 2014 <br> TIME:    10:00 a.m. <br> CRTRM:  3, 15th Floor <br><br> TRIAL DATE: January 26, 2015 |

## I.   INTRODUCTION

Plaintiffs request an order to reopen discovery on what they call "several discrete areas", but in reality, are broad fishing expeditions. Specifically, Plaintiffs seek to:

- Continue Chase Calhoun's deposition; and
- Depose an individual designated by the City of Vallejo under F.R.C.P Rule 30 with knowledge of Vallejo Police Department CAD logs; and

- Obtain expanded dispatch recordings that include the initial call for service.

Conspicuously absent from Plaintiffs' application is any showing of good cause to support their request as required by F.R.C.P. 37 and the express language of this court's Scheduling Order. In fact, Plaintiffs' need to reopen discovery is a result of Plaintiffs' own lack of diligence. Defendants would be severely prejudiced by the requested amendment because any further delay in discovery will interfere with other limitations imposed by the Scheduling Order, including preparation for the pre-trial conference and trial preparation. No good cause exists for amending the Scheduling Order and Plaintiffs' application must be denied. Plaintiffs should not be rewarded for their dilatory conduct by receiving an order reopening discovery.

## II. THE PROCEDURAL HISTORY PERTINENT TO PLAINTIFFS' APPLICATION.

Plaintiffs Erika Gregory and Loren Mollner initiated this lawsuit against Defendants City of Vallejo, Police Chief Robert Nichelini and Officer Chase Calhoun for the violation of their civil rights under 42 U.S.C. §1983 and various claims under state law. The Court issued a Pre-Trial Scheduling Order on July 23, 2013. (Faruqui Declaration, ¶ 2.) Pursuant to the Scheduling Order, the Court required completion of discovery not later than May 19, 2014. (Faruqui Declaration, ¶ 3.) On January 7, 2014, Plaintiffs' counsel deposed Officer Calhoun. (Faruqui Declaration, ¶ 4.) At that time, Defense counsel Ms. Faruqui agreed to reopen Officer Calhoun's deposition, depending on the outcome of the meet and confer process with respect to his termination from the Vallejo Police Department. (Faruqui Declaration, ¶ 5.) However, Ms. Faruqui did not agree to reopen Officer Calhoun's deposition after the discovery completion deadline. (Faruqui Declaration, ¶ 6.)

After being dilatory for almost two months, on March 3, 2014, Plaintiffs' counsel sent a meet and confer letter to Defense counsel about the disclosure of Officer Calhoun's personnel file and his continued deposition. (Faruqui Declaration, ¶ 7.) Then Plaintiffs did not meet and confer further on this issue until late April, wasting almost another two months. (Faruqui Declaration, ¶ 8.) Thereafter, the parties engaged in a telephone

conference with Judge Newman about the discovery dispute on May 14, 2014. (Faruqui Declaration, ¶ 9.) As a result, Judge Newman ordered that the City produce documents relevant to Calhoun's termination within 30 days. (Faruqui Declaration, ¶ 10.) The City complied on June 16, 2014. (Faruqui Declaration, ¶ 11.)

Subsequently, on July 1, 2014, Plaintiffs served a Notice of Taking Continued Deposition of Chase Calhoun for July 29, 2014. (Faruqui Declaration, ¶ 12.) On July 7, 2014, Ms. Faruqui sent a letter to Plaintiffs' counsel stating that the City would not be producing Officer Calhoun for his continued deposition as it was after the discovery completion deadline, May 19, 2014. (Faruqui Declaration, ¶ 13.) At that time, Ms. Faruqui reminded Plaintiffs' counsel that Judge Newman emphasized that his order modified Judge Mueller's discovery order only "for the limited purpose of the producing the documents covered by this order." (Faruqui Declaration, ¶ 14.)

Consequently, Plaintiffs scheduled another conference with Judge Newman, but were informed by his clerk on July 24, 2014 that he would need to file such motion with Judge Mueller because the discovery deadline had passed. Plaintiffs did not file the instant motion until November 6, 2014, more than *three* months later and less than three months prior to the January 26, 2015 trial. Thus, Plaintiffs did not exercise reasonable diligence in bringing this motion to the Court's attention, as ample time existed prior to the discovery cut-off.

**III. PLAINTIFFS' APPLICATION MUST BE DENIED BECAUSE THEY HAVE FAILED TO DEMONSTRATE GOOD CAUSE FOR ANY AMENDMENT TO THE SCHEDULING ORDER.**

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." (*Johnson v. Mammoth Recreations, Inc.*, (9th Cir.1992) 975 F.2d 604, 610.) The ability to amend the case management schedule is governed by the "good cause" standard imposed by Fed.R.Civ.P. 16(b) ["a schedule may be modified only for good cause and with the judge's consent."]. (See Fed.R.Civ.P. 37.) "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

amendment." (*Holak v. Kmart* (E.D. Cal. 2014) 2014 WL 256902 [four month delay "is wholly inconsistent with diligence in requesting relief."]; see also *Plascencia v. Lending 1st Mort.*, (N.D. Cal. Jan. 26, 2012 ) 212 W.L. 253319 citing *Johnson v. Mammoth Recreations, Inc.*, (9th Cir.1992)  975 F.2d 604, 608.)

In this case, the need to extend the discovery limitation arises ***only*** as a direct result of Plaintiffs' carelessness and failure to diligently pursue discovery.  Any amendment to the Scheduling Order for the sole reason of accommodating Plaintiffs' own delay is precluded. (*Owens v. Kaiser Foundation Health Plan, Inc.* (9th Cir. 2001) 244 F.3d 708, 713, *Bowles v. Reade* (9th Cir. 1999) 198 F.3d 752, 757-758.)

Plaintiffs themselves admit that they were aware of the discovery dispute since January 7, 2014. However, they did not meet and confer on this issue until almost two months later. Thereafter, they did not schedule a discovery conference with Judge Newman until another two months later. Finally, they learned of the City's position to reproduce Calhoun at the end of July, but did not bring this motion to the court's attention until November 6, 2014, more than three months later. None of the above shows any diligence by Plaintiffs in pursuing discovery. Rather, this illustrates Plaintiffs' complete disregard for the Court's scheduling order. They created this situation themselves. If they would have acted sooner, the discovery deadline would not have closed and the parties would not be a mere two months away from trial. As a consequence, Plaintiffs have not and cannot demonstrate good cause for their delay.

Finally, Plaintiffs neglect to address the significant prejudice that would result to the Defendants in the event the Scheduling Order is amended.  The court should also consider prejudice to the opposing party.  (*Andretti v Borla Performance Industries Inc.*, (6th Cir. 2005) 426 F.3d 824, 830 see also *Holak*, *supra*, *10, [prejudice only supplies "additional reasons to deny the motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."] and *Fernandez v. Cal. Dept. of Corrections*, (2014 E.D. Cal) 2014 WL 1389759.) Plaintiffs are essentially seeking an indefinite extension of time to complete deposition discovery.  Even assuming they were requesting a limited extension, Defendants

will be prejudiced in their ability to prepare for the Pre-Trial Conference, and to prepare for trial. Accommodating the Plaintiffs' lack of diligence by amending the Scheduling Order would have a domino effect on every other limitation through and including trial.

### IV. THE CONTINUANCE OF CHASE CALHOUN'S DEPOSITION ON HIS TERMINATION IS IMPERMISSIBLE BECAUSE IT IS IRRELEVANT AND PREJUDICIAL

Plaintiffs seek the following further discovery:

- Calhoun's testimony regarding his apparent delay in response, and to determine if he had lied in his first deposition session regarding his pre-incident conduct when he was contacted by dispatch.
- Testimony of an individual designated by VPD to decipher the CAD log to show when the initial call for service was directed to Calhoun.
- Dispatch tapes relating to the call for service prior to Calhoun's response, as the audio files previously produced by City of Vallejo commence at the point that Calhoun reports that he had shot Plaintiffs' dog. (Motion, 7:21-8:2.)

Plaintiffs assert that the "information sought is highly probative of the ultimate issues in this case, specifically whether Calhoun's actions in shooting Plaintiffs' dog were objectively reasonable under the totality of the circumstances." (Motion, 8:4-6.) First, Plaintiffs already had the opportunity and did in fact, ask Officer Calhoun about the CAD report and when he arrived at the scene. Not only has this information already been asked and answered, but it is highly irrelevant and inadmissible to Officer Calhoun's shooting of Belle. Second, this evidence is inadmissible under Federal Rule of Evidence 403. Under F.R. Evid.403, the court may exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence."

In any event, this evidence is precluded under Federal Rule of Evidence 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait").

In an instructive case, *Morris v. Long* (E.D.Cal.2012) 2012 U.S. Dist. Lexis 112368, Plaintiff was taken by an Officer to a Fresno Police Department facility located near Shaw Avenue and 6th Street for purposes of a forced blood draw. Plaintiff alleged that the Officer used excessive force during the blood draw. (*Morris*, *supra,* at 2.) During Pre-Trial proceedings, Defendant moved in limine to preclude Plaintiff from introducing evidence of Defendant's prior use of force incidents that were the were subject of internal affairs complaints. The court excluded this evidence holding that "[s]uch evidence or testimony would be inadmissible character evidence, unless offered to prove something other than propensity to engage in similar conduct." (*Morris, supra* at 29-32.)

Additionally, Defendant moved to preclude Plaintiff from offering argument or evidence of Defendant's interactions with animals, contending such evidence is irrelevant. In opposition, Plaintiff contended that the testimony would establish that "[D]efendant responds to even minimal verbal opposition with physical force." Plaintiff further asserted that each of the prior incidents shows that [D]efendant acted aggressively and without provocation in response to non-threatening verbal conduct challenging or criticizing him," and is thus "germane to intent, motive, absence of accident." (*Morris, supra* at 39-42.)

*Morris* held, "that even if testimony regarding the incidents at issue was somehow admissible as other acts evidence, the Court has discretion to exclude the evidence as being more prejudicial than probative under Federal Rule of Evidence 403." (*Morris, supra* at 39-42, citing, *U.S. v. Walls*, (9th Cir. 1978) 577 F.2d 690, 696.) *Morris* explained that "given the lack of similarity between the circumstances surrounding Defendant's alleged misconduct and his conduct in the incidents adduced by Plaintiff, evidence of the incidents has minimal probative value. The risk of undue prejudice, on the other hand, is significant. Even assuming Plaintiff intended to use the testimony for a proper purpose, the jury could use the testimony for an improper one (e.g., viewing the testimony as evidence of character or habit)." (*Id*.) As a result, the court found "that the risks of undue prejudice, consumption of time and misleading the jury support exclusion of the testimony at issue." (*Id*.)

//

Case No. 2:13-CV-00320-KJM-KJN                         DEFENDANTS' OPPOSITION TO
                                                       PLAINTIFFS' NOTICE OF MOTION AND
                                                       MOTION TO REOPEN DISCOVERY
-6-

Similarly, the fact that Officer Calhoun was terminated for sexual misconduct is not relevant to his shooting of Belle.  The lack of similarity between the circumstances surrounding Calhoun's alleged sexual misconduct and his conduct in the instant case has minimal probative value. Like *Morris*, the risk of undue prejudice, is significant. Even assuming Plaintiffs intend to use the evidence for a proper purpose; the jury could be unduly misled, confused, and distracted. Thus, Plaintiffs' evidence if obtained would be more prejudicial than probative and thus inadmissible.

## V.    CONCLUSION

Defendants respectfully request that the Court deny Plaintiffs' Motion because they have failed to address or demonstrate good cause for the relief they request.  In the event the discovery deadline is continued, Defendants respectfully request that all subsequent dates be equally extended including the pre-trial conference and trial.

DATED:  November 21, 2014                    Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　　/s/ - *Furah Z. Faruqui*
　　　　　　　　　　　　　　　　　　　　　　　　FURAH Z. FARUQUI
　　　　　　　　　　　　　　　　　　　　　　　　Deputy City Attorney
　　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendants,
　　　　　　　　　　　　　　　　　　　　　　　　CITY OF VALLEJO, ROBERT NICHELINI,
　　　　　　　　　　　　　　　　　　　　　　　　CHASE CALHOUN