Nick Casper (SBN 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs
ERIKA GREGORY and LOREN MOLLNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD Chief ROBERT NICHELINI, individually and in His official capacity; VPD Officer CHASE CALHOUN, individually; and DOES 1 Through 50,<br><br>Defendants. | Case No. 2:13-CV-00320-KJM-KJN<br><br>**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY**<br><br>JUDGE: Hon. Kimberly J. Mueller<br>DATE: December 8, 2014<br>TIME: 10:00 a.m.<br>CRTRM: 3, 15th Floor<br><br>**TRIAL DATE: January 26, 2015** |

## **INTRODUCTION**

Defendants City of Vallejo and Chase Calhoun ("Defendants") oppose the Motion to Reopen Discovery brought by Erika Gregory and Loren Mollner ("Plaintiffs") on the grounds that Plaintiffs lack good cause, and Plaintiffs were not diligent in adhering to the Scheduling Order.

It must be emphasized that this is not a situation in which Plaintiffs simply did not seek discovery prior to the completion deadline, and now want to obtain information late in the proceedings. Instead, Defendants were obstructive by preventing Plaintiffs from obtaining

relevant information relating to Calhoun's employment with Vallejo Police Department ("VPD"), first by not allowing Calhoun to answer any questions at his deposition relating to his termination, then by misrepresenting that the information was irrelevant to the subject matter of the case. Plaintiffs exercised diligence in attempting to obtain this information despite Defendants' consistent efforts to frustrate the discovery process.

With regards to relevance, in their Opposition Defendants continue to assert that the information sought is irrelevant and/or inadmissible. Defendants apparently misapprehend Plaintiffs' proffered relevance that has been made abundantly clear in the Opposition to Summary Judgment and Motion to Reopen Discovery. Plaintiffs seek the information to determine Calhoun's pre-incident conduct; if Calhoun was racing to the call after ignoring dispatch for over one hour, then that evidence would directly bear on his state of mind in reacting to an approaching dog with deadly force. Plaintiffs seek to discover if there was, in fact, a delay in Calhoun responding to the initial dispatch call, and if so, where Calhoun was prior to the call and exactly what he was doing.

The evidence also bears on Calhoun's credibility – both contemporaneous with the incident by holding himself out to VPD as patrolling his shift when in fact he was doing something else, as well as at his first deposition by not divulging where he was and what he was doing prior to responding to Plaintiffs' home.

## ARGUMENT

### I. Plaintiffs Were Diligent in Seeking the Information, and Were Hampered by Defendants' Refusal to Divulge Discoverable Evidence.

It is true that Plaintiffs' first meet-and-confer letter to Defendants after Calhoun's January 7, 2014 deposition (when defense counsel instructed Calhoun not to answer questions relating to his termination) was sent on March 3, 2014. Ex 2 to Casper Declaration in Support of Motion to Reopen Discovery. Yet this was not the first time the parties met and conferred on this issue. Plaintiffs had at least one telephone conversation prior to this time with Ms. Faruqui regarding the continuation of Calhoun's deposition, and it was at this time that Ms. Faruqui indicated that the information relating to Calhoun's termination was irrelevant to the

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY   2

1  case. Casper Declaration in Support of Reply Memorandum, ¶ 2. Unfortunately, Plaintiffs'
2  counsel cannot find a written confirmation corroborating these efforts. *Id.*

3  Defendants' representation that the documents and information connected to Calhoun's
4  termination were irrelevant can best be characterized as a misrepresentation. The nature of the
5  documents clearly related to Calhoun's credibility and to Calhoun's habit of not responding to
6  dispatch calls.

7  Plaintiffs continued in their efforts to obtain further information relating to Calhoun's
8  termination, despite Defendants' inaccurate assertions. In addition to writing the March 3,
9  2014 letter, Plaintiffs acted diligently by seeking independent information relating to Calhoun's
10 departure. In late-April 2014, Plaintiffs' counsel learned the general reasons why Calhoun
11 departed VPD – that he had been terminated for having sexual relations with a woman while on
12 duty at VPD. Casper Declaration in Support of Motion to Reopen Discovery, ¶ 6. Plaintiffs'
13 counsel promptly informed Ms. Faruqui what he learned, but Ms. Faruqui disagreed that the
14 circumstances surrounding Calhoun's termination were relevant and declined to produce him
15 for deposition or produce related documents. *Id.*

16 Following this series of events, Plaintiffs initiated a request for a hearing with Judge
17 Newman on May 6, 2014. During the telephone conference on May 14, 2014, Judge Newman
18 quickly came to the conclusion that the termination records were relevant and should be
19 produced.. Ex's 3, 4 to Casper Declaration in Support of Motion to Reopen Discovery.

20 As stated in Plaintiffs' Motion, Plaintiffs' counsel concedes that if he was remiss in this
21 discovery dispute, it was in not seeking a stipulation to extend discovery pending this
22 outstanding discovery issue. Perhaps inadvisably, Plaintiffs' counsel believed that defense
23 counsel would honor her representation made at Calhoun's January 7, 2014 deposition that
24 Defendants would produce Calhoun for a continued deposition pending the outcome of the
25 issue, as evidenced by this exchange:

26 > MR. CASPER: For purposes of this, you know, we may meet and confer, and,
27 > you know, I just reserve the right to reopen Officer Calhoun's deposition,
> depending on the outcome of our meet-and-confer process or if the Court's
28 > involved in any way.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY     3

MS. FARUQUI: Right. Of course.

Ex 1 to Casper Declaration in Support of Motion to Reopen Discovery.

Plaintiffs' counsel, of course, learned of Defendants' new position after he served a Notice of Taking Continued Deposition of Chase Calhoun on July 1, 2014.  Ex's 6, 7 to Casper Declaration in Support of Motion to Reopen Discovery.

Plaintiffs and Defendants have both worked diligently in complying with the Court's Scheduling Order, and have worked their respective cases to the point where the case is ready to be tried as scheduled on January 26, 2015.  But Plaintiffs are left with the distinct impression that Defendants are elevating form over substance on this issue merely as a tactic to keep out damaging evidence from trial, and in a conveniently self-serving manner.  In decrying Plaintiffs for failing to comply with the Scheduling Order, Defendants ignore their own procedural oversights. Plaintiffs did not demand sanctions when Defendants took 33 days to produce Calhoun's termination records in response to Judge Newman's May 14, 2014 order to produce the records within 30 days.  Exs 4, 5 to Casper Declaration in Support of Motion to Reopen Discovery.  Nor do Plaintiffs intend to oppose Defendants' anticipated motions in limine on the grounds that they should have been filed in conjunction with the Joint Pretrial Conference Statement, due on September 11, 2014 per the Court's Scheduling Order.[1]

Defendants should not be rewarded for their obstructive conduct, first by denying Plaintiffs access to clearly-discoverable information, then by misrepresenting the nature of the sought-after information, and finally by standing on procedure as a transparent attempt to deny Plaintiffs critical evidence.

**II.    Good Cause Exists to Reopen Discovery, and Would Cause Defendants' Scant Prejudice.**

As previously indicated, the interests of justice would best be served by allowing Plaintiffs to conduct the limited discovery so as not to reward Defendants' obstructive conduct,

---

[1] The Court subsequently re-set the Final Pretrial Conference for December 11, 2014, with an updated Joint Pretrial Statement due November 20, 2014.  Defendants did not avail themselves of either the original filing date of September 11, 2014 or November 20, 2014 to file motions in limine.  Plaintiffs do not anticipate filing motions in limine in this matter.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

and to ensure that this important matter is litigated on the merits.

The information being sought in Plaintiffs' Motion also is a critical piece of the puzzle in this case that was only revealed once Defendants finally divulged Calhoun's termination documents. Defendants' argument that the information is inadmissible character evidence under Federal Rule of Evidence 404(a)(1) is a 'straw man' argument offered so as to be easily knocked down. Plaintiffs are not seeking to draw a parallel between "Calhoun's sexual misconduct and his conduct in the instant case," as suggested by Defendants. Plaintiffs do not intend to introduce the evidence for the purposes of showing Calhoun's poor character by having sexual trysts while on duty; Plaintiffs concede that this evidence, if offered for this limited purpose, would be inadmissible character evidence.

Plaintiffs *do* intend to offer evidence that Calhoun likely responded to dispatch over one hour after his patrol unit was initially dispatched to Plaintiffs' residence, which would be relevant to his state of mind when rushing to the call. The relevance of this delay is underscored by the fact that Calhoun had a habit of failing to respond to dispatch during this time period in May 2012 due to having sexual interactions while on duty in remote locations of the county, as illuminated by the Internal Affairs report.

The evidence sought in the Motion also bears on Calhoun's credibility. According to the Internal Affairs report, Calhoun had a custom and habit of misrepresenting his whereabouts to VPD by having sexual relations in remote locations. Calhoun also may have lied at his first deposition regarding his pre-incident location and activities. In a single-officer fatal shooting in which Calhoun is the sole eye-witness, the case rests in large part on his credibility.

Finally, the prejudice to Defendants is minimal, particularly in light of the disproportionate prejudice to Plaintiffs of being denied critical evidence due to Defendants' obstruction. A custodian of records could obtain the dispatch recordings with little to any inconvenience to defense counsel, and the two depositions could easily be accomplished in a single day, witness availability permitting. The scope of the Motion is narrowly confined, and it is simply not credible that this would significantly interfere with Defendants' trial preparation.

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY    5

## CONCLUSION

Plaintiffs acted diligently in this matter to obtain the sought-after information, even seeking independent verification of Defendants' misrepresentation that the circumstances relating to Calhoun's termination were irrelevant. Contrary to Defendants' assertions of irrelevance, the information bears directly on Calhoun's conduct prior to encountering Plaintiffs' dog, as well as weighing heavily on his credibility in this single-officer shooting case. It is clear that, from the beginning, Defendants' goal with regards to Calhoun's termination was to keep the information from Plaintiffs, and their opposition reflects a continuation of this effort.

For the foregoing reasons, Plaintiffs respectfully request that the Court order the reopening of discovery on the following issues:

1) Continue Chase Calhoun's deposition
2) Depose an individual designated by City of Vallejo under Fed. R. Civ. P. 30 with knowledge of Vallejo Police Department CAD Logs
3) Obtain expanded dispatch recording that include the initial call for service

Dated: December 1, 2014            /s/ - "Nick Casper"
                                   Nick Casper
                                   **CASPER, MEADOWS, SCHWARTZ & COOK**
                                   Attorneys for ERIKA GREGORY and
                                   LOREN MOLLNER

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO REOPEN DISCOVERY    6