**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:     FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>Defendants. | Case No.  2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 1 Re: Excluding Evidence Of Other Complaints and Incidents**<br><br><br>Trial Date:    January 26, 2015<br>Courtroom:    3, District Judge Mueller |

Defendants City of Vallejo, Robert Nichelini and Chase Calhoun move the court for an order limiting excluding evidence and argument related to other complaints and incidents involving the City of Vallejo or any of its police officers, including Defendants named in Plaintiffs' complaint or involved in the incident which forms the basis of Plaintiffs' complaint.

This motion is made on the grounds that it is anticipated that Plaintiffs will attempt to offer evidence concerning complaints lodged and incidents involving the City of Vallejo, and the Vallejo Police Department generally, or officers thereof, including Defendants in

this case. Such evidence is not relevant to any issue in this action, is extremely prejudicial, will result in confusion and a waste of time, and constitutes inadmissible character evidence which is properly excluded based on Fed.R.Evid. 402, 403 and 404. Therefore, a pre-trial order specifically excluding such evidence is necessary.

This motion is based on this memorandum of points and authorities and Plaintiffs' Fed.R.Civ.P. 26(a) disclosure.

## I. PERTINENT PROCEDURAL BACKGROUND

The Plaintiffs' complaint initially alleged causes of action against the City of Vallejo and Chief Nichelini, including official capacity and *Monell* claims. This court issued an order granting Defendants' motion for summary judgment in part which dismissed with prejudice claims against the City of Vallejo (and therefore the Vallejo Police Department) and Chief Nichelini. (See Order, Docket No. 52.)

## II. ARGUMENT

**A. The City of Vallejo and Chief Nichelini are Not Defendants and The Introduction of Any Evidence of Prior Complaints and Incidents is Irrelevant.**

Only relevant evidence is admissible. (Fed.R.Evid. 402.) "Relevant evidence" is limited by Rule 401 to "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Even where evidence may be relevant, it is properly excluded "if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by considerations of . . . waste of time . . ." (Fed.R.Evid. 403.)

Because claims against the City of Vallejo and Chief Nichelini were dismissed, any evidence offered by the Plaintiffs against them is irrelevant in this action. Allowing evidence that relates to complaints or incidents generally involving the City and/or Chief Nichelini will unnecessarily waste time and lead to juror confusion regarding the issues they are called upon to decide. Defendants respectfully request an Order excluding any

references, questions, testimony, or other evidence regarding complaints against or incidents involving the City of Vallejo (the Vallejo Police Department) and/or Chief Nichelini.

### B. The Introduction of any Evidence of Prior Complaints and Incidents of other Vallejo Police Department Officers, is Irrelevant, Prejudicial and Inadmissible Character Evidence.

Plaintiffs may seek to introduce evidence of complaints and incidents involving officers of the Vallejo Police Department who are not named as Defendants in this action. This includes officers who may have been on scene at the time of the incident involving the Plaintiffs. No incidents or complaints involving non-parties are relevant to any issue raised in Plaintiffs' complaint. Therefore, on the basis for Rule 402, such evidence is properly excluded. Allowing evidence that relates to complaints or incidents involving officers who are not parties to this action will unnecessarily waste time and lead to juror confusion regarding the issues they are called upon to decide.

Additionally, evidence of other complaints and incidents involving any of the named Defendants is properly excluded. Such evidence has no relevance to any issue presented in Plaintiffs' claim against these Defendants and, therefore, is inadmissible pursuant to Rule 402. There is no evidence of any complaint against any individual Defendant involving these Plaintiffs or related to the specific event that forms the basis of Plaintiffs' complaint. Any connection between prior complaints and the conduct of the officers, and each of them, at the time of this incident is wholly speculative and conjectural. In the absence of any probative value whatsoever, the evidence must be excluded for its prejudicial effect. (Fed.R.Evid. 403.)

Moreover, evidence of other complaints and incidents constitute character evidence, the admission of which is expressly precluded by Fed. R. Evid. 404, including specifically evidence related to other "crimes, wrongs or acts to prove the character of a person in order to show action in conformity therewith." Defendants' character itself is not an element of any claim or defense in the case (Fed.R.Evid. 405) and there exists no basis upon which the Plaintiffs may present evidence of character regarding any of the Defendants. Character

evidence is normally not admissible in a civil rights case.  (*Cohn v. Papke* (9th Cir. 1981) 655 F.2d 191, 193.)   The jury will be instructed to apply an objective standard to evaluate Defendants' conduct in response to the circumstances presented to them, and evidence of Defendants' character is not an essential element to that analysis. Instead, such evidence would have the effect of confusing the jurors on the standard they are instructed to apply. No other purpose exists upon which evidence of character may be introduced.  (Fed.R.Evid. 404(b).)

This evidence must also be excluded on the basis of  Plaintiffs' failure to identify any witnesses or documents related to prior complaints or incidents upon which they intend to rely to support their claims.  Plaintiffs made an initial disclosure pursuant to Fed.R.Civ.P. 26(a) on July 11, 2013.  (Faruqui Declaration, Exhibit A.) No supplemental disclosure pursuant to the mandates of Fed.R.Civ.P. 26(e) was ever made that included identification of documents or witnesses identified as possessing information about prior complaints against the Defendant officers. (*Id.*) Plaintiffs' failure to disclose documents and witnesses invokes the automatic consequence of Fed.R.Civ.P. 37(c), namely, that Plaintiffs are "not allowed to use that information or witness . . . at trial."  Plaintiffs cannot satisfy their burden imposed by Rule 37 to demonstrate either substantial justification or the absence of harm.   This is particularly true as to documents and witnesses related to prior complaints and incidents to these Defendants.

In the absence of substantial justification, the information and witnesses *must* be excluded.  Additionally, the information and witnesses must be excluded because the failure on Plaintiffs' part was not without harm to these Defendants.  In the absence of Plaintiffs' designation, Defendants could not adequately prepare to address this evidence at trial.

### III.   CONCLUSION

Defendants respectfully request this court issue an order excluding any evidence, statements, questions, or argument relating to prior complaints, if any, against the Vallejo Police Department and any Vallejo Police Officer, including but not limited to Defendants. In the alternative, to the extent the court is inclined to allow such evidence, Defendants

1  respectfully request that Plaintiffs be ordered to ask for leave outside of the jury's presence
2  to introduce this evidence.

4  DATED:  December 30, 2014                     Respectfully submitted,

6                                                 */s/- Furah Z. Faruqui*
                                                  FURAH Z. FARUQUI
7                                                 Attorney for Defendants, CITY OF VALLEJO,
                                                  ROBERT NICHELINI, CHASE CALHOUN