**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:     FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>                    Plaintiffs,<br><br>      v.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>                    Defendants. | Case No.  2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 3 Re: Excluding Evidence of Potential Indemnification**<br><br><br><br>**Trial Date:     January 26, 2015**<br>**Courtroom:    3, District Judge Mueller** |

    Defendant Chase Calhoun moves the court for an order precluding Plaintiffs from introducing evidence or arguing at trial whether Officer Calhoun may be indemnified by the City of Vallejo or any other source.

    This motion is made on the grounds that it is anticipated that Plaintiffs will attempt to offer evidence and argument indicating that Defendants will or may be indemnified by their employer, the City of Vallejo.  Such evidence is not relevant to any issue and is extremely prejudicial.  Therefore, a pre-trial order excluding this evidence is necessary.

    This motion is based on this memorandum of points and authorities.

## I. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

At the time of the incident, Defendant Chase Calhoun was employed as a police officer by the City of Vallejo.  Plaintiffs' *Monell* claims were dismissed with prejudice by the court. (Docket No. 52.)  Whether the City may indemnify the officers is irrelevant to any issues in this case.  Any testimony or evidence suggesting that the Defendant is or may be entitled to indemnification by the City or any other source is inadmissible.  Similarly, to the extent Plaintiffs seek an award of punitive damages; Defendants request a similar exclusionary order regarding the City's duty, if any, to indemnify Defendant for punitive damages.  Any such testimony or evidence would likewise be irrelevant and prejudicial.

## II. ARGUMENT

In *Larez v. Halcomb* (9th Circuit 1994), 16 F.3d 1513, 1518-1521, the court addressed the admissibility of evidence that law enforcement officers are entitled to indemnification for compensatory damages from their public entity employers in a 1983 case.  The court noted the longstanding rule in federal courts was that "evidence of insurance or other indemnification is not admissible on the issue of damages, and, should any information reach the ears of the jurors, the court should issue a curative instruction."  The court quoted the applicable standard from *Hallady v. Verschoor* (8th Cir. 1967) 381 F.2d 100, 112:

> Unless the fact that the Plaintiff is insured or otherwise indemnified is a material issue in the case, or unless the prejudicial affect has been cured by an admonition or an instruction to the jury to disregard it, it is then almost universally held that the receipt of such evidence constitutes prejudicial error sufficient to require reversal.

The court in *Larez* concluded that it saw "no reason to depart from this rule in the context of a Section 1983 action. (*Larez*, *supra* at 1519.)  Whether Officer Calhoun has a right to indemnification for compensatory damages is irrelevant to any issue in this case and the admission of such evidence constitutes prejudicial error. (*Id.*)  Similarly, evidence or argument that the City may be authorized or not to indemnify its officers for punitive

damages is irrelevant and is properly excluded.  (*Id.*, at 1521.)

## III.    CONCLUSION

Defendants respectfully request this court issue an order excluding evidence, statements, questions and argument related to potential indemnification of Officer Calhoun by the City of Vallejo or any other source.

DATED:  December 30, 2014                    Respectfully submitted,

*/s/- Furah Z. Faruqui*
FURAH Z. FARUQUI
Attorney for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN