1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **By:    FURAH Z. FARUQUI**
3  Deputy City Attorney, SBN 233083
   **CITY OF VALLEJO**, City Hall
4  555 Santa Clara Street, P.O. Box 3068
   Vallejo, CA  94590
5  Tel:    (707) 648-4545
6  Fax:    (707) 648-4687

7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

8
                          UNITED STATES DISTRICT COURT
9
               EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
10

| | |
|---|---|
| 11  ERIKA GREGORY and<br>LOREN MOLLNER,<br>12<br>    Plaintiffs,<br>13<br>14   v.<br>15  CITY OF VALLEJO; former VPD CHIEF<br>ROBERT NICHELINI, individually and in<br>16  his official capacity; VPD OFFICER CHASE<br>CALHOUN, individually; and DOES 1<br>17  through 50,<br>18<br>    Defendants.<br>19 | Case No.  2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 4 TO EXCLUDE ANY EVIDENCE RELATED TO CALHOUN'S TERMINATION FROM THE VALLEJO POLICE DEPARTMENT**<br><br>**Trial Date:    January 26, 2015**<br>**Courtroom:    3, District Judge Mueller** |

20

21      Defendant Chase Calhoun moves the court for an order precluding Plaintiffs from

22  introducing evidence or arguing at trial of Officer Calhoun's termination from the Vallejo

23  Police Department and the circumstances thereto.

24      This motion is made on the grounds that it is anticipated that Plaintiffs will attempt

25  to offer evidence and argument about Defendant Chase Calhoun's termination from the

26  Vallejo Police Department. Such evidence is not relevant to any issue and is extremely

27  prejudicial.  Therefore, a pre-trial order excluding this evidence is necessary.

28      This motion is based on this memorandum of points and authorities.

## I.   PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

At the time of the incident, Defendant Chase Calhoun was employed as a police officer by the City of Vallejo. Thereafter, for reasons unrelated to this incident, Defendant was terminated. Specifically, Officer Calhoun was terminated for violations of department general orders related to sexual misconduct. His termination was neither based on this incident nor for any use of force violation. Accordingly, the circumstances of Chase Calhoun's termination is irrelevant to any issue in this case and thus, it is inadmissible. Moreover, any such testimony or evidence would likewise be irrelevant and prejudicial.

## II.   PLAINTIFFS' "EVIDENCE" PERTAINING TO CALHOUN'S CREDIBILITY IS INADMISSIBLE BECAUSE IT IS IRRELEVANT AND PREJUDICIAL

Defendants are aware that Plaintiffs will attempt to offer evidence discussing Officer Calhoun's termination from the Vallejo Police Department. Defendants anticipate that Plaintiffs will assert the following, as they did in their opposition to Defendants' summary judgment motion:

- Calhoun's sexual misconduct resulted in seven sustained findings of department policy. First, sustained findings of sexual misconduct are irrelevant to Officer Calhoun's shooting of Belle. Second, this evidence is inadmissible under Federal Rule of Evidence 403. Under Fed. R. Evid. 403, the court may exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence."

- Calhoun was dishonest during the IA, and had "selective memory loss" related to locations of his sexual misconduct. Plaintiffs suggest that because Officer Calhoun had "selective memory loss" on one occasion, that he had "selective memory loss" on the day of the incident. First, Officer Calhoun has no "selective memory loss" in the present case, in fact, his memory is vivid. In any event, this evidence is precluded under Federal Rule of Evidence 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait").

In an instructive case, *Morris v. Long* (E.D.Cal.2012) 2012 U.S. Dist. Lexis 112368, Plaintiff was taken by an Officer to a Fresno Police Department facility located near Shaw

Avenue and 6th Street for purposes of a forced blood draw. Plaintiff alleged that the Officer used excessive force during the blood draw. (*Morris*, *supra,* at 2.) During Pre-Trial proceedings, Defendant moved in limine to preclude Plaintiff from introducing evidence of Defendant's prior use of force incidents that were the were subject of internal affairs complaints. The court excluded this evidence holding that "[s]uch evidence or testimony would be inadmissible character evidence, unless offered to prove something other than propensity to engage in similar conduct." (*Morris, supra* at 29-32.)

Additionally, Defendant moved to preclude Plaintiff from offering argument or evidence of Defendant's interactions with animals, contending such evidence is irrelevant. In opposition, Plaintiff contended that the testimony would establish that "[D]efendant responds to even minimal verbal opposition with physical force." Plaintiff further asserted that each of the prior incidents shows that [D]efendant acted aggressively and without provocation in response to non-threatening verbal conduct challenging or criticizing him," and is thus "germane to intent, motive, absence of accident." (*Morris, supra* at 39-42.)

*Morris* held, "that even if testimony regarding the incidents at issue was somehow admissible as other acts evidence, the Court has discretion to exclude the evidence as being more prejudicial than probative under Federal Rule of Evidence 403." (*Morris, supra* at 39-42, citing, *U.S. v. Walls*, (9th Cir. 1978) 577 F.2d 690, 696.)  *Morris* explained that "given the lack of similarity between the circumstances surrounding Defendant's alleged misconduct and his conduct in the incidents adduced by Plaintiff, evidence of the incidents has minimal probative value. The risk of undue prejudice, on the other hand, is significant. Even assuming Plaintiff intended to use the testimony for a proper purpose, the jury could use the testimony for an improper one (e.g., viewing the testimony as evidence of character or habit)." (*Id*.)  As a result, the court found "that the risks of undue prejudice, consumption of time and misleading the jury support exclusion of the testimony at issue." (*Id*.)

Similarly, the fact that Officer Calhoun was terminated for sexual misconduct is not relevant to his shooting of Belle.  The lack of similarity between the circumstances surrounding Calhoun's alleged sexual misconduct and his conduct in the instant case has minimal probative

1  value. Like *Morris*, the risk of undue prejudice, is significant. Even assuming Plaintiffs intend to
2  use the evidence for a proper purpose; the jury could be unduly misled, confused, and distracted.
3  Thus, Plaintiffs' evidence would be more prejudicial than probative and thus inadmissible.

### III.   CONCLUSION

Defendants respectfully request this court issue an order excluding evidence or statements related to Officer Calhoun's termination by the Vallejo Police Department.

DATED:  December 30, 2014                    Respectfully submitted,

                                             */s/- Furah Z. Faruqui*
                                             FURAH Z. FARUQUI
                                             Attorney for Defendants, CITY OF VALLEJO,
                                             ROBERT NICHELINI, CHASE CALHOUN