**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:    FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>            Plaintiffs,<br><br>    v.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>            Defendants. | Case No.  2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' MOTION IN LIMINE NO. 5 TO EXCLUDE ANY PHOTOGRAPHS OF PLAINTIFFS' DECEASED DOG BELLE**<br><br><br>**Trial Date:    January 26, 2015**<br>**Courtroom:    3, District Judge Mueller** |

   Defendants move the court for an order precluding Plaintiffs from introducing photographs of their deceased dog Belle.

   This motion is made on the grounds that it is anticipated that Plaintiffs will attempt to offer these photographs to impassion the jury and inflate a potential verdict.  Because the thread of unfair prejudice is great, Defendants respectfully request that these photographs be excluded pursuant to Federal Rule of Evidence 403.

   This motion is based on this memorandum of points and authorities.

//

---

Case No.  2:13-CV-00320-KJM-KJN                                   DEFENDANTS' MOTION IN LIMINE NO. 5

**1**

## I. PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

As a result of the incident, Plaintiffs' dog Belle was killed. Throughout this litigation, Plaintiffs have produced numerous photographs of their dog Belle, during her lifetime in addition to post death photographs.

## II. PLAINTIFFS' "PHOTOGRAPHS OF BELLE" ARE INADMISSIBLE BECAUSE THEY ARE IRRELEVANT AND PREJUDICIAL

Under the Federal Rules of Evidence, any evidence that is not relevant is not admissible. (Fed.R.Evid.402.) To determine that evidence is relevant, the Court must find "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." (Fed.R.Evid.401.) Nevertheless, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Fed.R.Evid.403.) (*Gonzalez v. City of McFarland* (E.D. Cal. Nov. 5, 2014) 2014 U.S. Dist. LEXIS 156596, 5-6.)

The Advisory Committee's Note to Rule 403 specifically notes the risk that proffered evidence will "induce a decision on a purely emotional basis" as a circumstance that may require the exclusion of relevant evidence under Rule 403. (Fed. R. Evid. 403 advisory committee's note.) "Photographs of the victim bleeding profusely are classic examples of such evidence." (*Jackson v. Firestone Tire & Rubber Co.* (5th Cir. 1986) 788 F.2d 1070, 1085; see also *Gomez v. Ahitow* (7th Cir. 1994) 29 F.3d 1128, 1139 (holding that the district court erred in admitting "gruesome" photographs of victim's body.)

In this case, photographs of Belle would create a large risk that the jury's decision would be based on a visceral response to the images presented. Moreover, it is highly probable that this would induce a decision on a purely emotional basis. These photographs add marginal evidentiary value in light of the undisputed manner of Belle's death. Accordingly, it is within the district court's discretion to exclude the evidence after weighing that probative value against the risks of presenting these photographs to the jury.

//

### III.   CONCLUSION

When the usefulness of photographs is balanced against their ability to impassion the jury and inflate the potential verdict, the thread of unfair prejudice to Defendants is great. Accordingly, Defendants respectfully request that this court grants the motion of limine and excludes photographs of Plaintiffs' deceased dog Belle.

DATED:  December 30, 2014                                       Respectfully submitted,


>                                                                                              */s/- Furah Z. Faruqui*
>                                                                                              FURAH Z. FARUQUI
>                                                                                              Attorney for Defendants, CITY OF VALLEJO,
>                                                                                              ROBERT NICHELINI, CHASE CALHOUN