UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO; former VPD Chief ROBERT NICHELINI, individually and in his official capacity; VPD Officer CHASE CALHOUN, individually; and DOES 1 Through 50,<br><br>Defendants. | No.: 2:13-CV-00320-KJM-KJN<br><br><br>ORDER |

This matter is before the court on the motion by plaintiffs Erika Gregory and Loren Mollner to reopen discovery. ECF 55 (Pls.' Mot.). Defendants City of Vallejo, Chief Robert Nichelini and former Officer Chase Calhoun oppose the motion. ECF 56 (Opp'n). Plaintiffs have replied. ECF No. 58 (Reply). The court decides the matter without a hearing. As explained below, the court DENIES plaintiffs' motion.

I.  INTRODUCTION

Plaintiffs filed an action under 42 U.S.C. § 1983 with related state claims, based on the fatal shooting of their dog Belle by defendant Calhoun. Calhoun shot Belle when answering a call for service at plaintiffs' residence. *See* First Amended Complaint (FAC), ECF 10. Calhoun was employed by defendant Vallejo Police Department (VPD) and Police Chief

1

Nichelini; plaintiffs allege he was "acting under color of law within the course and scope of [his] employment." *Id*. ¶ 1. The factual background of this case was explained thoroughly in this court's Order Denying in Part and Granting in Part Defendants' Motion for Summary Judgment and so is not repeated here. ECF No. 52. The court will briefly review the procedural background relevant to this motion.

      A.      Procedural Background:  Case Scheduling

Plaintiffs filed their original complaint on February 20, 2013. ECF No. 2. They filed a first amended complaint on April 9, 2013. ECF No. 10. Defendants filed an answer on April 23, 2012. ECF No. 11. This court held a status conference on July 11, 2013, with both parties appearing. ECF No. 14. There, the court set the following pretrial scheduling order: Initial disclosures to be completed by July 31, 2013; all discovery to be completed by May 19, 2014; disclosure of expert witnesses due by April 17, 2014; all expert discovery to be completed by June 2, 2014; all dispositive motions to be heard no later than July 25, 2014; the final pretrial conference to be held on October 2, 2014; joint pretrial conference statement due by September 11, 2014; and jury trial set for November 17, 2014. ECF No. 15.

Upon stipulation of the parties, this court, on May 7, 2014, granted an extension of time for completion of expert discovery, to October 17, 2014. ECF No. 21. On May 14, 2014, the magistrate judge resolved a discovery dispute and ordered defendant City of Vallejo "shall produce any portion of officer Chase Calhoun's personnel file that relates to the investigation of, and reasons for, his termination," within 30 days. ECF No. 23. On June 11, 2014, this court granted the parties' stipulated request for extension of time for hearing of dispositive motions; the deadline was reset to August 22, 2014. ECF No. 26. On July 25, 2014, defendants filed a motion for summary judgment. ECF No. 29. Plaintiffs filed several declarations in opposition on August 7, 2014, and their points and authorities in support of their opposition August 21, 2014. ECF Nos. 36-39, 43.

In light of the motion for summary judgment, this court reset the trial date to January 26, 2015, and adjusted other pretrial dates accordingly. ECF No. 51.

/////

On October 28, 2014, the court issued an order denying in part and granting in part the motion for summary judgment. ECF No. 52. On November 5, 2014, the parties stipulated to referral to a magistrate judge for settlement conference; the court granted the stipulation and referred the parties to a magistrate judge not assigned to this case. ECF Nos. 53, 54. Upon this referral, the court reset the final pretrial conference for January 8, 2015 and reset the deadline for the joint pretrial statement to December 31, 2014, while maintaining the trial date. *Id*.

B.     Factual and Procedural Background to Motion

During the January 7, 2014 deposition of Calhoun by plaintiffs' counsel, counsel learned, as of December 2013, Calhoun was no longer employed by VPD. Pls.' Mot. at 2. Defendants' counsel offered to meet and confer on the issue but confirmed the discovery related to Officer Calhoun's displays of force was accurate. Dep. of Chase Calhoun at 9:1-10:25; Ex. 1 Decl. of Nick Casper (Casper Decl.), ECF No. 55. Plaintiffs' counsel inquired about the reasons and circumstances surrounding Calhoun's departure, but defense counsel instructed Calhoun not to answer such questions on grounds they were irrelevant to the incident. *Id*. On March 3, 2014, plaintiffs' counsel pressed the matter by sending a meet-and-confer letter to defense counsel; he received no written response. Casper Decl. ¶ 4. In conversations between the parties, defense counsel maintained the City of Vallejo would not produce documents related to Calhoun's departure because they were irrelevant. Casper Decl. ¶ 5.

The parties took their discovery dispute to the magistrate judge, who then instructed the City of Vallejo to produce documents related to Calhoun's termination. ECF No. 23. The City of Vallejo produced the requested documents on June 16, 2014, and filed them with their motion for summary judgment on July 25, 2014. ECF No. 29.

Following the production of these documents, plaintiffs served a Notice of Taking Continued Deposition of Chase Calhoun, requesting a date of July 29, 2014. Notice of Continued Dep., Ex. 6 Casper Decl., ECF No. 55. On July 7, 2014, defendants' counsel responded, indicating Calhoun would not be produced for deposition because fact discovery had closed on May 19, 2014. Letter from Faruqi to Casper, Ex. 7, Casper Decl., ECF No. 55. Plaintiffs claim they have continued attempting to engage with defense counsel regarding a continued deposition

3

of Calhoun, but defendants have declined to talk. Pls.' Mot. at 5. Although plaintiffs, on July 23, 2014, requested a status conference with the magistrate judge regarding this issue, that judge denied the request because discovery had closed, a scheduling matter determined by this court. Ex. 10 E-mail from Courtroom Deputy Matt Caspar ("Caspar Email"), ECF 55-3.

On November 6, 2014, plaintiffs filed the instant motion to reopen discovery; specifically, plaintiffs seek to 1) continue Chase Calhoun's deposition; 2) depose an individual designated by the City of Vallejo under Federal Rule of Civil Procedure 30 as having knowledge of the VPD logs; and 3) obtain expanded dispatch recordings that include the initial call for service to which Officer Calhoun responded prior to his arrival at plaintiffs' residence. *See* ECF No. 55.

I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(4), a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Under Rule 16(b)(4), the primary focus is on the diligence of the party seeking the modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks and citation omitted). In *Johnson,* the Ninth Circuit recognized that while "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus is upon the moving party's reasons . . . . If that party was not diligent, the inquiry should end." *Id*. at 609 (internal citation omitted).

III. DISCUSSION

Plaintiffs request a limited reopening of discovery arguing that "facts came to light that were not available to plaintiffs before the close of fact discovery," specifically "questions regarding Calhoun's whereabouts on the date of the incident prior to his arrival at [p]laintiff's residence." Pls.' Mot. at 2. Defendants argue the motion should not be granted because 1) plaintiffs have failed to demonstrate the good cause required by Rule 16(b); 2) the schedule cannot be modified where the moving party did not demonstrate diligence; 3) modification would cause significant prejudice to defendants; and 4) any information regarding Officer Calhoun's

4

termination is prejudicial and irrelevant to his actions in shooting plaintiffs' dog.  Opp'n at 3-5.  The court considers only the first three arguments.

The documents produced by the City of Vallejo in June 2014, in response to the magistrate judge's order, indicate Calhoun was terminated for having multiple sexual encounters while on duty.  According to the Internal Affairs report of Calhoun's behavior, Calhoun would engage in these sexual encounters in "remote locations" while on duty, and violated several VPD General Orders, including, in relevant part: "availability for duty," "duty responsibilities," and "idling on duty."  Ex. 16 Internal Affairs Investigation, ECF No. 47.  One witness claimed Officer Calhoun "routinely missed 'Calls for Service.'"  *Id*. at 14.  The sexual encounters began in March 2012, and continued through February 2013.  *Id*. at 9.  The incident during which Belle was shot took place during this time, on May 16, 2012.  FAC ¶ 16.

According to the call log (CAD[1]) on the day of the incident, a call came in from plaintiff Erika Gregory at 10:59 a.m.  Ex. 11, ECF No. 55-3.  In his Incident Report for the day of the incident, Calhoun states he arrived at plaintiff's residence around 12:10 p.m.  Ex. 12, ECF No. 55-3.  Plaintiffs argue this delay is potentially relevant, as it would demonstrate defendant's state of mind as potentially "rushing to the call" when he arrived at the residence, and is "probative of the ultimate issues in this case, specifically whether Calhoun's actions were objectively reasonable under the totality of the circumstances."  Reply at 5.  They contend Calhoun's delay in responding could mean he "was preoccupied with issues related to his potential misconduct in being initially unavailable for the call."  Pls.' Mot. at 8.  In their reply, plaintiffs clarify their interest in reopening discovery is solely to determine if there was in fact a delay in Calhoun's responding to dispatch and if so, "where Calhoun was prior to the call and exactly what he was doing."  Reply at 5.  Plaintiffs contend there would be "scant prejudice" to the parties should their request be granted.  Pls.' Mot. at 8.

Good cause does not warrant reopening discovery, as plaintiffs have not shown diligence in pursuing information on Calhoun's exact whereabouts prior to the incident.  Plaintiffs claim new information came to light in June 2014, with the production of documents related to

---

[1] CAD stands for computer-aided dispatch.

5

1  Officer Calhoun's termination.  However, the CAD report/call log was available to plaintiffs
2  when they initially deposed Calhoun in January 7, 2014, and plaintiffs have already questioned
3  Calhoun about his arrival to the residence.  Calhoun Dep. at 36 Ex. 1, ECF No. 55-3.  The gap in
4  time evident when comparing the call log with Calhoun's incident report was clear at the time of
5  deposition and an issue that could have been probed in depth.

6  Even if the information on Calhoun's termination gave plaintiffs additional
7  ammunition in developing their case, plaintiffs failed to exercise diligence in seeking reopening
8  of discovery to ask additional questions.  The magistrate judge instructed plaintiffs on July 24,
9  2014 they had to seek a modification from this court in order to continue Calhoun's deposition.
10 Caspar Email Ex. 10, ECF No. 55.  However, plaintiffs waited more than three months, until
11 November 6, 2014, to file the instant motion.  Plaintiffs do not provide a reason for their delay,
12 but instead point to defendants' tardiness in responding to the original request for production as
13 justification.  Reply at 4.  But it is the moving party's compliance with the scheduling order that
14 must be examined when seeking a modification.  Plaintiffs here have not been diligent in any
15 sense of the word.

16 IV.     CONCLUSION

17 For the foregoing reasons, the court DENIES plaintiffs' motion to reopen
18 discovery.

19 IT IS SO ORDERED.
20 DATED: January 9, 2015.

UNITED STATES DISTRICT JUDGE