Nick Casper (SBN 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
California Plaza
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs
ERIKA GREGORY and LOREN MOLLNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD Chief ROBERT NICHELINI, individually and in His official capacity; VPD Officer CHASE CALHOUN, individually; and DOES 1 Through 50,<br><br>Defendants. | Case No. 2:13-CV-00320-KJM-KJN<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5**<br><br>JUDGE: Hon. Kimberly J. Mueller<br>CRTRM: 3, 15th Floor<br>TRIAL DATE: January 26, 2015 |

## **INTRODUCTION**

In their Motion in Limine No. 5, Defendants City of Vallejo and Chase Calhoun (collectively, "Defendants") seek to exclude post-mortem photographs of Belle under Fed. R. Evid. 403.

Plaintiffs oppose Defendants' Motion on the grounds that Plaintiffs intend to offer the photographs for purposes other than to inflame the jury, as they are probative of material issues in the case.

# ARGUMENT

Under the explicit language of Rule 403, evidence can only be excluded under this discretionary rule if the probative value is "substantially outweighed" by specific enumerated risks. When the probative value and the danger of prejudice, confusion, etc... are of relatively equal weight, the evidence should be admitted. *Blancha v. Raymark Industries* (3rd Cir. 1992) 972 F.2d 507.

"Rule 403 is an 'extraordinary remedy' . . . whose major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect. The Rule carries a 'strong presumption in favor of admissibility.'" *U.S. v. Grant* (11th Cir. 2001) 256 F.3d 1146, 1155 (internal citations omitted).

The sole fact that evidence is "prejudicial" is not grounds for exclusion, as most evidence is prejudicial to the party against whom it is offered. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis." *United States v. Winkle* (6th Cir. 2007) 477 F.3d 407, 417; see also *United States v. Benedetti*, (1st Cir. 2005) 433 F.3d 111, 118 ["trials were never meant to be antiseptic affairs" and that "it is only unfair prejudice, not prejudice per se, against which Rule 403 guards."]

Federal courts have allowed for the admission of gory photographs over a Rule 403 objection, so long as the evidence's probative value is not substantially outweighed by its prejudicial value. *Martin v. Maintenance Co., Inc.* (2nd Cir. 1978) 588 F.2d 355, 357 [photos of plaintiff's mangled foot that had been caught in escalator properly admitted]; *United States v. Brown* (11th Cir. 2006) 441 F.3d 1330, 1362–1363 [murder victim's photos properly admitted to show nature of defendant's acts; *United States v. Lopez* (3rd Cir. 2001) 271 F.3d 472, 482 [photos of victim's mutilated hand admitted to show mutilation]; *Rousan v. Roper* (8th Cir. 2006) 436 F.3d 951, 958–959 [photos of severely decomposed bodies admitted because they corroborated a key witness' testimony, and were relevant to issue of deliberation].

\ \ \

\ \ \

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5                    2

Here, Plaintiffs intend to show a handful of photographs that depict Belle deceased, both on Plaintiffs' front patio, as well as during the dog's evaluation by Valerie Christiansen, DVM. This evidence is probative of the following issues:

- Plaintiffs' emotional distress. Both Plaintiffs saw Belle deceased on their patio, Erika immediately after the shooting, and Loren within a couple hours. They also carried Belle's body into their car after the police had finished investigating to take her to their veterinarian for a necropsy. The photographs are relevant to their distress claims because they depict precisely what Plaintiffs observed and experienced after the shooting. This is not a case in which the plaintiffs never saw the disturbing evidence that is sought to be introduced.

- The photographs are the only documentary evidence that depicts Belle's appearance on the date of the incident. While there are other earlier family photographs of Belle, only the post-mortem photographs show what Belle looked like on May 16, 2012. Calhoun stated that he felt that the 11-year-old dog was going to attack, and that he was under imminent threat of great bodily harm, to justify shooting Belle twice. The dog's size and appearance are probative of Calhoun's credibility on this issue, and the reasonableness of his actions.

- The photographs are relevant to the credibility of Calhoun's account of events by showing where Belle was in the yard when she was shot. Calhoun states the following occurred within "a second or two": he recognized that the dogs "didn't appear to be friendly"; he noticed the dogs snarling; he observed that the hairs on their backs were raised and that their tails were straight; determined that the dogs "were going to attack me"; retreated five or six feet toward the gate; and fired two shots, killing the lead dog, Belle. Calhoun states he did not have time to retreat through the gate or otherwise from the yard, but he was "surprised that I was able to . . . get my firearm out of the holster fast enough

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5                3

and fire those rounds . . ." Where Belle was in the yard is relevant to the credibility of Calhoun's story, and to the reasonableness of his actions.

In summary, the photographs are relevant to material issues in the case, and their prejudicial value does not substantially outweigh their probative value.

## **CONCLUSION**

For the foregoing reasons, Defendants' Motion in Limine No. 5 should be denied.

Dated: January 13, 2014           /s/ - "Nick Casper"
                                  Nick Casper
                                  **CASPER, MEADOWS, SCHWARTZ & COOK**
                                  Attorneys for ERIKA GREGORY and
                                  LOREN MOLLNER

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*    Case No. 2:13-CV-00320-KJM-KJN
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 5         4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN     Page 1
PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT