1

**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613

2

**By:     FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083

3

**CITY OF VALLEJO**, City Hall

4

555 Santa Clara Street, P.O. Box 3068

5

Vallejo, CA  94590
Tel:     (707) 648-4545

6

Fax:     (707) 648-4687

7

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

8

### UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

10

11

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER, | Case No.  2:13-CV-00320-KJM-KJN |
| Plaintiffs, | **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ANY EVIDENCE RELATED TO CALHOUN'S TERMINATION FROM THE VALLEJO POLICE DEPARTMENT** |
| v. | |
| CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50, | |
| Defendants. | **Trial Date:    January 26, 2015** **Courtroom:   3, District Judge Mueller** |

12

13

14

15

16

17

18

19

20

21

### I.

22

### INTRODUCTION

23

There is no better way to distract a jury and fatally prejudice them against Officer

24

Calhoun and the City of Vallejo than to allow evidence that Calhoun was terminated

25

because of sexual relations with his girlfriend during work hours.  The issue is and must

26

remain whether Officer Calhoun's use of force against the Plaintiffs' dog was not

27

unreasonable.  Officer Calhoun has no history of violence, aggression, battery, or even poor

28

judgment about the use of force – not even a suggestion or rumor let alone a sustained

Case No.  2:13-CV-00320-KJM-KJN

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ANY EVIDENCE RELATED TO CALHOUN'S TERMINATION FROM THE VALLEJO POLICE DEPARTMENT**

1

finding.  Plaintiffs will have the opportunity to question Calhoun about his reasons for firing his weapon at their dog, and the jury will have the opportunity to evaluate his demeanor and his responses to those questions.  Introducing evidence about a termination based on sexual misconduct in the trial would be wholly unfair to the City of Vallejo.

## II.

### PLAINTIFFS' "EVIDENCE" PERTAINING TO CALHOUN'S CREDIBILITY IS INADMISSIBLE BECAUSE IT IS IRRELEVANT AND PREJUDICIAL

As stated in the moving papers, Fed. R. Evid. 403 provides that the court may exclude "relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence." In order to circumvent this rule, Plaintiffs' assert that the primary inquiry of the case is the "objective reasonableness of Calhoun's use of force in shooting Belle." (Opposition, 2:2-8.)

Plaintiffs state that this case rests on the following:

1.   The "jury's evaluation of Calhoun's story that he responded to Plaintiffs' call for service in a timely manner; and

2.   That Calhoun "took the precautions he said prior to entering Plaintiffs' yard"

3.   That Calhoun "shot and killed Belle because he had a reasonable belief that he was under the imminent threat of great bodily injury or death." (Opposition, 6:1-9.)

The first is irrelevant to the objective reasonableness of Calhoun's use of force in shooting Belle. There are no allegations in Plaintiffs' complaint that Officer Calhoun arrived late to this call of service. More importantly, there is no relationship between the time of response and the Fourth Amendment claim. Clearly, Plaintiffs wish to smear Officer Calhoun and prejudice the jury.

Likewise, Calhoun's termination is irrelevant to the second and third points. Plaintiffs will be permitted to ask Calhoun directly about these issues and the jury will be able to evaluate his credibility based on his responses.  Officer Calhoun has no history at all of aggressiveness or

Case No.  2:13-CV-00320-KJM-KJN

**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ANY EVIDENCE RELATED TO CALHOUN'S TERMINATION FROM THE VALLEJO POLICE DEPARTMENT**

2

forcefulness. As a result, any evidence with respect to Calhoun's termination is unrelated and should be precluded as a matter of fairness to the City of Vallejo.

## III.

## CALHOUN'S STATE OF MIND IS IRRELEVANT TO THE USE OF FORCE ANALYSIS

Plaintiffs assert "evidence relating to Calhoun's whereabouts prior to responding to Plaintiffs' call is relevant to the critical inquiry in this case" because if 'Calhoun was rushing to Plaintiffs' residence after ignoring dispatch for over an hour…his state of mind may not have been focused on the call." (Opposition, 8:1-11.)

For that proposition, Plaintiffs attempt to introduce habit evidence due to "Calhoun routinely missing calls for service from VPD" (Opposition, 8:1-3.)  Plaintiffs fail to realize, however, "that the burden of establishing that certain conduct qualifies as evidence of habit falls on the party wishing to introduce the evidence. Rule 406 is an exception to the general exclusion of character evidence under the Federal Rules, so courts are somewhat cautious in admitting the evidence." (*United States v. Angwin*, (9th Cir. Cal. 2001) 271 F.3d 786, 798-799.) Plaintiffs fail to meet their burden.

First, no facts exist that Calhoun was rushing to this call. By all accounts, he took his time before entering Plaintiffs' property and took safety precautions. In any event, his state of mind is irrelevant because it is well- settled that "issues of motive and intent are essentially irrelevant in [an excessive force] case. The test 'in an excessive force case is an objective one.' Thus, '[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.'" (*Morris v. Long* (E.D. Cal. 2012) 2012 U.S. Dist. Lexis 112368 at 39-40, citing *Graham v. Connor* (1989) 490 U.S. 386, 397, with approval.) As a result, this evidence is immaterial.

Similarly, the fact that Officer Calhoun was terminated for sexual misconduct is not relevant to his shooting of Belle.  The lack of similarity between the circumstances surrounding Calhoun's alleged sexual misconduct and his conduct in the instant case has none, or at most,

minimal probative value. As stated in the moving papers, like *Morris*, the risk of undue prejudice, is significant. Even assuming Plaintiffs intend to use the evidence for a proper purpose, the jury would be unduly misled, confused, and distracted. Thus, Plaintiffs' evidence would be more prejudicial than probative and thus inadmissible.

## IV.

## CONCLUSION

Defendants respectfully request that this court issue an order excluding evidence or statements related to Officer Calhoun's termination by the Vallejo Police Department.


DATED:  January 16, 2015                          Respectfully submitted,


                                                  */s/- Furah Z. Faruqui*
                                                  FURAH Z. FARUQUI
                                                  Attorney for Defendants, CITY OF VALLEJO,
                                                  ROBERT NICHELINI, CHASE CALHOUN