**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**By:    FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50, <br><br> Defendants. | Case No.  2:13-CV-00320-KJM-KJN <br><br> **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE ANY PHOTOGRAPHS OF PLAINTIFFS' DOG BELLE** <br><br><br> **Trial Date:    January 26, 2015** <br> **Courtroom:   3, District Judge Mueller** |

## I.

## INTRODUCTION

Plaintiffs' dog Belle was killed during a police response at Plaintiffs' property.   In this litigation, Plaintiffs have produced numerous photographs of their dog Belle during her lifetime in addition to post death photographs. Plaintiffs do not address Defendants' motion with respect to photographs of Belle's lifetime. Thus, it appears they concede this issue. In any event, any photographs of Belle are extremely prejudicial and offer no to minimal probative value as to the reasonableness of Officer Calhoun's shooting of this case.

Case No.  2:13-CV-00320-KJM-KJN                           DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO  DEFENDANTS' MOTION TO EXCLUDE ANY PHOTOGRAPHS OF PLAINTIFFS' DOG BELLE

1

## II.

## ARGUMENT

Under the Federal Rules of Evidence, any evidence that is not relevant is not admissible. (Fed.R.Evid.402.) To determine that evidence is relevant, the Court must find "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." (Fed.R.Evid.401.) Nevertheless, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (Fed.R.Evid.403.) (*Gonzalez v. City of McFarland* (E.D. Cal. Nov. 5, 2014) 2014 U.S. Dist. LEXIS 156596, 5-6.)

Here, the photographic evidence of Belle in a post-mortem state has no relevance whatsoever to the issues raised by Plaintiffs' claim with respect to the shooting of the dog. Specifically, having the trier of fact view photographs of Belle shot would not have any bearing on whether the shooting of Belle was lawful. In other words, entering photographs of Belle post-mortem would not have the tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence.

Congress has defined "undue prejudice" within this context as evidence having an undue tendency to suggest decision on an improper emotional basis. (See Advisory Committee's Notes on FRE Rule 403.) Such evidence uniquely tends to evoke an emotional bias against Defendant as an individual, and has trivial probative value.

Here, even in Plaintiffs could show some relevance in photographs of Belle post-mortem, probative value of such evidence would be substantially outweighed by the prejudice, jury confusion and delay which would result from its admission. Specifically, there is a high risk that jurors would base their decision on the emotional effect of seeing photographs of Belle post-mortem, particularly if they are pet owners themselves, which would be severely prejudicial to Defendants. They are much more likely to want to compensate the Plaintiffs in this matter based on an emotional reaction if they view photographs of Belle post-mortem, whether or not the facts

Case No.  2:13-CV-00320-KJM-KJN                                    DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION
TO  DEFENDANTS' MOTION TO EXCLUDE ANY
PHOTOGRAPHS OF PLAINTIFFS' DOG BELLE

2

support  a finding of liability against the Defendant Officer.  In light of this, as well as the fact that such evidence has no probative value, Defendants request the Court to prohibit Plaintiffs from introducing, offering, or making references to such evidence.

### III.

### CONCLUSION

When the usefulness of photographs is balanced against their ability to impassion the jury and inflate the potential verdict, the thread of unfair prejudice to Defendants is great. Accordingly, Defendants respectfully request that this court grants the motion of limine and excludes photographs of Plaintiffs' dog Belle.


DATED:  January 16, 2015                              Respectfully submitted,


                                                      */s/- Furah Z. Faruqui*
                                                      FURAH Z. FARUQUI
                                                      Attorney for Defendants, CITY OF VALLEJO,
                                                      ROBERT NICHELINI, CHASE CALHOUN