Nick Casper (State Bar No. 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs ERIKA GREGORY and LOREN MOLLNER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>           Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>           Defendants. | CASE NO.: 2:13-CV-00320-KJM-KJN<br><br>**PLAINTIFFS' PROPOSED JURY INSTRUCTIONS**<br><br>**JUDGE:** Hon. Kimberly J. Mueller<br>**CRTRM:** 3, 15th Floor<br>**TRIAL DATE:** January 26, 2015 |

**FINAL INSTRUCTION NO.**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

    a.    The expert's training and experience;

    b.    The facts the expert relied on; and

    c.    The reasons for the expert's opinion.

**Authority:**    CACI 219

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

# FINAL INSTRUCTION NO.

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**Authority:** CACI 220

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN   Page 3
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

Under the Fourth Amendment, a police officer may only use such force to effect a particular seizure as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular seizure from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

**Authority:**  9TH CIR. CIV. JURY INSTR. 9.22 (modified); *Graham v. Connor* (1989) 490 U.S. 386

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

**FINAL INSTRUCTION NO.**

Whether the particular seizure by Defendant Calhoun was reasonable must be judged from the perspective of an objectively reasonable officer. It is your decision of what force a reasonable officer would have used to effect a seizure which controls, not the state of mind of the Defendant himself. Evil intentions on the part of Calhoun will not establish a constitutional violation if the force used to effect a seizure was reasonable. At the same time, if the force used was unreasonable, you must hold Calhoun liable for a constitutional violation, even if you believe he had good intentions.

**Authority:**      *Graham v. Connor* (1989) 490 U.S. 386

GIVEN:          _____

REFUSED:      _____

MODIFIED:    _____

WITHDRAWN: _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN          Page 5
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

It is not necessary to find that Defendant Calhoun had any specific intent to deprive the Plaintiffs of their constitutional rights, or that he acted with malice or ill will in order to find for the Plaintiffs. The Plaintiffs are entitled to relief if a defendant intended the actions which resulted in a violation of their constitutional rights.

**Authority:**   *Monroe v. Pape* (1961) 365 U.S. 167 (overruled on other grounds by *Monell v. Department of Social Services of City of New York* (1978) 436 U.S. 658.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN   Page 6
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

The killing of a citizen's dog while in the performance of a law enforcement officer's duties is considered a "seizure" under the Fourth Amendment.

**Authority:**   *Fuller v. Vines* (9th Cir. 1994) 36 F.3d 65 (overruled on other grounds by *Robinson v. Solano County* (9th Cir. 2002) F.3d 1007.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

**FINAL INSTRUCTION NO.**

Chase Calhoun acted with reckless disregard in causing Plaintiffs' emotional distress if:

1. Calhoun knew that emotional distress would probably result from his conduct;

or

2. Calhoun gave little or no thought to the probable effects of his conduct.

**Authority:**   CACI 1603

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX: (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN   Page 8
PLAINTIFFS' PROPOSED JURY INSTRUCTIONS