Nick Casper (State Bar No. 244637)
**CASPER, MEADOWS, SCHWARTZ & COOK**
A Professional Corporation
2121 North California Blvd., Suite 1020
Walnut Creek, California  94596
Telephone:  (925) 947-1147
Facsimile:   (925) 947-1131

Attorneys for Plaintiffs ERIKA GREGORY and LOREN MOLLNER

**Claudia M. Quintana**
City Attorney (State Bar No. 178613)
**By: Furah Z. Faruqui**
Deputy City Attorney (State Bar No. 233083)
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA 94590
Telephone:   (707) 648-4545
Facsimile:  (707) 648-4687

Attorneys for Defendants CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>    Defendants. | CASE NO.: 2:13-CV-00320-KJM-KJN<br><br>**JOINT PROPOSED FINAL JURY INSTRUCTIONS**<br><br>Judge:        **Hon. Kimberly J. Mueller**<br>Crtrm:        **3, 15th Floor**<br>**Trial Date:  January 26, 2015** |

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN                    Page 1
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.1 (modified)

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence. You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be. You must impartially consider all the evidence in the case, following the law as stated in these instructions.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.1B (modified)

GIVEN:            _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

**Authority:**        9TH CIR. CIV. JURY INSTR. 4.1 (modified)

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.11 (modified)

GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____

_____

*Gregory, et al. vs. City of Vallejo, et al.*       Case No. 2:13-CV-00320-KJM-KJN        Page 5

JOINT PROPOSED FINAL JURY INSTRUCTIONS

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

## FINAL INSTRUCTION NO.

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence. In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by Defendants' counsel or Plaintiffs when acting pro se and not as a witness are not evidence. Plaintiffs when acting pro se and not as a witness and Defendants' attorney are not witnesses. What Plaintiffs and Defendants' attorney have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)     Questions and objections by Plaintiffs or Defendants' attorney are not evidence. You should not be influenced by an objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.7 (modified)

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN          Page 6
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

There are two kinds of evidence, direct and circumstantial. A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence. Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable. For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.9 (modified)

GIVEN:                   _____

REFUSED:               _____

MODIFIED:             _____

WITHDRAWN:         _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

## FINAL INSTRUCTION NO.

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.      Was the witness able to see, hear or know the things about which the witness testified?

2.      How good is the witness's memory and is the witness able to testify clearly?

3.      Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.      Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.      How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.      Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7.      Has the witness been convicted of a felony? The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

8.      Are there any other factors that bear on believability?

In deciding whether or not to believe a .witness, remember that people sometimes forget things or sometimes get confused.

///

///

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1    Also remember that the weight of evidence as to a fact does not necessarily depend on

2  the number of witnesses who testify about it.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.11 & 2.8 (modified)

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant a party's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.18 (modified)

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

The party having the burden of proof on an issue must prove it by a "preponderance of the evidence."

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not. If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who had the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

**Authority:** 9TH CIR. CIV. JURY INSTR. 1.2 (modified)

GIVEN:           _____

REFUSED:         _____

MODIFIED:        _____

WITHDRAWN:       _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

# FINAL INSTRUCTION NO.

## 2.11  EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Authority:**          9th Cir. Model Instruction No. 2.11

GIVEN:               _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:     _____

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

**2.12  CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Authority:**              9th Cir. Model Instruction No. 2.12

GIVEN:              _____

REFUSED:              _____

MODIFIED:              _____

WITHDRAWN:              _____

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN              Page 13
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

In order to establish that the acts of the Defendants deprived the Plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the Plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the Plaintiffs' rights as to be the moving force that caused the ultimate injury.

**Authority:**          9TH CIR. CIV. JURY INSTR. 9.8

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

1

**FINAL INSTRUCTION NO.**

2      The Plaintiffs bring their First Claim For Relief against Defendant Officer Calhoun

3   under the federal statute, 42 U.S.C., §1983, which provides that any person or persons who,

4   under color of law, deprives another of any rights, privilege, or immunities secured by the

5   Constitution or laws of the United States shall be liable to the injured party.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   **Authority:**          9TH CIR. CIV. JURY INSTR. 9.1

24

25   GIVEN:          _____

26   REFUSED:          _____

27   MODIFIED:          _____

28   WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

_Gregory, et al. vs. City of Vallejo, et al._      Case No. 2:13-CV-00320-KJM-KJN                Page 15
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

**9.2  SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY—**

**ELEMENTS AND BURDEN OF PROOF**

In order to prevail on their First claim against Defendant Officer Calhoun, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      Defendant Officer Calhoun acted under color of law; and

2.      The acts of Defendant Officer Calhoun deprived Plaintiffs of particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  In this case the parties have stipulated that Defendant Officer Calhoun was acting under color of state law.

If you find the Plaintiffs have proved each of these elements, and if you find that the Plaintiffs have proved all the elements they are required to prove under Instruction No. ___, your verdict should be for the Plaintiffs.  If, on the other hand, the Plaintiffs have failed to prove any one or more of these elements, your verdict should be for the Defendants.

**Authority:**       9TH CIR. CIV. JURY INSTR. 9.2

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____

WITHDRAWN:     _____

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**
**9.16  PARTICULAR RIGHTS—FOURTH AMENDMENT—UNREASONABLE**
**SEIZURE OF PROPERTY—GENERALLY**

As previously explained, the Plaintiffs have the burden to prove that the acts of the Defendant Officer Calhoun deprived the Plaintiffs of particular rights under the United States Constitution.  In this case, the Plaintiffs allege that Defendant deprived them of their right under the Fourth Amendment to the Constitution when he shot and killed their dog Belle. Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his/her property.  In order to prove the Defendant deprived the Plaintiffs of this Fourth Amendment right, the Plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.      Defendant Officer Calhoun seized the Plaintiffs' property;
2.      In seizing the Plaintiffs' property, Defendant Officer Calhoun acted
         intentionally; and
3.      The seizure was unreasonable.

A person "seizes" the property of the Plaintiffs when the person takes possession of or controls the property in a manner that meaningfully interferes with the Plaintiffs' right to possess the property.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, the Plaintiffs must prove Defendant meant to engage in the acts that caused a seizure of the Plaintiffs' property.  Although the Plaintiffs do not need to prove the Defendant intended to violate the Plaintiffs' Fourth Amendment right, it is not enough if the Plaintiffs only prove the Defendant acted negligently, accidentally or inadvertently in conducting the search.

**Authority:**          9th Cir. Model Instruction No. 9.16.


GIVEN:            _____

REFUSED:          _____

MODIFIED:         _____

WITHDRAWN:        _____
_____

**CASPER, MEADOWS,**
**SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

**PROXIMATE CAUSE – GENERALLY (42 U.S.C. § 1983)**

The third element which Plaintiffs must prove for each of their civil rights claims is that the Defendants' acts were a proximate cause of the injuries sustained by the Plaintiffs. Proximate cause means that there must be a sufficient causal connection between the act or omission of a Defendant and any injury or damage sustained by the Plaintiffs. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonable foreseeable consequence of the Defendants' act or omission. If an injury was a direct result of a reasonably foreseeable consequence of the Defendants' act or omission. If any injury was a direct result of a reasonably probable consequence of a Defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

**Authority:**          42 U.S.C. § 1983

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

The City of Vallejo is responsible for harm caused by the wrongful conduct of its employees and agents while acting within the scope of their employment.  You are instructed that Defendant Officer Calhoun was an employee and agent of the City of Vallejo and was acting within the scope of his employment during all relevant times.

**Authority:**          CACI 3700

GIVEN:              _____

REFUSED:          _____

MODIFIED:        _____

WITHDRAWN:    _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN          Page 19
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

**CONVERSION**

Plaintiffs claim that Defendant Officer Calhoun wrongfully exercised control over their personal property. To establish this claim, Plaintiffs must prove all of the following:

1.       That Plaintiffs owned their dog, Belle;

2.       That Defendant Officer Calhoun intentionally and substantially interfered with Plaintiffs' property by destroying the property by killing Belle;

3.       That Plaintiffs did not consent;

4.       That Plaintiffs were harmed; and

5.       That Defendant Officer Calhoun's conduct was a substantial factor in causing Plaintiffs' harm.

**Authority:**          CACI 2100

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN          Page 20
JOINT PROPOSED FINAL JURY INSTRUCTIONS

# FINAL INSTRUCTION NO.

## INTENTION INFLICTION OF EMOTIONAL DISTRESS—

### ESSENTIAL FACTUAL ELEMENTS

Plaintiffs claim that Defendant's conduct caused them to suffer severe emotional distress.      To establish this claim, Plaintiffs must prove all of the following:

1.      That Defendant Officer Calhoun's conduct was outrageous;

2.      That Defendant Officer Calhoun acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that Plaintiffs were present when the conduct occurred;

3.      That Plaintiffs suffered severe emotional distress; and

4.      That Defendant Officer Calhoun's conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

**Authority:**          CACI 1600

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

_____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"OUTRAGEOUS**

**CONDUCT" DEFINED**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether Defendant Officer Calhoun's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether Defendant Officer Calhoun abused a position of authority or a relationship that gave him real or apparent power to affect Plaintiffs' interests;

(b) Whether Defendant Officer Calhoun knew that Plaintiffs were particularly vulnerable to emotional distress; and

(c) Whether Defendant Officer Calhoun knew that his conduct would likely result in harm due to mental distress.

**Authority:**          CACI 1602

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS—"SEVERE**

**EMOTIONAL DISTRESS" DEFINED**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  Plaintiffs are not required to prove physical injury to recover damages for severe emotional distress.

**Authority:**          CACI 1604

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*     Case No. 2:13-CV-00320-KJM-KJN
JOINT PROPOSED FINAL JURY INSTRUCTIONS

# FINAL INSTRUCTION NO.

## BANE ACT

Plaintiffs claim that Defendant intentionally interfered with their civil rights by threats, intimidation, or coercion. To establish this claim, Plaintiffs must prove all of the following:

1.  That Defendant Officer Calhoun acted violently against Plaintiffs' Property to prevent them from exercising their right against unreasonable seizure

2.  That Plaintiffs were harmed; and

3.  That Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

**Authority:**          CACI 3066

GIVEN:               _____

REFUSED:            _____

MODIFIED:          _____

WITHDRAWN:      _____

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

# FINAL INSTRUCTION NO.

## 5.1 AND 5.2 DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiffs on any of Plaintiffs' claims, you must determine the Plaintiffs' damages.  The Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiffs for any injury you find was caused by the Defendants.  You should consider the following:

In determining the measure of damages, you should consider:

- The nature and extent of the injuries;
- Loss of enjoyment of life;
- The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**Authority:**          9th Cir. Model Instruction No. 5.1 and 5.2.

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

**CASPER, MEADOWS,
SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO.**

If you find for the Plaintiffs, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a Plaintiff.

The Plaintiffs have the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages. You may award punitive damages only if you find that the Defendant Officer Calhoun's conduct that harmed the Plaintiffs was malicious, oppressive or in reckless disregard of the Plaintiffs' rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the Plaintiffs. Conduct is in reckless disregard of the Plaintiffs' rights if, under the circumstances, it reflects complete indifference to the Plaintiffs' safety or rights, or if the Defendants act in the face of a perceived risk that its actions will violate the Plaintiffs' rights under federal law. An act or omission is oppressive if the Defendant Officer Calhoun injured or damaged or otherwise violated the rights of the Plaintiffs with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the Plaintiffs.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct.

You may not, however, set the amount of any punitive damages in order to punish Defendant for harm to anyone other than Plaintiffs.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on Plaintiffs.

//

//

//

//

//

CASPER, MEADOWS, SCHWARTZ & COOK
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*   Case No. 2:13-CV-00320-KJM-KJN   Page 26
JOINT PROPOSED FINAL JURY INSTRUCTIONS

1    Punitive damages may be awarded even if you award Plaintiffs only nominal, and not

2    compensatory, damages.

**Authority:**        9TH CIR. CIV. INST. 5.5 (modified)

GIVEN:              _____

REFUSED:            _____

MODIFIED:           _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN                Page 27
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

**3.1 DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should.  Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Authority:**          9th Cir. Model Instruction No. 3.1

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

**CASPER, MEADOWS,**
**SCHWARTZ & COOK**
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO:**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**Authority:**          9TH CIR. CIV. JURY INSTR. 1.13 & 1.14 (modified)

GIVEN:          _____

REFUSED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

**FINAL INSTRUCTION NO:**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.
>
> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would

//

//

//

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

1   require the entire trial process to start over. If any juror is exposed to any outside information,

2   please notify the court immediately.

23   **Authority:**          9TH CIR. CIV. JURY INSTR.3.1A

25   GIVEN:              _____

26   REFUSED:            _____

27   MODIFIED:           _____

28   WITHDRAWN:          _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131

_Gregory, et al. vs. City of Vallejo, et al._     Case No. 2:13-CV-00320-KJM-KJN            Page 31
JOINT PROPOSED FINAL JURY INSTRUCTIONS

**FINAL INSTRUCTION NO.**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone   including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Authority:**          9TH CIR. CIV. JURY INSTR. 3.2


GIVEN:           _____

REFUSED:        _____

MODIFIED:      _____

WITHDRAWN:   _____

**CASPER, MEADOWS, SCHWARTZ & COOK**
2121 N. California Blvd., Suite 1020
Walnut Creek, CA 94596
TEL: (925) 947-1147
FAX (925) 947-1131

*Gregory, et al. vs. City of Vallejo, et al.*      Case No. 2:13-CV-00320-KJM-KJN          Page 32
JOINT PROPOSED FINAL JURY INSTRUCTIONS

1

**FINAL INSTRUCTION NO.**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Authority:**            9TH CIR. CIV. JURY INSTR.3.3

GIVEN:            _____

REFUSED:            _____

MODIFIED:            _____

WITHDRAWN:            _____

CASPER, MEADOWS,
SCHWARTZ & COOK
2121 N. California Blvd.,
Suite 1020
Walnut Creek, CA  94596
TEL: (925) 947-1147
FAX (925) 947-1131