**CLAUDIA M. QUINTANA**
City Attorney, SBN 178613
**BY: FURAH Z. FARUQUI**
Deputy City Attorney, SBN 233083
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, P.O. Box 3068
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:    (707) 648-4687

Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER,<br><br>            Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50,<br><br>            Defendants. | Case No.  2:13-CV-00320-KJM-KJN<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' ADDITIONAL JURY INSTRUCTIONS**<br><br><br><br>**Judge:**         Hon. Kimberly J. Mueller<br>**Crtrm:**         3, 15th Floor<br>**Trial Date:**   January 26, 2015 |

**FINAL INSTRUCTION NO.**

During the trial you heard testimony from expert witnesses. The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion. As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as basis for your decision. You may believe all, part, or none of an expert's testimony. In deciding whether to believe an expert's testimony, you should consider:

    a.    The expert's training and experience;

    b.    The facts the expert relied on; and

    c.    The reasons for the expert's opinion.

**OBJECTION**

The venue for this case is in Federal Court and a Ninth Circuit model instruction has already been agreed upon by the parties and submitted under the Joint Proposed Final Jury Instructions.

**FINAL INSTRUCTION NO.**

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

**OBJECTION**

The venue for this case is in Federal Court and a Ninth Circuit model instruction has already been agreed upon by the parties and submitted under the Joint Proposed Final Jury Instructions.

**FINAL INSTRUCTION NO.**

It is not necessary to find that Defendant Calhoun had any specific intent to deprive the Plaintiffs of their constitutional rights, or that he acted with malice or ill will in order to find for the Plaintiffs.  The Plaintiffs are entitled to relief if a defendant intended the actions which resulted in a violation of their constitutional rights.

OBJECTION

This is a misstatement of the law, irrelevant as to state tort causes of action.

**FINAL INSTRUCTION NO.**

Chase Calhoun acted with reckless disregard in causing Plaintiffs' emotional distress if:

1. Calhoun knew that emotional distress would probably result from his conduct;

    or

2. Calhoun gave little or no thought to the probable effects of his conduct.

**OBJECTION**

This is a misstatement of the law and irrelevant.

DATED: January 21, 2015              Respectfully submitted,


                                              */s/ Furah Z. Faruqui*
                                             FURAH Z. FARUQUI
                                             Deputy City Attorney
                                             Attorney for Defendant,
                                             CITY OF VALLEJO, ROBERT NICHELINI,
                                             CHASE CALHOUN