1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   ERIKA GREGORY and LOREN                No. 2:13-CV-0320-KJM-KJN
     MOLLNER,
12
                   Plaintiffs,
13                                           ORDER

           v.
14
     CITY OF VALLEJO, former VPD CHIEF
15   ROBERT NICHELINI, VPD OFFICER
     CHASE CALHOUN, et al.,
16
                   Defendants.
17

18          Defendants' *motion in limine* number four is currently pending before the court.

19   (ECF No. 70.)  Plaintiffs oppose the motion (ECF No. 77), and defendants have replied (ECF No.

20   81).  To assist the parties in trial preparation, the court's tentative rulings on the issues raised by

21   this motion follow.

22   I.     Late Responses to Service Calls

23          The court grants defendants' motion to the extent it seeks to exclude evidence of

24   any habit based on Officer Calhoun's past late responses to service calls.  Fed. R. Evid. 406.

25   However, because it is undisputed Officer Calhoun was late in responding to the service call in

26   this case, nothing prevents plaintiffs from arguing their theory of the case, that Calhoun's "state

27   of mind may not have been focused on the call" because he was "rushing to [p]laintiff's residence

28   after ignoring dispatch for over an hour . . . ."  (ECF No. 77 at 8.)

                                                   1

1    The court denies defendants' motion to the extent they argue Calhoun's delayed

2  response is irrelevant.  The reasonableness inquiry in which the jury will engage is an objective

3  one.  *See Brigham City, Utah v. Stuart*, 547 U.S. 398, 404 (2006) ("An action is 'reasonable'

4  under the Fourth Amendment, regardless of the individual officer's state of mind as long as the

5  circumstances, viewed *objectively*, justify [the] action.'" (emphasis and brackets in original)).  At

6  the same time, Officer Calhoun's perceptions of the objective facts are relevant.  *See Rowland v.*

7  *Perry*, 41 F.3d 167, 172–73 (4th Cir. 1994) (in reviewing qualified immunity inquiry, noting an

8  officer's "perceptions of the objective facts of the incident in question" are relevant).  Officer

9  Calhoun's late response is relevant to his perceptions of the facts in question because the delay

10  may have affected those perceptions.  Although a jury will have to make several inferences to get

11  from any evidence of the late response to the consequential fact of an unfocused mind, the

12  relevance standard is low and the judge's role is limited in applying it.  Once properly instructed,

13  it will be the jury's province to weigh the evidence and decide which side's theory of the case to

14  believe.

15  II.    Evidence of Termination/Circumstances Surrounding Termination

16        A.    Cross-Examination

17        The court grants defendants' motion to the extent plaintiffs seek to cross-examine

18  Officer Calhoun to elicit details of the sexual misconduct underlying his termination because

19  those details are not relevant to the issues at trial and have a high likelihood of confusing the

20  issues.  *See* Fed. R. Evid. 401, 404.  Plaintiffs, however, are not prohibited from asking Officer

21  Calhoun questions probing his truthfulness in connection with his employment, given that his

22  credibility will be critical to the jury's determination of the case.  *See* Fed. R. Evid. 608(b); *Nat'l*

23  *Mgmt. Servs., Inc. v. Qwest Dex, Inc.,* 219 F. App'x 658, 659-60 (9th Cir. 2007) (affirming district

24  court's permitting cross-examination of witness about acts underlying his bar disciplinary

25  proceedings but excluding nature of the proceedings, the entities involved, and the penalties

26  imposed); *Lewy v. S. Pac. Transp. Co.*, 799 F.2d 1281, 1299 (9th Cir. 1986) (Rule 608(b) allows

27  cross-examination on specific instances of conduct "that would be probative on the issue of []

28  credibility," but "the rule expressly authorizes courts to limit such questioning 'in [their]

1    discretion.'" ); *Stringer v. City of San Pablo*, No. C 07-3544 CW (MEJ), 2009 WL 302616, at *2

2    (N.D. Cal. Feb. 6, 2009) ("a specific act of misconduct, offered to attack the witness' character for

3    truthfulness, can be elicited only on cross-examination of the witness").

4            B.      Impeachment

5            The court denies defendants' motion to the extent plaintiffs seek to use extrinsic

6    evidence for purposes of impeachment by prior inconsistent statements under Federal Rule of

7    Evidence 608.  Courts may admit extrinsic evidence to impeach a witness if the evidence goes to

8    witness's credibility.  *Smith v. California*, 350 F. App'x 178, 180 (9th Cir. 2009) (not abuse of

9    discretion to admit witness's inmate status reports because they were not being introduced to

10   prove the truth of the matter asserted but rather to impeach witness's prior testimony that he was

11   not a disruptive inmate); *Ellis v. Navarro,* No. C 07-5126 SBA PR, 2012 WL 3580284, at *7

12   (N.D. Cal. Aug. 17, 2012) ("the admissibility of extrinsic evidence offered 'for other grounds of

13   impeachment (such as contradiction, prior inconsistent statement, bias and mental capacity)' is

14   governed by Rules 402 and 403").  If extrinsic evidence contradicts Officer Calhoun's testimony,

15   plaintiffs may use it for the sole purpose of impeachment.

16           C.      Reputation/Opinion

17           The court denies defendant's motion to the extent plaintiffs seek to offer opinion

18   or reputation evidence of Officer Calhoun's character for truthfulness.  "A witness's credibility

19   may be attacked or supported by testimony about the witness's reputation for having a character

20   for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character."

21   Fed. R. Evid. 608(a).  If plaintiffs can establish an adequate foundation for a witness's knowledge

22   of Officer Calhoun's truthfulness or untruthfulness, that evidence is admissible under Rule

23   608(a).  *See United States v. Holt*, 486 F.3d 997, 1002 (7th Cir. 2007) (noting, while it is within

24   the trial court's discretion to prohibit cross-examination of a police officer as to whether he had

25   been suspended to call into question his credibility, plaintiff "could have used Rule 608(a) and

26   called a member of the department to testify directly about his opinions or reputation of [the

27   credibility of the officer]."). Though a criminal case, the evidentiary principles in *Holt* have been

28   applied in the civil context.  *See Junkert v. Massey*, No. 06-3243, 2009 WL 1161654, at *4 (C.D.

1   Ill. Apr. 24, 2009) (citing *Holt* with approval); *Maples v. Vollmer*, No. CIV 12-0294 JB/RHS,

2   2013 WL 1677104, at *10 (D.N.M. Mar. 31, 2013) (citing *Holt* with approval in a §1983 case).

3           However, Rule 608(a) may not be used as a vehicle for admitting specific bad acts.

4   No witness may testify about the reasons for Officer Calhoun's termination, to the extent they

5   qualify as specific acts governed by Rule 608(b).  *See Martin v. Jones,* No. 09 C 1690, 2013 WL

6   3754017, at *6 (N.D. Ill. July 16, 2013)  ("The limitations in [Rule 608(a)] to opinion and

7   reputation evidence mean that a character witness cannot be used as a subterfuge for getting

8   specific acts of untruthfulness in front of the jury.") (internal citations omitted); *Behler v. Hanlon*,

9   199 F.R.D. 553, 559 (D. Md. 2001) ("On direct examination, the character witness may give the

10   basis for the opinion or reputation testimony, but may not testify as to specific acts.").

11           These tentative rulings assume that testimony does not open the door to allow

12   questions they otherwise preclude.  The court anticipates providing the jury with limiting

13   instructions consistent with these rulings.

14           As the parties have been advised previously, each ruling on a motion in limine is

15   made without prejudice and is subject to proper renewal, in whole or in part, during trial.  If a

16   party wishes to contest a pretrial ruling, it must do so through a proper motion or objection, or

17   otherwise forfeit appeal on such grounds.  *See* Fed. R. Evid. 103(a); *Tennison v. Circus Circus*

18   *Enters., Inc.,* 244 F.3d 684, 689 (9th Cir. 2001) ("Where a district court makes a tentative in

19   limine ruling excluding evidence, the exclusion of that evidence may only be challenged on

20   appeal if the aggrieved party attempts to offer such evidence at trial.") (alteration, citation and

21   quotation omitted).

22           IT IS SO ORDERED.

23   DATED:  January 22, 2015.

24   
25                                    UNITED STATES DISTRICT JUDGE

26   
27   
28   

4