UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY, et al., | No.  2:13-CV-0320 KJM KJN |
| Plaintiffs, | |
| v. | FINAL JURY INSTRUCTIONS |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

DATED:  January 29, 2015.

_____
UNITED STATES DISTRICT JUDGE

1

**FINAL INSTRUCTION NO. 1**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the parties, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. You, and you alone, are the judges of the facts. You must decide what the facts are and then apply those facts to the law which I will give to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**FINAL INSTRUCTION NO. 2**

You are the sole judges of the evidence in this case and it is up to you to evaluate the witnesses and other evidence.  You are to perform this duty without bias, sympathy, prejudice, or what you think public opinion might be.  You must impartially consider all the evidence in the case, following the law as stated in these instructions.

**FINAL INSTRUCTION NO. 3**

All parties stand equal before the law, and are to be dealt with as equals in a court of justice.

**FINAL INSTRUCTION NO. 4**

You should not necessarily decide any issue of fact in favor of the side that brought more witnesses or evidence at trial.

The test is which evidence convinces you because it is most believable.

In deciding contested issues, you should keep in mind who has the burden of proof on that issue.

**FINAL INSTRUCTION NO. 5**

The evidence in this case consists of the sworn testimony of the witnesses and all exhibits received into evidence.  In reaching your verdict, you may consider only the testimony and exhibits received into evidence.

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)  Arguments and statements by counsel are not evidence.  The parties' attorneys are not witnesses.  What the attorneys have said in their opening statements, or in their closing arguments and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way they have stated them, your memory of them controls.

(2)  Questions and objections by counsel are not evidence.  You should not be influenced by an objection or by the court's ruling on it.

(3)  Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4)  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

6

**FINAL INSTRUCTION NO. 6**

There are two kinds of evidence, direct and circumstantial.  A witness testifying to having actual knowledge of a fact and documents received in evidence constitute direct evidence.  Circumstantial evidence is a chain of evidence from which you could find that another fact exists, even though no one directly testified as to that fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.

Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

How much you believe evidence should not depend on whether it is direct or circumstantial, but on whether the evidence is trustworthy and reliable.  For that reason, you may find a fact has been proven by circumstantial evidence if that conclusion seems reasonable to you.

**FINAL INSTRUCTION NO. 7**

In deciding what the facts are, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account any number of factors, which may include the following:

1.  Was the witness able to see, hear or know the things about which the witness testified?

2.  How good is the witness's memory and is the witness able to testify clearly?

3.  Was the witness's manner while testifying straightforward and convincing, or evasive and unconvincing?

4.  Did the witness have an interest in the outcome of the case or any bias or prejudice concerning anyone or anything that mattered in the case, and if so, did that interest or bias affect the testimony?

5.  How reasonable was the witness's testimony when you consider it in light of all the other evidence in the case?

6.  Was the witness's testimony contradicted by what that witness said or did at another time, whether those statements are presented through live testimony or contained in documents introduced into evidence or by the testimony of other believable witnesses or evidence?

7.  Are there any other factors that bear on believability?

In deciding whether or not to believe a witness, remember that people sometimes forget things or sometimes get confused.

Also remember that the weight of evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**FINAL INSTRUCTION NO. 8**

Two witnesses, because of education or experience, were permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9

**FINAL INSTRUCTION NO. 9**

Several lay witnesses testified about their opinions during the trial.  You may, but are not required, to accept those opinions.  You may give any opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion.  You must decide whether information on which the witness relied was true and accurate.  You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

**FINAL INSTRUCTION NO. 10**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury by calling a recess.  Please understand that while you were waiting, we were working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum.  I did not always grant a party's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**FINAL INSTRUCTION NO. 11**

In general, the party having the burden of proof on an issue must prove it by a "preponderance of the evidence."  Plaintiffs have the burden of proof on their claims.  Defendants have the burden of proof on their affirmative defense.

Proof by a preponderance of the evidence means the evidence is more convincing and more probably true than not.  If the evidence as to any issue is evenly balanced, your finding upon that issue must be against the party who has the burden of proving it.

In determining whether an issue has been proved by a preponderance of the evidence, you should consider all the evidence having to do with that issue regardless of who produced it.

I will instruct you about the burden of proof in connection with the specific claims and affirmative defenses.

**FINAL INSTRUCTION NO. 12**

In this case, plaintiffs are Erika Gregory and Loren Mollner.  Defendants are Chase Calhoun and the City of Vallejo.  Plaintiffs have brought several different legal claims against defendants.

Each of plaintiffs' claims is entitled to your separate consideration.  That is, you must decide independently as to each claim whether plaintiffs are entitled to recover and, if so, the amount.

That plaintiffs may be entitled to your verdict on one claim does not mean that they are necessarily entitled to recover on another claim.

On the other hand, that plaintiffs do not gain a verdict on one claim does not prevent your awarding a verdict on another claim.

**FINAL INSTRUCTION NO. 13**

The City of Vallejo is responsible for harm caused by the wrongful conduct of its employees and agents while acting within the scope of their employment.  You are instructed defendant Chase Calhoun was an employee and agent of the City of Vallejo and was acting within the scope of his employment during all relevant times.

**FINAL INSTRUCTION NO. 14**

In this civil suit, plaintiffs bring four claims.  These claims are for:

1.   Unlawful seizure in violation of the Fourth Amendment of the United States Constitution;

2.   Conversion under California law;

3.   Intentional infliction of emotional distress under California law; and

4.   Violation of California Civil Code section 52.1, the Bane Act.

These claims are described in the following instructions.  Each claim involves a distinct set of elements.  Although the claims may have some elements in common, you should consider each claim individually.  Plaintiffs can succeed on any one claim only if they prove all of the elements of that claim.

The following instructions set forth the elements that plaintiffs must meet under each claim.

15

**FINAL INSTRUCTION NO. 15**

**FOURTH AMENDMENT—UNLAWFUL SEIZURE**

Plaintiffs bring their first claim against Chase Calhoun under the federal statute, 42 U.S.C. § 1983, which provides that any person or person who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

This instruction and Final Instruction Nos. 16–19 apply to this claim.

**FINAL INSTRUCTION NO. 16**

To prevail on their first claim, against defendant Chase Calhoun, plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1.  Chase Calhoun acted under color of law; and

    2.  Chase Calhoun's acts deprived plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that Chase Calhoun acted under color of law.  Therefore, you must accept 1 as proven.

If you find plaintiffs have proved each of these elements, and if you find that plaintiffs have proved all the elements they are required to prove under Final Instruction No. 18, your verdict on this claim should be for plaintiffs.  If, on the other hand, plaintiffs have failed to prove any one or more of these elements, your verdict should be for defendant Chase Calhoun.

17

1

**FINAL INSTRUCTION NO. 17**

2          In order to establish that the act of defendant Chase Calhoun deprived plaintiffs of their

3   particular rights under the United States Constitution as explained in later instructions, plaintiffs

4   must prove by a preponderance of the evidence that the act was so closely related to the

5   deprivation of plaintiffs' rights as to be the moving force that caused the ultimate injury.

# FINAL INSTRUCTION NO. 18

As previously explained, plaintiffs have the burden to prove that the acts of defendant Chase Calhoun deprived plaintiffs of particular rights under the United States Constitution.  In this case, plaintiffs allege Chase Calhoun deprived them of their right under the Fourth Amendment to the United States Constitution when he shot and killed their dog Belle.

Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his/her property.  To prove defendant Chase Calhoun deprived plaintiffs of this Fourth Amendment right, plaintiffs must prove the following additional elements by a preponderance of the evidence:

1.   Defendant Chase Calhoun seized plaintiffs' property;

2.   In seizing plaintiffs' property, defendant Chase Calhoun acted intentionally; and

3.   The seizure was unreasonable.

A person "seizes" the property of plaintiffs when the person takes possession of or controls the property in a manner that meaningfully interferes with plaintiffs' right to possess the property.  The killing of a dog is a destruction recognized as a seizure under the Fourth Amendment.  Therefore, you must accept 1 as proven.

A person acts "intentionally" when the person acts with a conscious objective to engage in particular conduct.  Thus, plaintiffs must prove defendant Chase Calhoun meant to engage in the acts that caused a seizure of plaintiffs' property.  Although plaintiffs do not need to prove defendant intended to violate plaintiffs' Fourth Amendment right, it is not enough if plaintiffs only prove defendant acted negligently, accidentally, or inadvertently in effecting the seizure.

Plaintiffs must prove that defendant Chase Calhoun's shooting and killing of plaintiffs' dog was unreasonable under the circumstances.  The seizure's reasonableness is determined by looking at the totality of the circumstances and asking whether the destruction of property was reasonably necessary to effectuate the performance of the law enforcement officer's duties.

**FINAL INSTRUCTION NO. 19**

Under the Fourth Amendment, a police officer may only use such force to effect a particular seizure as is objectively reasonable under all of the circumstances.  In other words, you must judge the reasonableness of a particular seizure from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.  A seizure is unreasonable when it is more intrusive than necessary.

**FINAL INSTRUCTION NO. 20**

**CONVERSION**

Plaintiffs also claim that defendant Chase Calhoun wrongfully exercised control over their personal property.  To establish this claim of conversion, plaintiffs must prove all of the following:

1. That plaintiffs owned their dog, Belle;

2. That defendant Chase Calhoun intentionally and substantially interfered with plaintiffs' property by killing Belle;

3. That plaintiffs did not consent;

4. That plaintiffs were harmed; and

5. That defendant Chase Calhoun's conduct was a substantial factor in causing plaintiffs' harm.

The parties agree that 1 and 3 are established.  Therefore, you should accept 1 and 3 as proven.

If you find plaintiffs have proved each of the remaining elements, your verdict on this claim should be for plaintiffs.  If, on the other hand, you find plaintiffs have failed to prove any one or more of the remaining elements, or that defendants have met their burden of proving their affirmative defense as instructed in Final Instruction No. 21, your verdict on this claim should be for defendant Chase Calhoun.

1

**FINAL INSTRUCTION NO. 21**

2       With respect to plaintiffs' claim for conversion only, defendant Chase Calhoun claims he

3   was acting in self-defense.  To succeed, defendant Chase Calhoun must prove both of the

4   following:

5           1.   That defendant Chase Calhoun reasonably believed that Belle was going to harm him;

6               and

7           2.   That defendant Chase Calhoun used only the amount of force that was reasonably

8               necessary to protect himself.

9       When a party has the burden of proof on an affirmative defense by a preponderance of the

10  evidence, it means you must be persuaded by the evidence that the affirmative defense is more

11  probably true than not true.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# FINAL INSTRUCTION NO. 22

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Plaintiffs claim defendant Chase Calhoun's conduct caused them to suffer severe emotional distress.  To establish this claim, plaintiffs must prove all of the following:

1. That defendant Chase Calhoun's conduct was outrageous;

2. That defendant Chase Calhoun acted with reckless disregard of the probability that plaintiffs would suffer emotional distress

3. That plaintiffs suffered severe emotional distress; and

4. That defendant Chase Calhoun's conduct was a substantial factor in causing plaintiffs severe emotional distress.

Definitions of certain words or phrases above are contained in Final Instruction Nos. 23–25.

If you find plaintiffs have proved each of these elements, your verdict on this claim should be for plaintiffs.  If, on the other hand, you find plaintiffs have failed to prove any one or more of these elements, your verdict on this claim should be for defendant Chase Calhoun.

**FINAL INSTRUCTION NO. 23**

"Outrageous conduct" is conduct so extreme that it goes beyond all possible bounds of decency.  Conduct is outrageous if a reasonable person would regard the conduct as intolerable in a civilized community. Outrageous conduct does not include trivialities such as indignities, annoyances, hurt feelings, or bad manners that a reasonable person is expected to endure.

In deciding whether defendant Chase Calhoun's conduct was outrageous, you may consider, among other factors, the following:

(a) Whether defendant Chase Calhoun abused a position of authority or a relationship that gave him real or apparent power to affect plaintiffs' interests;

(b) Whether defendant Chase Calhoun knew that plaintiffs were particularly vulnerable to emotional distress; and

(c) Whether defendant Chase Calhoun knew that his conduct would likely result in harm due to mental distress.

**FINAL INSTRUCTION NO. 24**

Defendant Chase Calhoun acted with reckless disregard in causing plaintiffs emotional distress if:

1. Defendant Chase Calhoun knew that emotional distress would probably result from his conduct; or

2. Defendant Chase Calhoun gave little or no thought to the probable effects of his conduct.

25

**FINAL INSTRUCTION NO. 25**

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

"Severe emotional distress" is not mild or brief; it must be so substantial or long lasting that no reasonable person in a civilized society should be expected to bear it.  Plaintiffs are not required to prove physical injury to recover damages for severe emotional distress.

**FINAL INSTRUCTION NO. 26**

**CALIFORNIA CIVIL CODE SECTION 52.1—THE BANE ACT**

Plaintiffs also claim that defendant Chase Calhoun intentionally interfered with their civil rights by threats, intimidation, or coercion.  To establish this claim, plaintiffs must prove all of the following:

1.   That defendant Chase Calhoun acted violently against plaintiffs' property to prevent them from exercising their rights against unreasonable seizure;

2.   That plaintiffs were harmed; and

3.   That defendant Chase Calhoun's conduct was a substantial factor in causing plaintiffs' harm.

If you find plaintiffs have proved each of these elements, your verdict on this claim should be for plaintiffs.  If, on the other hand, you find plaintiffs have failed to prove any one or more of these elements, your verdict on this claim should be for defendant Chase Calhoun.

27

**FINAL INSTRUCTION NO. 27**

After instructing you about plaintiffs' claims, it is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for plaintiffs, you must determine the plaintiffs' damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate plaintiffs for any injury or loss you find was caused by defendants.  You should consider the following:

1.  The nature and extent of any injuries;

2.  Any loss of enjoyment of life experienced;

3. Any disability experienced; and

4.  Any mental, physical, and emotional pain and suffering experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

**FINAL INSTRUCTION NO. 28**

The law which applies to this case authorizes an award of nominal damages.  If you find for the plaintiffs but you find that the plaintiffs have failed to prove damages as defined in these instructions, you may award nominal damages.  Nominal damages may not exceed one dollar.

1

**FINAL INSTRUCTION NO. 29**

2    If you find for plaintiffs, you may, but are not required to, award punitive damages. The

3   purposes of punitive damages are to punish a defendant and to deter similar acts in the future.

4   Punitive damages may not be awarded to compensate a plaintiff.

5    Plaintiffs have the burden of proving by a preponderance of the evidence that punitive

6   damages should be awarded, and, if so, the amount of any such damages.

7    You may award punitive damages only if you find that defendants' conduct that harmed

8   plaintiffs was malicious, oppressive or in reckless disregard of plaintiffs' rights.  Conduct is

9   malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring plaintiffs.

10   Conduct is in reckless disregard of plaintiffs' rights if, under the circumstances, it reflects

11   complete indifference to plaintiffs' safety or rights, or if defendants act in the face of a perceived

12   risk that their actions will violate plaintiffs' rights under federal law.  An act or omission is

13   oppressive if defendants injure or damage or otherwise violate the rights of plaintiffs with

14   unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the

15   taking advantage of some weakness or disability or misfortune of plaintiffs.

16    If you find that punitive damages are appropriate, you must use reason in setting the

17   amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but

18   should not reflect bias, prejudice or sympathy toward any party.  In considering the amount of

19   any punitive damages, consider the degree of reprehensibility of defendants' conduct.

20    You may not, however, set the amount of any punitive damages in order to punish a

21   defendant for harm to anyone other than plaintiffs.

22    In addition, you may consider the relationship of any award of punitive damages to any

23   actual harm inflicted on plaintiffs.

24    Punitive damages may be awarded even if you award plaintiffs only nominal, and not

25   compensatory, damages.

26

27

28

**FINAL INSTRUCTION NO. 30**

During deliberations, you will have to make your decision based on what you recall of the evidence.  You will not have a transcript of the trial.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

# FINAL INSTRUCTION NO. 31

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**FINAL INSTRUCTION NO. 32**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

>　　　　Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

>　　　　Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**FINAL INSTRUCTION NO. 33**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**FINAL INSTRUCTION NO. 34**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.