1  **CLAUDIA M. QUINTANA**
   City Attorney, SBN 178613
2  **BY:  FURAH Z. FARUQUI**
   Deputy City Attorney, SBN 233083
3  **CITY OF VALLEJO**, City Hall
   555 Santa Clara Street, P.O. Box 3068
4  Vallejo, CA  94590
   Tel:    (707) 648-4545
5  Fax:    (707) 648-4687
6
7  Attorneys for Defendants, CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| ERIKA GREGORY and LOREN MOLLNER, | Case No.  2:13-CV-00320-KJM-KJN |
| Plaintiffs, | **REQUEST TO SEAL TRIAL TRANSCRIPT TESTIMONY OF WITNESS SARAH ELMOSSALAMY ON JANUARY 27, 2015, SECOND DAY OF TRIAL** |
| v. | |
| CITY OF VALLEJO; former VPD CHIEF ROBERT NICHELINI, individually and in his official capacity; VPD OFFICER CHASE CALHOUN, individually; and DOES 1 through 50, | |
| Defendants. | |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Pursuant to Local Rules 141 and 140, respectively, Defendant CHASE CALHOUN moves the Court to seal the trial testimony of Witness Sarah Elmossalamy on day 2 of trial (January 27, 2015.) Her testimony references a termination which was contained in internal affairs documents and had been designated confidential by the City pursuant to a protective order. The testimony is extremely prejudicial to Defendant Calhoun.

Case No. 2:13-CV-00320-KJM-KJN                         REQUEST TO SEAL
                                                      DOCUMENTS AND TO
                                                      FILE REDACTED
                                                      DOCUMENTS

-1-

Specifically, Defendant Chase Calhoun seeks to seal the Witness testimony of Sarah Elmossalamy, including all Plaintiffs' counsel presentations and Defense cross-examination.

## I. LEGAL AUTHORITY

At trial, Ms. Elmossalamy testified as to confidential information contained in Officer Calhoun's personnel file. Specifically, these documents relate to personnel records of Defendant Chase Calhoun.

Vallejo Police Officers have a reasonable expectation of privacy of information contained in their personnel files, including performance evaluations, training history, medical information, personal identifying information, and internal affair documents pursuant to California law including but not limited to Penal Code § 832.7. Police officers have a privacy interest in protecting such testimony and documents from disclosure. The Constitution of the State of California guarantees certain rights to privacy that would be impugned by public disclosure.

The confidentiality of Internal Affairs materials is maintained so that investigators and reviewers may openly discuss and when appropriate, criticize officers and/or suggest ways of improvement without fear of civil liability. Public filing of these records would chill that interest and remove the protections for officers to be candid in order to improve the department.

Other statutes protecting Internal Affairs materials from public disclosure are Cal. Gov. Code § 6254 and Cal. Evid. Code § 1043.

The following categories of people are suggested to be granted access to the sealed trial testimony:

    a.     Counsel for the parties to this action.

    b.     Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a);

    c.     The Judge and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;

Case No. 2:13-CV-00320-KJM-KJN                                                                     **REQUEST TO SEAL DOCUMENTS AND TO FILE REDACTED DOCUMENTS**

-2-

    d.    Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party;

    e.    Witnesses who may have the documents disclosed to them during deposition proceedings or during trial; and

    f.    Parties to this action.

## II. CONCLUSION

In light of the privacy interests and California statutes governing protection of police officers' personnel records, Defendants request that the court seal the trial transcript of Sarah Elmossalamy.

Defendant Calhoun would be substantially prejudiced if the court does not grant this request and motion and allows public access to this confidential and privileged material. Thus the court should also seal Ms. Elmosalammy's witness presentations in accordance with case law, what is equitable and to meet the needs of justice.

DATED: May 20, 2015                      Respectfully submitted,

/s/ *Furah Z. Faruqui*
FURAH Z. FARUQUI
Deputy City Attorney
Attorney for Defendants,
CITY OF VALLEJO, ROBERT NICHELINI, CHASE CALHOUN