UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIKA GREGORY, et al., | No. 2:13-cv-00320-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| CITY OF VALLEJO, et al., | |
| Defendants. | |

This matter is before the court on defendant Chase Calhoun's unopposed motion to seal trial transcript of Sarah Elmossalamy's testimony. (ECF No. 117.) "In light of the privacy interests and California statutes governing protection of police officers' personnel records, Defendants request that the court seal the trial transcript of Sarah Elmossalamy." (*Id.* at 3.) As explained below, the court DENIES the motion.

DISCUSSION

The Local Rules of the Eastern District of California provide that "[d]ocuments may be sealed only by written order of the Court." L.R. 141(a). A request to seal "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." *Id.* 141(b).

1    There is a strong presumption in favor of public access to court records.  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  More specifically in the context of a trial, "there is a strong presumption that material introduced into evidence at trial should be made reasonably accessible in a manner suitable for copying and broader dissemination."  *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981).

In addition, with respect to materials used at trial, "it is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'"  *Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) (quoting *Nat'l Polymer Products, Inc. v. Borg-Warner Corp.*, 641 F.2d 418, 421 (6th Cir. 1981)); *Biovail Labs., Inc. v. Anchen Pharm., Inc.*, 463 F. Supp. 2d 1073, 1081 (C.D. Cal. 2006).

Here, defendant Calhoun's request to seal is denied for two independent reasons.  First, Calhoun has not met his burden of overcoming the strong presumption of public access, particularly in the trial context.  No evidence in the record shows disclosure will work clearly defined injury to Calhoun, and defendant's referencing only potential injury lacks specificity.  Broad allegations of harm cannot overcome the strong presumption in favor of public access.  *See Mosaid Technologies Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507–08 (D. Del. 2012).

Moreover, defendant has waived any rights he might have had to restrict the use of Sarah Elmossalamy's testimony.  More colloquially, that horse long ago left the barn.  During trial, defendant's counsel herself cross-examined Sarah Elmossalamy vigorously and elicited the information she now attempts to screen from public view.  At no time did she move to strike or otherwise restrict the use of the testimony covered by her motion.

Defendant's request is DENIED.

IT IS SO ORDERED.

DATE: July 27, 2015.

_____
UNITED STATES DISTRICT JUDGE

2